UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
                                                )
ESTATE OF ALKIVIADES MEIMARIS, and              )
HELEN MEIMARIS                                  )      1:18-cv-4363-(GBD)-(BCM)
                                                )
                                                )
                Plaintiffs,                     )
                                                )
        -against-                               )
                                                )
                                                )
JOSEPH E. ROYCE, LAWRENCE A. BLATTE,            )
TULIO PRIETO, JAIME LEROUX,                     )
TBS Shipping Services, Inc., and Guardian       )
Navigation Services Inc.,                       )
                Defendants,                     )
_____X

## REPLY TO COMPANY DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT AND DEMAND FOR JURY TRIAL PURSUANT TO F.R.C.P. 15(a)(2)

Plaintiffs first commenced this case in New York State Supreme Court, New York County, but discontinued the action in the realization that Federal Court is the more appropriate venue for this case as the amount in controversy is well over the $75,000.00 threshold and there is total diversity.  Therefore, this is only Plaintiffs' Third Pleading.

Defendants contend that Plaintiffs failed to plead a claim against the Company Defendants.  This is a falsity.  The claims regarding TBS Commercial Group are directly related to the Defendant companies, as Defendant Companies own/owned the companies which comprised TBS Commercial Group.  Further, the Company, TBS Shipping Services Inc. emerged out of the "prepackaged" bankruptcy reorganization of TBS International, in which a

percent of the new company, TBS Shipping Services Inc. was given to individual Defendants, thereby pushing Plaintiff, Captain Meimaris, who was a founding partner out of the the new Company.  In light of the foregoing, the Company Defendants are at the crux of this case.

Contrary to Defendants' contentions, Plaintiffs did not strategically add Guardian Navigation Services Inc. ("Guardian")  to coerce a quick settlement.  It was the only logical move Plaintiffs could make, as TBS Shipping Services Inc. was renamed Guardian Navigation Services Inc. on or about May 17, 2018.  As such, "Guardian" is a necessary party to this suit. Defendants therefore are ultimately incorrect as to the impetus behind adding "Guardian" and should not purport to assume what Plaintiffs' intent was or is.  Defendants should focus on trying to defend their position without trying to divert the  Court's attention with  manufactured nonsense.

Defendant also discuss the claims against the other Defendants as time barred.  Apart from the fact that Defendants are patently incorrect, the Company Defendants should not be commenting as to the viability of the claims of the other Defendants, they should be focusing on their own defense.  Again, they are attempting to divert the Court's attention.

Further, Defendants are well aware that Plaintiffs' claims are not time barred.  Plaintiffs' are well within the statute of limitations with regard to all of their claims as the statute of limitations is six (6) years under C.P.L.R. §213(8).   Events regarding Plaintiffs' claims against Company Defendants took place from 2012 to the present.  Most recently, with Defendant Companies dissolving some or all of the Companies which comprised TBS Commercial Group, after Plaintiffs filed this suit, in anticipation and attempt to further deprive Plaintiffs of their

rightful ownership in the Companies.

Also, this is a case of continuous wrongdoing, as well bringing Plaintiffs within the statute of limitations period.  Under the "continuous wrong doctrine" the limitations period is tolled to the commission of the last wrongful act. *Nuss v. Salad, 2016 U.S. Dist. LEXIS 98529, at *28-29 (N.D.N.Y. July 28, 2016, No. 7:10-cv-0279.*  In New York, the Courts have applied this doctrine to cases of fraud.  *Tiberiv. CIGNA Corp.89 F3rd 1423 (10th Cir 1996), Merine ex. Rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund.m859 F.Supp 715, 725 (S.D.N.Y. 1994).*  Under this doctrine, Plaintiffs are also well within the statute of limitations period.

Finally while Defendants state that they do not oppose Plaintiffs motion, they have absolutely no authority to seek a ruling that would deprive Plaintiffs from making any further amendments.  Complaints have been Amended as many as ten (10) times.  This is at the discretion of the Court and would depend on future developments of the facts, not a whimsical request by Defendants.

F.R.C.P. 15 (a)(2) reads "*2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires*".

 F.R.C.P. 15 (b) provides for amendments during and after trial.  Hence, Defendants' request of the Court, purports to deprive Plaintiffs of their rights to amend, under F.R.C.P 15, should be denied.

Finally, Defendants did not move to respond to Plaintiffs to resolve this matter only because Defendants themselves requested more time to respond to Plaintiffs Complaint .  In fact, Defendants tried to make a "deal" with Plaintiffs.  Defendants told Plaintiffs that they

would consent to the filing of the Third Amended Complaint if Plaintiffs gave them longer to respond. Therefore, Defendants' contentions are once again false. They are purposely misleading the Court into believing that Plaintiffs are to blame for their lack of response, when it has been Defendants' choice to not to respond.

For the reasons set forth above, Plaintiffs respectfully request that the Court reject Company Defendants' arguments as frivolous, and grant Plaintiffs' motion to amend.

Dated: New York, New York
July 18, 2018

                                        Respectfully,

                                        ALKISTIS G. MEIMARIS, ESQ.

                                        /s/ Alkistis G. Meimaris
                                        Alkistis G. Meimaris

                                        240 Fifth Avenue, M250
                                        New York, New York.  10001
                                        (201) 615-3220
                                        *Attorneys for Plaintiffs*