UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ESTATE OF ALKIVIADES MEIMARIS and
HELEN MEIMARIS,

                  Plaintiffs,

    -against-

JOSEPH E. ROYCE, LAWRENCE A. BLATTE,
TULIO PRIETO, JAMIE LEROUX, TBS
SHIPPING SERVICES INC., and GUARDIAN
NAVIGATION,

                  Defendants.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 2 2018

MEMORANDUM DECISION
AND ORDER

18 Civ. 4363 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this action against Defendants Joseph Royce, Lawrence Blatt, Tulio Prieto, Jamie Leroux, TBS Shipping Services, Inc., and Guardian Navigation, asserting claims for fraud and breach of fiduciary duty. For the reasons set forth below, this Court DENIES Defendants Joseph Royce and Lawrence Blatte's motion to transfer this action to the White Plains Division (June 25, 2018 Letter Motion, ECF No. 33); GRANTS Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC") (July 12, 2018 Mot. to Amend, ECF No. 47); DENIES Plaintiffs' earlier motion seeking the same relief as moot (July 4, 2018 Mot. to Amend, ECF No. 41); and DENIES Defendant Tulio Prieto's motion to dismiss the Second Amended Complaint ("SAC") (Prieto Mot. to Dismiss, ECF No. 39) as moot, without prejudice to his right to file a motion to dismiss the TAC.

Defendants shall respond to the TAC no later than October 1, 2018.

I. BACKGROUND

Plaintiffs in this action, as currently pled, are the Estate of Alkiviades Meimaris and Alkiviades' widow, Helen Meimaris. On April 3, 2018, Plaintiffs filed a complaint in New York

State Supreme Court, New York County, against Joseph Royce, Lawrence Blatte, Tulio Prieto, Jaime Leroux, and TBS Shipping Services, Inc. ("TBS Shipping"), asserting claims for fraud and breach of fiduciary duty. (State Compl., ECF No. 33-1, at 2.) On April 13, 2018, Plaintiffs filed an Amended Complaint against the same defendants. (State Compl. at 20.) On May 14, 2018, Plaintiffs discontinued their state court action. (June 25, 2018 Letter Motion at 1–2; *see also* Aff. of Alkistis Meimaris ("Alkistis Aff."), ECF No. 35, ¶ 3.)

On May 17, 2018, Plaintiffs filed this action, invoking this Court's diversity jurisdiction and asserting substantially the same claims asserted against the same defendants as they had in state court. (ECF No. 1.) On May 21, 2018, Plaintiffs filed an Amended Complaint, adding Guardian Navigation as a sixth defendant. (ECF No. 6.) On June 1, 2018, in violation of the Federal Rule of Civil Procedure ("FRCP") 15(a), Plaintiffs filed the SAC, again asserting claims for fraud and breach of fiduciary against all six Defendants. (SAC, ECF No. 25)

Plaintiffs' claims arise out of an alleged scheme to squeeze Alkiviades out of his 10% ownership stake in a privately-held company called TBS Commercial Group ("TBS Commercial") and his Class A and Class B shares in a NASDAQ-listed affiliate that Plaintiffs call TBS Shipping International ("TBS International"), all in connection with TBS International's "prepackaged" Chapter 11 bankruptcy reorganization. (*See id.* ¶ 13 (Alkiviades "was squeezed out of his interests in TBS International and TBS Commercial Group by his friends and partners.").) The scheme was allegedly carried out in 2011 and 2012. (*See id.* ¶¶ 6–13.) The bankruptcy case was filed in this District on February 6, 2012, and was resolved on March 28, 2012, when the Bankruptcy Court

confirmed the debtors' plan of reorganization, leaving defendant TBS Shipping and its subsidiaries as the reorganized debtors.[1]

Alkiviades passed away on December 7, 2013. (*Id.* ¶ 59). Prior to his death, Alkiviades discovered the fraud and prepared an "affidavit outlining what Defendants had done." (*Id.* ¶ 16.) His daughter Alkistis Meimaris, who now serves as Plaintiffs' counsel, prepared a parallel affidavit. (*Id.*)

By letter dated June 25, 2018, Defendants requested that this action be reassigned to the White Plains Division, noting that many of the underlying events occurred in Westchester County, where the TBS entities were headquartered and where the bankruptcy was litigated, and that three of the original defendants, including TBS Shipping, reside in Westchester County.[2] (June 25, 2018 Letter Motion.) Plaintiffs opposed the request, arguing that the "overwhelming majority" of the events underlying their claims occurred in Manhattan or in New Jersey, where Alkiviades and Helen lived before his death and where Helen continues to reside. (Alkistis Aff. ¶ 4.) Plaintiffs also argue that it would be more convenient for Helen (now 86 years old) to travel to the Manhattan courthouse by ferry and taxi than to "be stuck in a car in traffic trying to cross the George Washington Bridge" in order to get to the White Plains courthouse. (Alkistis Aff. ¶ 13.)

