USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Sep 21 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTATE OF ALKIVIADES MEIMARIS, et al.,

        Plaintiffs,

  -against-

JOSEPH E. ROYCE, et al.,

        Defendants.

18-CV-4363 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge:**

    The Court has received and reviewed plaintiffs' letter dated September 18, 2018 (Dkt. No. 59), requesting (a) an extension of time pursuant to Fed. R. Civ. P. 4(m) to effect service on defendants Jaime Leroux, Gruposedei and Tecnisea and (b) permission to serve these defendants, in Ecuador, either by registered mail or by serving attorney Adam Rodriguez, who is counsel of record for two other defendants in this action.

    Plaintiff's application is within the scope of my reference (Dkt. No. 46) and is DENIED without prejudice to renewal in the form of a noticed motion in accordance with Local Civil Rule 7.1(a).

    While "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court," *RSM Prod. Corp. v. Fridman*, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (citation and internal quotation marks omitted)), courts in this Circuit typically require plaintiffs to "to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." *Export-Import Bank v. Asia Pulp & Paper Co., Ltd.*, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005) (citation and internal quotation marks omitted). *See also Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) ("district courts in

this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary"). This requirement "is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts," *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115-16 (S.D.N.Y. 2010) (quoting *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)), and is particularly important where the foreign defendants reside in a Hague Convention signatory state. *See Devi*, 2012 WL 309605, at *2 (although service through the Hague Convention could prove unsuccessful, "requiring use of the Convention is nevertheless important" because, among other things, "a formal effort to serve defendant through the Hague Convention will ensure that defendant has actual notice of the suit"). Whether or not service has been attempted through the Hague Convention, plaintiffs seeking leave to serve by alternate means must show "that their proposed method of service satisfies due process." *Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 116.

Should plaintiff refile her motion, she must address each of these issues. As to the "threshold requirement" of reasonable attempts to effect service, plaintiff must make a factual showing as to the methods she has used and the reasons she cannot successfully serve the foreign defendants without judicial assistance. *See Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 116 (denying Rule 4(f) motion where plaintiff claimed to be unable to effect service on defendants in Uganda and Ghana "without discussing what methods they used to attempt service on these defendants" or why service via letters rogatory "would be futile").[1] As to the requirements of due

---

[1] Defendant Leroux was named in plaintiff's original Complaint, dated May 17, 2018 (Dkt. No. 1). Therefore, plaintiff must show what efforts she made to serve him during the 90-day period

process, she must show that the method she proposes will provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton County, N.Y.,* 466 F. 3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).  *See also Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 116-17 (denying request to serve defendants' "American counsel" without a showing that the lawyer in question had a sufficient relationship to each foreign defendant such that serving the lawyer would "provide notice reasonably calculated to apprise [the foreign defendants] of the pendency of this action").

The Clerk of Court is respectfully directed to close the application at Dkt. No. 59.

Dated: New York, New York
September 21, 2018

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States District Judge**

---

specified in Rule 4(m) for domestic service.  Although Rule 4(m) does not apply, by its terms, to service in a foreign country, courts in this Circuit apply a "flexible due diligence" standard which asks, among other things, whether the plaintiff at least made a "reasonable good faith effort" to serve during that initial period.  *See*, *e.g*., *In re Bozel S.A.*, 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017) (collecting cases). Although defendants Gruposedei and Tecnisea were named for the first time in the Third Amended Complaint dated September 20, 2018 (Dkt. No. 60), they appear only in the caption of that document; plaintiff has not made any factual allegations about them or against them.  To the extent plaintiff seeks leave to serve these entities by alternative means, therefore, she should also address whether serving them – by any means – would be a futile act.

3