# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK D. KOTWICK
PARTNER
(212) 574-1545
kotwick@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

September 25, 2018

**VIA ECF & HAND DELIVERY**

Honorable George B. Daniels
United States District Judge
United States District Court
500 Pearl Street, Room 1310
New York, NY 10007

**Estate of Alkiviades Meimaris, et ano v. Joseph E. Royce, et al., 18 Civ.4363 (GBD)(BCM)**

Dear Judge Daniels:

We are counsel for Defendant TBS Shipping Services Inc., n/k/a Defendant Guardian Navigation Services Inc. (the "Company Defendants") in the above-referenced matter and write on behalf of all of the Defendants served in this matter to respectfully request that the Court deny Plaintiffs' letter-motion requesting leave to file a Fourth Amended Complaint [ECF No. 63] (the "Motion"). Further, the Defendants respectfully request a teleconference with Your Honor at the Court's earliest convenience to discuss how to proceed in light of the October 1 deadline for Defendants to respond to the Third Amended Complaint ("TAC") and the scheduled October 2 initial pre-trial conference.

The Court granted Plaintiffs' motion for leave to file a TAC by Memorandum Decision and Order, filed August 22, 2018 [ECF. No. 58] (the "Order"). The Order directed that the Defendants respond to the TAC by October 1, 2018, and that Plaintiffs shall not further amend their complaint without leave of Court. Plaintiffs did not successfully file the TAC until yesterday [ECF No. 62], literally hours before filing the Motion. Troublingly, the TAC filed was not the same proposed TAC attached to Plaintiffs' motion for leave to file a TAC. [*Compare* ECF No. 62 *with* ECF No. 47-2].

Plaintiffs' Motion should be denied out of hand. "[I]t is well-settled law that reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

Honorable George B. Daniels
September 25, 2018
Page 2

party by virtue of allowance of the amendment, [and] futility of amendment' justify the denial of leave to amend." *Johnson v. Nextel Communs., Inc.*, 07 Civ. 8473, 2017 U.S. Dist. LEXIS 153480, at *13-14 (S.D.N.Y. Sept. 19, 2017). Plaintiffs' Motion implicates nearly all of these concerns.

First, other than the conclusory and greatly troubling claim that the TAC is not "accurate," the Motion fails to identify, by affidavit or otherwise, why after being aware of the claims for more than six years, and having served six prior pleadings, Plaintiffs were unable to "accurately" state the facts that purportedly underlie their claims consistent with their obligations under Rule 11(b)(3) of the Federal Rules of Civil Procedure. Moreover, they fail to identify what occurred in the last weeks that caused them to "realize" that the TAC did not "accurately represent the factual allegations against [the] Defendants."

Second, the Motion is defective because it failed to attach the proposed amended pleading, which is especially appropriate here where the Motion is devoid of any specific description of the intended amended "accurate" allegations. *See Abercrombie v. College*, 438 F. Supp.2d 243, 275 (S.D.N.Y. 2006) ("in making a motion for leave to amend, plaintiffs must attach a proposed amended complaint so that the Court and the opposing party has an opportunity to understand the exact changes proposed").

Third, as noted in Defendants' responses to Plaintiffs' request for leave to file the TAC [ECF Nos. 49 and 52], Plaintiffs have already unduly delayed this action through repeated amendments. The TAC was Plaintiffs' sixth pleading filed in state and federal court against the Defendants—thus the Fourth Amended Complaint would be the seventh.[1] Because Plaintiffs have not explained why the information they seek to add could not have been incorporated into prior pleadings, they should not be permitted to cause further delay in this case. *See, e.g., Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (finding that trial court did not abuse its discretion by denying motion to amend where party seeking leave to amend failed to show "a compelling reason for the delay"); *Pelt v. City of New York*, 11-CV-5633, 2013 U.S. Dist. LEXIS 122848, at *66-67 (E.D.N.Y. Aug. 28, 2013) ("Plaintiff has repeatedly failed to cure the deficiencies in his complaint … [and] even assuming without deciding that Plaintiff could have alleged additional facts sufficient to surmount a motion to dismiss, he could have and should have done so in his First and Second Amended Complaints. Having failed to do so, Plaintiff does not deserve a fourth opportunity to assert his baseless … claims against Defendants[.]").

Fourth, any further amendment would be futile. As the Court noted in its Order [ECF No. 58 at 2-3], the supposed events giving rise to Plaintiffs' claims occurred prior to the pre-packaged bankruptcy involving the Company Defendants, which was resolved on March 28,

---

[1] Plaintiffs first filed a complaint in this action – styled Estate of *Alkiviades Meimaris, et ano. v. Joseph E. Royce, et al.*, Index No. 651588 – in April 2018, in the Supreme Court of the State of New York, County of New York. Thereafter, Plaintiffs filed an amended complaint, and then voluntarily discontinued the state action. Plaintiffs subsequently commenced the instant action, and have filed four previous Complaints. [ECF Nos. 12, 18, 25 and 62].

Honorable George B. Daniels
September 25, 2018
Page 3

2012 when the Bankruptcy Court confirmed the debtors' plan of reorganization, and Plaintiffs acknowledge that they discovered the purported fraud not later than 2013. As such, Plaintiffs' claims are time-barred under the applicable statutes of limitations [*see* ECF Nos. 49 and 52] and any amendment would not serve the cause of efficiency.

Finally, the Defendants would suffer undue prejudice by Plaintiffs' last minute further amendment. The time to respond to the TAC is less than a week away and Defendants have incurred significant time, cost and effort in preparing motions to dismiss the TAC. In the event the Court permits Plaintiffs to file yet another Complaint, it would be appropriate to condition the grant upon the imposition of costs for the Defendants' preparation of their motions to dismiss the TAC. *See Hayden v. Feldman*, 159 F.R.D. 452, 455 (S.D.N.Y. 1995) (grant leaving to amend conditioned on costs to defendant for expense of motion rendered unnecessary).

We appreciate the Court's attention to this matter.

Respectfully submitted,

*[signature]*

Mark D. Kotwick

Cc: Counsel of record (via ECF)

SK 27991 0005 8074734