# ALKISTIS G. MEIMARIS, ESQ.

240 Fifth Avenue
New York, New York 10001
201.615.3220
Alkistism@aol.com

September 26, 2018

Hon. George B. Daniels
Hon. Barbara Moses
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY   10007

      RE:    *Reply to Defendants' TBS Shipping Services and Guardian Navigation Opposition Letter to Court   Dated September 25, 2018, in Estate of Meimaris et. al. v. Joseph E. Royce et. al. 1:18-cv-4363*

Dear Judge Daniels:

      I am counsel for Plaintiffs and I am writing to respond to Defendant's opposition  letter to the Court dated September 25, 2018, opposing Plaintiffs' motion to amend their complaint.

First, this is only Plaintiffs fourth request to Amend their Complaint in this case.   The State case is an immaterial distraction initiated by the Defendants.

Second, the Third Amended Complaint ("TAC") which Plaintiffs filed with the Court, was identical to the one which was submitted to the Court on July 12, 2018, with the exception that Plaintiffs only added the Defendants, Gruposedei and Tecnisea, which the Court authorized them to do by order dated August 22, 2018.  Plaintiffs are perplexed as to why Defendants are using such misleading tactics as to convince the Court that the TAC is different.

Third, Plaintiffs are equally perplexed as to why Defendants would try, yet again, to mislead this Court into believing these claims are time barred.  While March 28, 2012 was the date in which the Bankruptcy Court confirmed the debtors' plan of reorganization, it was not the date the case was closed.   That actual Bankruptcy Case was not closed until June 2012.      Further, the Defendants refer to their ECF filings No's. 49 and 52.   In those filings, Defendants not only intentionally tried to mislead the Court but actually misquoted the statute by quoting only part of C.P.L.R. 213 (8).   In ECF No. 49, Defendants stated the statute of limitations for fraud as "six

years from commission, or two years from when plaintiff discovered or should have discovered, the fraud." C.P.L.R. 213 (8) actually reads *"an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."* Not only are Plaintiffs claims within this statute, but Plainitffs' claims are also within the Statute of Limitations under the continuous wrong doctrine. These unethical tactics of the Defendants are not only derisive, but disrespectful to this Court. These Attorneys should be sanctioned for trying to mislead the Court.

With regard to the other contentions in Defendants letter, I will be prepared to further discuss should the Court require at the preliminary conference on October 2, 2018.

Respectfully,

Alkistis G. Meimaris, Esq.

<u>/s/ Alkistis Meimaris</u>

CC:     Counsel of Record via ECF