UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HELEN MEIMARIS AS EXECUTRIX AND LEGAL
REPRESENTATIVE OF THE ESSTATE OF ALKIVIADES
MEIMARIS AND HELEN MEIMARIS

                    1:18-cv-4363 (GBD)(BCM)

            Plaintiffs,

    -against-

JOSEPH E. ROYCE, et al.,    Defendants.
_____


**DEFENDANT PRIETO'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**


              CARDILLO & CORBETT
              Attorneys for Defendant
              TULIO PRIETO
              145 Hudson Street, Suite 5C
              New York, New York 10013
              Tel. No. 212-344-0464
              Fax  No. 212-797-1212


Of Counsel
Tulio R. Prieto
James P. Rau

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE THIRD AMENDED COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.      Fourth Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.      Sixth Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I

PLAINTIFFS' ALLEGATIONS OF FRAUD ARE
UNSUPPORTED BY ANY FACTUAL ASSERTIONS,
AND THEREFORE, THE TAC SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . 6

      A.      The Fourth Cause of Action Fails to State
              a Claim for Fraud Against Prieto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.      The Sixth Cause of Action for Conspiracy
              to Commit Fraud Fails to State a Claim
              Against Prieto.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT II

PLAINTIFFS' CLAIMS ALLEGING FRAUD ARE BARRED
BY THE APPLICABLE STATUTE OF LIMITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.      The Alleged Claim of Fraud Against Prieto
              is Barred by the Statute of Limitations (Fourth
              Cause of Action). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      B.      The Alleged Claim of Conspiracy to Commit
              Fraud (Sixth Cause of Action) Must Be Dismissed,
              Because It Is Based On a Fraud Claim Barred by
              the Statute of Limitations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**CASES**

*Acito v. IMCERA Group, Inc.*
47 F.3d 47 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Alki Partners, L.P. v. Vatas Holding GmbH*
769 F. Supp. 2d 478 (S.D.N.Y. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ashcroft v. Iqbal*
556 U.S. 663 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brownstone Inv. Group, LLC v. Levey*
468 F.Supp 2d 654 (S.D.N.Y 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*
375 F.3d 168 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Faber v. Metro. Life Ins. Co.*
648 F.3d 98 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fitzgerald v. Field*
1999 U.S. Dist. LEXIS 17372 (S.D.N.Y. November 9, 1999).. . . . . . . . . . . . . . . . . . . . . . . . 10

*Gabriel Capital, L.P. v. NatWest Finance, Inc.*
94 F.Supp.2d 491 (S.D.N.Y. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ghartey v. St. John's Queens Hosp.*
869 F. 2d 160 (2d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Global Fin. Corp. v. Triarc Corp.*
93 N.Y.2d 525 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*IUE AFL-CIO Pension Fund v. Herrmann*
9 F.3d 1049 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lama Holding Co. v. Smith Barney Inc.*
88 N.Y.2d 413 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lerner v. Fleet Bank, N.A.*
459 F.3d 273 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Linden v. Moskowitz*
294 A.D.2d 114 (1st Dep't 2002) lv denied 99 NY2d 505 (2003) . . . . . . . . . . . . . . . . . . . . 7,10,13

*Long Island Lighting Co. v. Imo Indus. Inc.*
6 F.3d 876 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*O'Brien v. Nat'l, Property Analysts Partners*
936 F.2d 674 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Penzo v. Berryhill*
2018 U.S. Dist. LEXIS 10053 (S.D.N.Y. January 18, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*
507 F.3d 117 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Premium Mortg. Corp. v. Equifax Info. Servs., LLC*
583 F.3d 103 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robinson v. Wingate Inns Int'l, Inc.*
2014 U.S. Dist. LEXIS 139758 (D.NJ. September 24, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Selevan v. N.Y. Thruway Auth.*
584 F.3d 82 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schuh v. Druckman & Sinel, LLP*
602 F. Supp. 2d 454 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thome v. Alexander & Louisa Calder Found,*
70 A.D.3d 88 (1st Dep't 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,12

**STATUTES**

*28 U.S.C. §1332* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*CPLR 202* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*CPLR 206(8)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*N.J. Stat. § 2A:14-1*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**RULES**

*Fed.R.Civ.P. 9(b)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Fed.R.Civ.P. 12(b)(1)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fed.R.Civ.P. 12(b)(6)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,6,11

**OTHER AUTHORITIES**

Seigel, *New York Practice §57 (6th Ed. 2018)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of defendant Tulio Prieto's ("Prieto") motion to dismiss the Third Amended Complaint (the "TAC") pursuant to *Fed.R.Civ.P. 12(b)(6)*.