On July 3, 2018, Defendant Prieto moved to dismiss the SAC pursuant to FRCP 12(b)(6). (Prieto Mot. to Dismiss.) The following day, Plaintiffs filed a motion pursuant to FRCP 15(a) for leave to further amend the SAC, stating that they wished to (a) correct a "technical difficulty" by making it clear that Helen is suing in her capacity as Executrix of the estate of her late husband,

---

[1] *See* Findings of Fact, Conclusions of Law, and Order, *In re Shipping Services Inc., et al.*, No. 12-22224 (RDD) (Br. S.D.N.Y. Mar. 29, 2012).

[2] The letter was filed on behalf of all Defendants other than Leroux, who has not been served or appeared.

and (b) add three new defendants: Guardian Navigation, Groupo Sedei, and Tecnisea.[3] (July 4, 2018 Mot. to Amend at 1–2.) However, the proposed TAC filed that day did not mention Groupo Sedei or Tecnisea. (*See* ECF No. 43.)

On July 12, 2018, Plaintiffs refiled substantially the same motion to amend, (July 12, 2018 Mot. to Amend), this time attaching a slightly revised proposed TAC. (July 12, 2018 Mot. to Amend, Ex. 2, ECF No. 47-2.) The caption of the latest proposed TAC lists Helen as a plaintiff in her capacity as Executrix of Alkiviades's estate, and lists Groupo Sedei and Tecnisea as defendants. However, the body of the document continues to identify the estate itself as a plaintiff, (*see, e.g., id.* ¶ 18), and does not mention Groupo Sedei or Tecnisea.

On July 13, 2018, Defendants Royce and Blatte filed a letter brief arguing that the proposed TAC "suffers from a number of fatal defects," among them that Helen (in her individual capacity) lacks standing to sue for the alleged fraud perpetrated on her husband; that many of Plaintiffs' claims are barred by *res judicata* as a result of the final judgment in the TBS bankruptcy; and that their claims for fraud are time-barred under New York's statute of limitations. (ECF No. 49, at 1–2.) These Defendants requested that the filing of the proposed TAC be "held in abeyance" pending a pre-motion conference with this Court, or, in the alternative, that Defendants be granted thirty days from the filing of the TAC to respond to it. (*Id.* at 2–3.)

On July 16, 2018, Plaintiffs filed a responding letter, insisting that the proposed TAC "has no fatal defects," accusing Defendants of "wast[ing]the Courts [sic] time and Plaintiffs [sic] time with a letter filled with falsities, misrepresentations and inaccuracies," and concluding that

---

[3] Plaintiffs explain in their accompanying memorandum that Guardian Navigation is the new name of TBS Shipping. (Mem. of Law in Support, ECF No. 42, at 2.) As noted above, Plaintiffs first added Guardian Navigation as a defendant in their Amended Complaint. Groupo Sedei and Tecnisea are "two Companies owned and operated by Defendant, Jaime Leroux in Ecuador." (*Id.*) According to Plaintiffs, "[t]hese Companies should be parties to this suit as they own property which is the subject matter of this suit, specifically warehouses in Ecuador." (*Id.*)

4

defendants "should not be rewarded by granting them extra time to respond." (ECF No. 50, at 4–5.) Later that day, TBS Shipping and Guardian Navigation (the "Company Defendants") filed a response to Plaintiffs' latest motion to amend, stating that they "do not oppose" the motion but asking that "no subsequent amendments be allowed" in light of the numerous iterations of the pleading already submitted. (ECF No. 52, at 1.) The Company Defendants also argue that the claims against them in the proposed TAC "suffer from a number of defects that cannot be cured," including a limitations bar, which they intend to further brief in their "anticipated motion to dismiss." (*Id.* at 3.)