By way of brief background, Prieto filed a motion to dismiss the Second Amended Complaint ("SAC") on July 3, 2018 [ECF Nos. 39-40]. On July 4, 2018, Plaintiffs filed a motion to amend the SAC, attaching a proposed TAC which did not include any new allegations as to Prieto [ECF Nos. 41-43]. On July 12, 2018, Plaintiffs re-filed substantially the same motion with a slightly different proposed TAC, which again did not include any new allegations as to Prieto [ECF Nos. 47-48]. Thereafter, by Memorandum Decision and Order filed on August 22, 2018, the Court granted Plaintiffs' motion to amend and denied Prieto's motion to dismiss as moot, without prejudice to his right to move to dismiss the TAC [ECF No. 58]. Plaintiffs filed the TAC on September 24, 2018 [ECF No. 62]. On that same date Plaintiffs filed a letter motion seeking to amend the TAC "to more accurately describe the roles which TBS International, Guardian Navigation, Gruposedei and Tecnisea played in the current matter and present any and all factual allegations against these Defendants" [ECF 63]. This application to file a Fourth Amended Complaint was denied by Magistrate Judge Moses on September 25, 2018. [ECF No. 65].

Since Plaintiffs did not add any new allegations in the TAC pertaining to Prieto, Prieto's present motion to dismiss is virtually identical to his earlier motion to dismiss the SAC.

The TAC attempts to tarnish the good reputation of an attorney, Prieto (a lawyer who has practiced in New York for over 43 years), with slanderous and unsubstantiated accusations of fraud in an action purporting to seek over $100 million in damages. The pleading

contains no factual allegations to support the false accusation that Prieto committed fraud. The only factual allegations in the TAC against Prieto are that he spoke one time to plaintiffs' decedent, Capt. Alkiviades Meimaris ("Meimaris"), in October, 2011, proposed to send him, for his signature, a document that stated that he was giving up his rights and interests in a company called TBS Commercial Group without compensation. When Meimaris indicated he was unfamiliar with the document, Prieto allegedly told him to speak to defendant Joseph Royce concerning it. The document was allegedly sent later that day by fax for delivery to Meimaris via his daughter, who is also the attorney for the plaintiffs in this case and who advised her father not to sign the document, which document Meimaris allegedly never signed. Prieto was not Capt. Meimaris' attorney and the TAC does not allege that he was his attorney.

       Therefore, the TAC is devoid of any allegation that Prieto made any fraudulent statement, misrepresentation or omission upon which Meimaris relied or which caused him any damages. Despite the lack of any factual basis, the pleading alleges in conclusory fashion in the Fourth and Sixth Causes of Action that Prieto committed fraud and engaged in a conspiracy with the other defendants to commit fraud. Such conclusory and scurrilous accusations are, of course, insufficient. Therefore, the TAC fails to state a claim upon which relief can be granted and should be dismissed as to Prieto.

       In addition, the two claims for fraud and conspiracy to commit fraud are barred by the six year New York statute of limitations applicable to fraud claims. According to the TAC, Prieto's alleged part in this purported fraud and conspiracy to commit fraud is his having sent a document in October 2011 to Meimaris through his daughter which he allegedly never signed, based on the advice of his daughter, plaintiffs' counsel herein. That alleged action in October

2011 took place more than six years before the original complaint in this action was filed in May 2018.

Moreover, the two year discovery provision in the fraud statute of limitations does not save the plaintiffs' stale claims. The TAC alleges that Meimaris discovered in the summer of 2013 that he no longer had shares in TBS Commercial Group. The Complaint was filed five years after the purported discovery of the alleged fraud.

Therefore, the plaintiffs' claims against Prieto are without merit and should be dismissed with prejudice.