On July 18, 2018, Plaintiffs filed a "Reply to Company Defendants' Response," characterizing the Company Defendants' contentions as "false" and "frivolous," asserting that the continuous wrong doctrine has tolled the statute of limitations, and arguing that defendants have "absolutely no authority to seek a ruling that would deprive Plaintiffs from making any further amendments," since the decision is "at the discretion of the Court and would depend on future developments of the facts, not a whimsical request by Defendants." (ECF No. 55, at 3.)

## II. MOTION TO TRANSFER IS DENIED

The Southern District of New York maintains courthouses in Manhattan and in White Plains. Rule 18(a)(i) of this Court's Local Rules for Division of Business ("RDB") states that a civil case shall be designated for the White Plains courthouse if the claim "arose in whole or in major part" in the "Northern Counties," defined to include the Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties, "and at least one of the parties resides in the Northern Counties." Rule 19 permits the judge to whom a case is initially assigned to have the case reassigned to a judge in another courthouse if the originally-assigned judge determines that the case should be so reassigned.

Insofar as it can be determined from the various pleadings filed by Plaintiffs, this case could have been designated for assignment to White Plains upon filing. Many of the events recounted in the pleadings took place in Yonkers, New York, which is within Westchester County, and where the TBS entities were headquartered. (*See, e.g.*, SAC ¶¶ 3, 5, 6.) Others took place in Fort Lee, New Jersey, where Alkiviades and Helen resided, (*see id.* ¶¶ 10, 18, 19, 24), and overseas. Plaintiffs do not allege that any of the fraudulent conduct took place in Manhattan. In addition, as Plaintiffs note in their summonses, four of the six defendants named in the SAC reside in Westchester County. (ECF. No. 27, at 2.) Moreover, while Plaintiffs now claim that many of the "events leading up to" their claims took place in Manhattan, (Alkistis Aff. ¶¶ 4, 11), these assertions are made only in an attorney affirmation, which does not appear to be based on personal knowledge.

However, Plaintiffs are correct that the RDB "do not create any right to such a transfer, even when the facts bring the case within the category of cases which, under [former] Rule 21(a) of the Rules, 'shall be designated for assignment to White Plains.'" *Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, 171 F.R.D. 159, 160 (S.D.N.Y. 1997) (quoting *Schutty v. Pino*, No. 95 Civ. 1526 (LMM), 1995 WL 396589, at *1 (S.D.N.Y. July 6, 1995)) (denying a transfer motion even though "the parties and potential witnesses to this action reside in Westchester and the acts giving rise to the cause of action occurred there as well"); *see also Nikac v. Pozzi*, 172 F. Supp. 2d 414, 416 (S.D.N.Y. 2001) ("The Court is not however, mandated to transfer this case to White Plains simply because [former] Rule 21 is satisfied. The decision to reassign the case remains within the discretion of the court."); *United States v. Brennerman*, No. 15 Civ. 0070 (LAK), 2017 WL 3421397, at *10 (S.D.N.Y. Aug. 8, 2017) ("[T]he RDB vest no rights in litigants—they are for internal management only."). This action will likely be more efficiently concluded without the

additional delay caused by an intra-District transfer. Thus, Defendants Blatte and Royce's motion to transfer is DENIED.

### III. MOTION TO AMEND IS GRANTED

Efficiency also militates in favor of granting Plaintiffs' motion for leave to file their TAC. No defendant opposes that motion, and no defendant other than Prieto has ever filed a formal motion to dismiss. Rather than respond to that motion to dismiss, Plaintiffs sought leave to further amend their pleading, acknowledging that the SAC suffers from a "technical deficiency" which allege that the proposed TAC corrects. (July 12, 2018 Mot. to Amend ¶¶ 2–4.) Under these circumstances, it would be inefficient to require the parties to litigate the sufficiency of the SAC. Thus, Plaintiffs' motion to amend is GRANTED.

### IV. CONCLUSION

Defendants Joseph Royce and Lawrence Blatte's motion to transfer (ECF No. 33) is DENIED. Plaintiffs' motion for leave to amend (ECF No. 47) is GRANTED. Plaintiffs' prior July 4, 2018 motion for leave to amend (ECF No. 41) is DENIED as moot. Similarly, Defendant Prieto's motion to dismiss the SAC (ECF No. 39) is DENIED as moot, without prejudice to his right to move to dismiss the TAC. Defendants shall respond to the TAC no later than October 1, 2018. Plaintiffs shall not further amend their complaint without leave of this Court. The Clerk of Court is directed to close the motions at ECF Nos. 33, 49, 41, and 47.

Dated: August __, 2018
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

7