## THE THIRD AMENDED COMPLAINT

The TAC invokes the diversity jurisdiction of this Court pursuant to *28 U.S.C. §1332*. There are only a few allegations in the TAC concerning Prieto and they relate to Plaintiffs' contention that Meimaris was defrauded out of his shares in TBS Commercial Group.

Although the TAC consists of 164 paragraphs set forth in 18 single spaced pages, the paragraphs alleging "misconduct" on the part of Prieto are few and can be set forth in full herein. Those few paragraphs stated in the Preliminary Statement of the TAC fail to allege that Prieto made any representations upon which Meimaris, relied or which caused him any damage. Indeed, they allege the contrary:

> 6. On or about October 2011, Captain Meimaris and his wife, Helen Meimaris, received a call from attorney Tulio Prieto. Mr. Prieto told Mr. and Mrs. Meimaris that he was faxing over a document to be signed. The Meimaris' asked Mr. Prieto what type of document this was. Mr. Prieto stated that it had to do with Meimaris' 10% ownership of shares in TBS Commercial Group. Mr. Prieto asked Captain Meimaris if Mr. Royce had spoken to him about the document. Captain Meimaris stated that no one had spoken to him about the document. Captain Meimaris' fax

2011 took place more than six years before the original complaint in this action was filed in May 2018.

Moreover, the two year discovery provision in the fraud statute of limitations does not save the plaintiffs' stale claims. The TAC alleges that Meimaris discovered in the summer of 2013 that he no longer had shares in TBS Commercial Group. The Complaint was filed five years after the purported discovery of the alleged fraud.

Therefore, the plaintiffs' claims against Prieto are without merit and should be dismissed with prejudice.

## THE THIRD AMENDED COMPLAINT

The TAC invokes the diversity jurisdiction of this Court pursuant to *28 U.S.C. §1332*. There are only a few allegations in the TAC concerning Prieto and they relate to Plaintiffs' contention that Meimaris was defrauded out of his shares in TBS Commercial Group.

Although the TAC consists of 164 paragraphs set forth in 18 single spaced pages, the paragraphs alleging "misconduct" on the part of Prieto are few and can be set forth in full herein. Those few paragraphs stated in the Preliminary Statement of the TAC fail to allege that Prieto made any representations upon which Meimaris, relied or which caused him any damage. Indeed, they allege the contrary:

> 6. On or about October 2011, Captain Meimaris and his wife, Helen Meimaris, received a call from attorney Tulio Prieto. Mr. Prieto told Mr. and Mrs. Meimaris that he was faxing over a document to be signed. The Meimaris' asked Mr. Prieto what type of document this was. Mr. Prieto stated that it had to do with Meimaris' 10% ownership of shares in TBS Commercial Group. Mr. Prieto asked Captain Meimaris if Mr. Royce had spoken to him about the document. Captain Meimaris stated that no one had spoken to him about the document. Captain Meimaris' fax

machine was not working so Mr Prieto said that he would send it to the office, located at 612 East Grassy Sprain Road, Yonkers, NY, as the Captain's daughter, Alkistis Meimaris [Plaintiffs' attorney in the instant case] worked for the Company. Mr. Prieto advised Captain Meimaris to speak to Mr. Royce if he needed clarification regarding this document.

7. Later that day Alkistis Meimaris, who worked as Deputy Compliance Officer and Head of Global Corporate Development and Training for the Company, was approached by Mr. Royce's cousin, Tara Demakes, who was Vice-President of Quality and Compliance Officer. Ms. Demakes gave Alkistis the document prepared by Mr. Prieto. Ms. Demakes stated to Alkistis, you do realize that the Meimaris' are giving up all rights and interests in TBS Commercial Group for no compensation." Alkistis asked whether anyone else in the company was giving up their shares. Ms. Demakes stated that no one else was giving up their shares. Alkistis promptly called her parents and told them if any documents are received by them to not to sign anything and explained what Ms. Demakes told her.

* * *

44. In October of 2011 Mr. Prieto had tried to get Captain Meimaris to sign over all of his interests in TBS Commercial Group without compensation. Captain Meimaris refused.

These allegations are patently insufficient to state any valid cause of action against Prieto, let alone one for fraud under the applicable New York law, as a review of the two causes of action against him demonstrates.

    A.    **Fourth Cause of Action**

In the Fourth Cause of Action captioned "(Fraudulently stealing Captain Meimaris' shares and interests in TBS Commercial Group)" plaintiffs simply repeat and rely upon the allegations quoted above as follows:

-4-

> FOURTH CAUSE OF ACTION
> (Fraudulently stealing Captain Meimaris' shares and interests in TBS Commercial Group)
>
> 104. Plaintiff's [sic] repeats and reasserts [sic] the allegations of paragraphs 1 through 103 as though fully set forth herein.
>
> 105.  Defendants, Tulio Prieto and Mr. Royce had tried on several occasions to have Captain Meimaris give up his shares (10% ownership ) in TBS Commercial Group.
>
> 106.  Mr. Prieto sent Captain Meimaris a document to sign, through Tara Demakes, which stated that Captain Meimaris was giving up all of his rights and interests in TBS Commercial Group for no compensation. Captain Meimaris refused to sign this document.

Paragraphs 6-7 and 44 (which are repeated and realleged in Paragraph 104) and 105-106 of the TAC contain the only specific allegations concerning Prieto in the Fourth Cause of Action.  Prieto's alleged conduct clearly does not amount to fraud.

In addition, the alleged fraud took place more than six years before plaintiffs filed their Complaint, and more than five years after discovery of the purported fraud (TAC ¶ 13), and is therefore barred by the statute of limitations for fraud.

    **B.**    **Sixth Cause of Action**

The other claim alleged in the TAC against Prieto, the Sixth Cause of Action, consists of a conspiracy to commit fraud.   As discussed below in Point I, under New York law, there is no independent cause of action for civil conspiracy: The validity of the cause of action rests upon the viability of the underlying tort.  The underlying tort that purportedly supports the conspiracy claim consists of the same deficient allegations of fraud against Prieto as relied upon in the Fourth Cause of Action:

-5-

SIXTH CAUSE OF ACTION
(Conspiracy to commit Fraud)

141.  Plaintiff's [sic] repeats and reasserts [sic] the allegations of paragraphs 1 through 140, as though fully set forth herein.

142.  Defendants Mr. Royce, Mr. Blatte and Tulio Prieto conspired to deprive Captain Meimaris of his interest in TBS Commercial Group.

143.  Mr. Prieto tried to get him to sign over his shares in writing.

Plaintiffs, therefore, make no allegation that Prieto made any representation or omission upon which Meimaris relied or which resulted in any damage to Meimaris.  The bare and slanderous allegation that Prieto participated in a conspiracy to defraud Meimaris is wholly conclusory, without any supporting facts whatsoever.

## ARGUMENT

### POINT I

**PLAINTIFFS' ALLEGATIONS OF FRAUD ARE UNSUPPORTED BY ANY FACTUAL ASSERTIONS, AND THEREFORE, THE TAC SHOULD BE DISMISSED**

When judging the sufficiency of a complaint that is subject to a *Fed.R.Civ.P. 12(b)(6)* motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor.  *Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009)*.  A court is "not, however, 'bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011)*.  For a claim to survive a motion to dismiss, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief

above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)*). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009)* . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Thus, 'a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion.'" *Schuh v. Druckman & Sinel, LLP, 602 F. Supp. 2d 454, 461 (S.D.N.Y. 2009)* (quoting *Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007)*).

### A. The Fourth Cause of Action Fails to State a Claim for Fraud Against Prieto

"The elements of fraud under New York law are: '[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury'." *Premium Mortg. Corp. v. Equifax Info. Servs., LLC, 583 F.3d 103, 108 (2d Cir. 2009)*(quoting *Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996)*; *Linden v. Moskowitz, 294 A.D.2d 114, 115 (1st Dep't 2002) lv denied 99 NY2d 505 (2003)*(affirming the dismissal of the cause of action for fraud where "[t]here is no allegation that the defendants knowingly misrepresented a material fact much less that plaintiff relied upon such a misrepresentation to her detriment.").

In addition, where fraud is alleged, a plaintiff must also meet the heightened pleading requirements of *Fed.R.Civ.P. 9(b)*, which requires that in "alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P. 9(b)*. The particularized pleading requirement is designed to provide "fair notice" to the defendant of the misconduct claimed by plaintiff and to "protect a defendant's reputation from improvident charges of wrongdoing." *O'Brien v. Nat'l, Property Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991)*; *IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993)*.

Pursuant to *Rule 9(b)*, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004)* (internal quotation marks omitted). Although *Rule 9(b)* permits mental states to be pleaded generally, "we have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent." *O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d at 676* (internal quotation marks omitted); *Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995)* ("we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations[,] . . . plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.")(internal quotation marks and citation omitted). "The requisite strong inference of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-291 (2d Cir. 2006)*(internal quotation marks and citation omitted).

Finally, a plaintiff "may not lump separate defendants together in vague and collective fraud allegations but must inform each defendant of the nature of his alleged participation in the fraud." *Alki Partners, L.P. v. Vatas Holding GmbH,* 769 F. Supp. 2d 478, 493 (S.D.N.Y. 2011).

The TAC fails to state a valid cause of action against Prieto for fraud. The pleading is devoid of any factual assertion that Prieto made any misrepresentation or omission upon which Meimaris relied or which resulted in damage to him. On the contrary, the TAC alleges that Prieto sent a document "which stated that Captain Meimaris was giving up all of his rights and interests in TBS Commercial Group for no compensation" and that "Captain Meimaris refused to sign this document." (TAC, ¶ 106). Moreover, the document allegedly was sent by Prieto by fax so that his daughter, an attorney and indeed the plaintiffs' attorney in this action, would give it to her father. The pleading alleges that Meimaris's daughter advised her father not to sign the document and that he did not do so. There is no other factual allegation anywhere else in the TAC concerning any misrepresentation or omission made by Prieto upon which Meimaris allegedly relied.

Accordingly, the TAC utterly fails to meet the pleading standards for fraud and it should be dismissed with prejudice.

### B. The Sixth Cause of Action for Conspiracy to Commit Fraud Fails to State a Claim Against Prieto

New York law does not recognize a separate tort of civil conspiracy; the charge of conspiracy must be based on an underlying tort. *Thome v. Alexander & Louisa Calder Found,* 70 A.D.3d 88, 110 (1st Dep't 2009)("New York does not recognize an independent cause of action

for civil conspiracy. Since none of plaintiff's tort claims are viable and timely, those claims cannot form the basis for a civil conspiracy cause of action.")(internal citations omitted); *Linden, 294 A.D.2d 115* (Since the underlying fraud claim is not viable, the civil conspiracy claim was properly dismissed). As the only tort claim against Prieto involves the alleged loss of the TBS Commercial Group shares, which claim is neither viable nor timely, such claim cannot form the basis for a civil conspiracy cause of action.

"Under New York law, a claim of civil conspiracy requires (i) an agreement between the conspirator and the wrongdoer and (ii) a wrongful act committed in furtherance of the conspiracy." *Brownstone Inv. Group, LLC v. Levey, 468 F.Supp 2d 654, 660 (S.D.N.Y 2007)*(quoting *Gabriel Capital, L.P. v. NatWest Finance, Inc., 94 F.Supp.2d 491, 511 (S.D.N.Y. 2000)*). Furthermore, "to survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy." *Brownstone, 468 F.Supp.2d, at 661* (quoting *Fitzgerald v. Field, No. 99-3406, 1999 U.S. Dist. LEXIS 17372 \*10 (S.D.N.Y. November 9, 1999)*).

The TAC is devoid of any factual allegations to support the conclusory allegation that Prieto and two of the other defendants "conspired to deprive Captain Meimaris of his interest in TBS Commercial Group" (TAC ¶ 142). Plaintiffs have not alleged any specific times, facts or circumstances of any such agreement or conspiracy; nor have plaintiffs alleged the commission of any wrongful act whatsoever by Prieto in furtherance of any conspiracy. Even if it were assumed, for the sake of argument only, that the allegations that the other defendants fraudulently deprived Meimaris of his interest in TBS Commercial Group are sufficient to state a claim,

plaintiffs have not pleaded any facts in support of the bare allegation that Prieto participated in a conspiracy to accomplish any such end.[1]

Therefore, the claim for conspiracy to commit fraud against Prieto is deficient and should be dismissed.

## POINT II

### PLAINTIFFS' CLAIMS ALLEGING FRAUD ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a *Rule 12(b)(6)* motion to dismiss for failure to state a claim upon which relief can be granted rather than a *Rule 12(b)(1)* motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey v. St. John's Queens Hosp., 869 F. 2d 160, 162 (2d Cir. 1989); Penzo v. Berryhill, 17 Civ. 1441 (LMS), 2018 U.S. Dist. LEXIS 10053 *3 (S.D.N.Y. January 18, 2018)*(holding that claim was barred by the statute of limitations and dismissing the complaint failure to state a claim upon which relief can be granted).

The New York statute of limitations for fraud is six years from the date of commission, or two years from the date the plaintiff discovered, or should have discovered, the fraud, whichever is longer. *CPLR 206(8); Long Island Lighting Co. v. Imo Indus. Inc., 6 F.3d 876, 887 (2d Cir. 1993)*.

---

[1] In the Sixth Cause of Action, the Plaintiffs make other conclusory allegations concerning other "conspiracies", but there is no allegation that Prieto participated in any of those alleged "conspiracies"

A.  **The Alleged Claim of Fraud Against Prieto is Barred by the Statute of Limitations (Fourth Cause of Action)**

Plaintiffs' sole factual allegation against Prieto is that in October 2011, he asked Meimaris to sign a document which Meimaris refused to sign. Even if that claim amounted to fraud, which it obviously does not, the claim would be barred, because the Complaint was not filed until May 2018 more than six years after the alleged commission of the fraud.

Moreover, plaintiffs concede that Capt. Meimaris discovered the fraud by which he lost his shares in TBS Commercial Group in the summer of 2013, more than five years before the complaint was filed. (TAC ¶ 13) Therefore, whether measured from commission or discovery, the statute of limitations has run, and the claim should be dismissed.[2]

B.  **The Alleged Claim of Conspiracy to Commit Fraud (Sixth Cause of Action) Must Be Dismissed, Because It Is Based on a Fraud Claim Barred by the Statute of Limitations**

As set forth above at pages 9-10, under New York law the claim of conspiracy must be based on an underlying tort. Where the underlying tort is time barred, it cannot form the basis of a conspiracy cause of action. *Thome, 70 A.D.3d 110* ("Since none of plaintiff's tort claims are viable and timely, those claims cannot form the basis for a civil conspiracy cause of

---

[2] The statute of limitations in New Jersey is not shorter than in New York, and therefore it is irrelevant whether the cause of action arose in New Jersey. *CPLR 202*; Seigel, *New York Practice §57 (6th Ed. 2018)* ("If the claim has expired under either the New York or foreign period … it's barred. Therefore, the statute really dictates a comparison, with a 'borrowing' of the foreign period only if it is the shorter of the two compared"); *See Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (1999)* ("When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of *both New York and the jurisdiction where the cause of action accrued*") (emphasis added). The New Jersey statute for fraud claims is the same six years as in New York. *N.J. Stat. § 2A:14-1; Robinson v. Wingate Inns Int'l, Inc., 13-cv-2468 (CCC), 2014 U.S. Dist. LEXIS 139758 *9 (D.NJ. September 24, 2014)* ("Under New Jersey law, the statute of limitations for fraud is six years." (citations omitted))

action (*see Linden v. Moskowitz, 294 A.D.2d 114,115*)).  Therefore, since there is no timely claim for fraud, the claim for conspiracy to commit fraud should also be dismissed as to Prieto.

## CONCLUSION

It is respectfully submitted that the Court should grant Defendant Prieto's motion to dismiss the TAC with prejudice as to Prieto and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 1, 2018

                              CARDILLO & CORBETT
                              Attorneys for Defendant
                              TULIO PRIETO

By:   */s/ Tulio R. Prieto*
        Tulio R. Prieto
        Office and P.O. Address
        145 Hudson Street, Suite 5C
        New York, New York 10013
        Tel: (212) 344-0464
        Fax: (212) 797-1212
        Email: tprieto@cardillocorbett.com

Of Counsel
James P. Rau
Email: jrau@cardillocorbett.com