UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X
                                                        )
HELEN MEIMARIS AS EXECUTRIX and LEGAL          )        1:18-cv-4363 (GBD)(BCM)
REPRESENTATIVE OF THE ESTATE OF ALKIVIADES     )
MEIMARIS AND HELEN MEIMARIS,                   )
                            Plaintiffs,        )
                                                        )
                                                        )
                                                        )
            -against-                          )
                                                        )
                                                        )
                                                        )
JOSEPH E. ROYCE, LAWRENCE A. BLATTE,           )
TULIO PRIETO , JAIME LEROUX,                   )
TBS Shipping Services Inc., Guardian Navigation ,  )
Services Inc., Gruposedei and Tecnisea,        )
                            Defendants.        )
————————————————————————X

_____
_____

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TULIO PRIETO'S MOTION
TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

_____
_____

ALKISTIS G. MEIMARIS, ESQ.
*Attorney for Estate of Alkiviades and Helen Meimaris*
240 Fifth Avenue, suite M250
New York, New York   10001
(201) 615-3220

## Table of Contents

Preliminary Statement..........................................................................................................1

Allegations and Claims in the Third Amended Complaint.......................................................2

    I.      The Claims in the Third Amended Complaint................................................3

Procedural Background .......................................................................................................4

Argument.............................................................................................................................6

    I.      General Legal Standards..................................................................................6

    II.     Plaintiff Helen Meimaris Does have Standing to Sue as an Individual..............................8

    III.    Plaintiffs' Allegations of Fraud are Supported by Factual Assertions and the TAV Should Not Be Dismissed......................................................................9

        A.     The Fourth Cause of Action States a Claim of Fraud Against Mr. Prieto...........9

        B.     The Sixth Cause of Action States a Claim of Conspiracy to Commit Fraud Against Mr. Prieto...........................................................11

    IV.    Plaintiffs' Claims Four and Six are Not Time Barred........................................12

        A.     Claim Four is Not Time Barred.................................................................12

        B.     Claim Six is Not Time Barred..................................................................13

Conclusion..........................................................................................................................14

## Table of Authorities

*3rd & 6th, LLC v. Berg,*
  149 AD 3D 794,795-796 (2d Dep't 2017)......................................................13

*Affordable Hous. Assoc. Inc. v. Town of Brookhaven,*
  150 A.D. 3d 800 (2d Dep't 2017)..............................................................12,13

*Brass v. American Film Technologied Inc.,*
  987 F.2d. 142,150 (2d Cir. 1993)..............................................................12,13

*Conley v. Gibson,*
  355 U.S. 41, 45-46, 789 Ct. 99, 102 2 L.Ed. 2d 80 (1957)..............................6

*Cost Controls v. Am. Preferred Prescription,*
  1997 Bankr. LEXIS 387 at *64 (Bankr. E.D.N.Y. Mar. 21, 1997 Chapter 11 Case No.
  893-84170-478....................................................................................9

*Datto Inc, v. Braband,*
  856 F.Supp 2d 354,360 (D.Comm. 2012)........................................................9

*Demchik v. Gen. Motors Corp.,*
  821 F2d 102,106 (2d Cir 1987)..............................................................13

*Easton v. Sundram,*
  947 F.2d 1011, 1014-1015 (2d Cir. 1991)......................................................6

*Henneberry v. Sumitomo Corp. of Am.,*
  532 F.Supp 523, 555 (S.D.N.Y. 2007)...........................................................9

*In re TBS Shipping Services, Inc. et Al.,*
  Case No. 12-22224 (S.D.N.Y.).....................................................................3

*Izzo v. Town of Smithtown,*
  151 A.D. 3d 1035 (2d Dep't 2017)..............................................................12,13

*Kermanshah v. Kermanshah,*
  580 F.Supp. 2d 247, (S.D.N.Y. 2008)...........................................................9

*Luchesi v. Perpetto,*
  72 A.D.3d 909,910 (2d Dep't 2010)...........................................................12

*Mahon v, Ticor Title Ian's, Co.,*
  683 F3d. 59,62 (2d Cir. 2012)..................................................................8

*McDermott v. Torre,*
  82 A.D.2d 152,153 (1st Dep't 1981)...........................................................13

*Merine Ex. Rel. Util. Fund v. Prudential Bache Util. Fund,*
  859 F.Supp. 715,725 (S.D.N.Y. 1994)..........................................................12,13

*Nadelson v. Zakharchenko,*
  2014 N.Y. Slip Op. 32552 (U)...................................................................11

ii

*Nuss v. Salad,*
    *2016 U.S. Dist. LEXIS, 98529, at \*28-29 (N.D.N.Y. July 28, 2016, No 7:10-cv-0279*....12
*Ortiz v. Corvetta,*
    *867 F.2d 146,149 (2d Cir. 1989)*......................................................................6
*Sullivan v. Keyspan Corp.,*
    *155 A.D. 3d 804, 807 (2d Dep't 2017)*.....................................................12,13
*Tiberiv v. Cigna Corp.,*
    *89 F.3d 1423 (10th Cir. 1996)*.................................................................12,13

*Statutes*

F.R.C.P. 12(b)(6)......................................................................................................10

N.Y.C.P.L.R. 3016 (b)...............................................................................................9

N.Y.C.P.L.R. 213b(b).............................................................................................12

U.S. Constitution Art. III §2....................................................................................8

iii

## **Preliminary Statement**

This Memorandum of Law is respectfully submitted on behalf of Plaintiffs Helen Meimaris as Legal Representative and Executrix of the Estate of Alkiviades Meimaris and Helen Meimaris individually, in opposition to Defendants TBS Shipping Services and Guardian Navigation (collectively "Company Defendants") motion to dismiss Plaintiffs' Third Amended Complaint ("TAC").

The TAC raises seven causes of action, which sound in fraud, breach of fiduciary duty based on fraud and conspiracy to commit fraud. These claims arise out of all of the parties long-standing business relations and business dealing in connection with the TBS International, TBS Shipping Services (now, Guardian Navigation), TBS Commercial Group (a privately held corporation) and the "prepackaged bankruptcy reorganization of Defendant TBS Shipping Services and all of these companies affiliates.

The TAC lays out the manner in which the Defendants defrauded Plaintiffs in an ongoing scheme of fraud, breach of fiduciary duty based on fraud and conspiracy to commit fraud. Defendants accuse Plaintiffs of making conclusory allegations with regard to the Company Defendants, yet it is the Defendants who trivialize their misconduct Plaintiffs of their rights and interests in TBS Commercial Group, TBS Shipping Services and business investments in TBS Ecuador.

Contrary to Defendants' contentions, the TAC is not "fatally and incurably deficient" [ECF 76]. As will be set forth below in detail, the TAC should not be dismissed

1

because it does not suffer from deficiencies which cannot be cured by amendment. The truth which Plaintiffs, if given the chance, can prove that the Defendants committed many wrongful and illegal acts, which caused the injuries to the Plaintiffs as outlined in the TAC.

## The Third Amended Complaint

In 1993, Captain Meimaris, Mr. Royce, and Mr. McNelis (Mr. McNelis is not a party to this case) formed TBS International ("TBSI") and TBS Commercial Group ("TBSCG"). Mr. Blatte later became a partner of TBSI and the TBSCG. Captain Meimaris had extensive expertise and experience in the technical and operational knowledge of ships, while Mr. Royce only knew the commercial aspects of shipping and Mr. Blatte had absolutely no knowledge of the industry. (TAC par. 26,28). The parties grew the business, and in 2005, TBSI went public and was listed on the NASDAQ stock exchange. (TAC par. 32) In 2006, Captain Meimaris retired, he received no founder compensation or severance, but remained as a consultant of the Company until he was over 80 years old. In that capacity he conferences, conference calls and traveling to Brazil and Houston for the Company on several occasions. At his 75th birthday party, Mr. McNelis stated to all attendees that TBS' success was due to Captain Meimaris and that they could not have achieved the success without him. (TAC par. 33, 36). Although TBSI went public, TBSCG remained privately held by the four shareholders.

The success of TBSI was short lived, and by 2010-2011, Mr. Royce and Mr. Blatte had run the company to the ground. (TAC par. 37). In 2012, a "prepackaged" bankruptcy was introduced to the U.S. Bankruptcy Court for the Southern District of New York.

2

(*See In re: TBS Shipping Services Inc. et. Al. Case No. 12-22224 (S.D.N.Y.)* That Court rendered a decision in a record 43 days. Many eyebrows were raised at such a quick decision.   The Bankruptcy case was concluded in June 2012.   The TBSCG was used as part of that case. Although equity shareholders did not receive recovery for their shares at the time, the Bankruptcy Court in its plan  allowed for recovery for unsecured claims under section 4.8 of the plan, entitled "General Unsecured Claims",   allowing claimants to liquidate and enforce their claims.  (ECF No. 70-1 at pg 45 C(11)(ii).

From the period of 2012-2013, Captain Meimaris and his daughters were taking care of his wife, who was deathly ill.  Upon her recovery, and on the day of his son-in-law's funeral, October 17, 2013, Captain Meimaris found out he was terminally ill and died on December 7, 2013, only 6 weeks later.  His last words were an apology to his wife and children for what his partners, these Defendants did to him.  That is, taking his life's work and dividing it amongst themselves, leaving Captain Meimaris unable to bequeath what they stole to his family.  Captain Meimaris wrote an affidavit attesting to what his partners had done to him about a week before he passed away. (*See* Meimaris Aff. Ex. 1).  Helen Meimaris was granted letters Testamentary on or about June 11, 2014. (ECF No. 62-1)

**I.      The Claims in the TAC**

The Plaintiffs' claims arise out of an ongoing scheme of wrongful acts by the Defendants sounding in fraud, breach of fiduciary duty based on Fraud, conspiracy to commit fraud in connection with the Plaintiffs' interests in TBSI, TBSCG,  TBS Shipping Services ("TBS"), TBS Ecuador and all of their affiliates.

3

<u>Claim Four</u>:   The fourth cause of action asserts that Messrs. Royce, Blatte and Prieto fraudulently stole Captain Meimaris' shares and interests in (TBSCG) and used them as leverage in the TBS International "prepackaged" Reorganization.

<u>Claim Six</u>:   The sixth cause of action asserts Defendants, Messrs. Royce, Blatte and Prieto knowing of Captain Meimaris' severe medical condition, Trigeminal Neuralgia, conspired in a long standing scheme which spanned the course of some years to: usurp a business opportunity in Ecuador from Captain Meimaris, deprive Captain Meimaris of his 10% ownership interest in TBSCG, deprive Captain Meimaris of preferred shares and ownership interest in TBSI, deprived Captain Meimaris from participating in the reorganization of TBSI and thereby deprived him of obtaining an ownership interest in TBS and deprived Captain Meimaris of the Rights to cash in his shares in TBSI.

**Procedural Background**

On April 3, 2018, Plaintiffs commenced this case in New York Supreme Court, New York, County.  Defendants filed a motion to transfer this case to Westchester County.  Plaintiffs immediately filed opposition papers to Defendants' motion to transfer.  A telephone conference was scheduled between Plaintiffs, Defendants and the Hon. Gretchen Walsh, J.S.C.  Contrary to Defendants' misleading statement, Judge Walsh never clearly intimated that the case would definitely be transferred to Westchester County, during that telephone conference.  Judge Walsh simply asked the parties if they would agree to transfer.  At this point, Plaintiffs pointed out to the Judge that there were opposition papers on the Docket.  The Judge was surprised as she had not even looked at the Docket and stated that "I guess we will not transfer the case."  Plaintiffs

4

became disenchanted with a Judge that did not even bother to look at the case prior to the call.

  Therefore, Plaintiffs  discontinued the case in State Court and commenced this action in Federal Court. (ECF 12). Federal Court has diversity jurisdiction over the case and personal and subject matter jurisdiction over all of the parties.

Plaintiffs filed two amendments to their complaint.  Contrary to Defendants contentions there are no fatal defects to the complaint.  A fatal defect is a defect that would "kill" or squash the complaint in its entirety, this is not the case here.   On August 22, 2018, Plaintiffs were granted leave to file their third amended complaint.   [ECF 58]   Plaintiffs did not file the complaint until September 20, 2018, as Plaintiffs Attorney was in Greece due to the death of two close family members.  [ECF 62] Plaintiffs also made a motion to amend their complaint again, however the court denied this request, pending Defendants' responses.   [ECF 65] Defendants contend that Plaintiffs did not file the appropriate complaint on September 20, 2018. Defendants' contentions are once again erroneous.

Plaintiffs had requested of the Court to amend their complaint to add Defendants Gruposedei, Tecnisea, Guardian Navigation and to correct the capacity issue of Helen Meimaris suing as legal representative and Executrix of the Estate of Alkiviades Meimaris.   This is precisely what Plaintiffs did, they corrected Helen Meimaris' capacity and added the three Defendants.  Plaintiffs added no new causes of actions.  They simply added the Defendants to the Complaint.  Defendants are grossly incorrect in stating that ECF 62 should be treated as a nullity.

5

## ARGUMENT

### I.   General Legal Standards

In judging the sufficiency of a complaint under Federal R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Ortiz v. Corvetta, 867 F.2d. 146,149 (2d Cir. 1989)* A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); see also Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir.1991), cert. denied, ___ U.S. ___, 112 S. Ct. 1943, 118 L. Ed. 2d 548 (199*2). The court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993).*

In this case, all of the claims enable the Court to draw reasonable inferences that the Defendants are liable for their wrongdoings.  Plaintiffs can prove the facts of these wrongdoings. Defendants were in control of TBSI, TBSCG, TBS and all of their affiliates.  These Defendants owed a fiduciary duty to Captain Meimaris, as business partners and as major shareholders of TBSI and TBSCG.   Among other things, these Defendants mandated Captain Meimaris not to sell his TBSI shares.  Captain Meimaris had a 10% ownership in TBSCG, which could not just disappear into thin air and be lost.  These Defendants tried to have Captain Meimaris sign a

document giving them his shares and when he refused, in front of witnesses, they stole his shares in TBSG.  TBSG was an integral part of the reorganization of TBSI, in fact it was a condition precedent to the restructuring of the TBS Companies.  [ECF 77-2 at 22]. These Defendants tried to have Captain Meimaris sign a document giving them his shares and when he refused, in front of witnesses, they surreptitiously stole his shares using the, as part of the reorganization to support their 10% ownership in the newly organized TBS. These Defendants pushed Captain Meimaris out of the bank reorganization deal.  He was a founder of TBSI and should have automatically a participant in the deal.  These Defendants instructed Jaime Leroux make Captain Meimaris' shareholding's in TBS Ecuador disappear.  The list goes on and on of the wrongdoings of these Defendants, Messrs. Royce and Blatte.  The Plaintiffs can prove many sets of facts to support their claims and entitle them to relief.  Further, the Court May take Judicial notice of the dying declaration affidavit of Captain Meimaris attached hereto, as well as the documents indicating Captain Meimaris' shareholdings in TBSI and TBSCG.

Finally, these claims are not time barred and there are no statute of limitations issues.   In most instances Plaintiffs are within the regular statute of limitations for each cause of action, in all instances they are within the statute of limitations of the the continuous wrong doctrine.

These wrongdoing began as far back as 2008 and ended only recently with the sale and dissolution of TBSCG companies.  The Bankruptcy case was concluded on June 29, 2012.

This complaint is sufficient and all of the factual allegations contained herein should be construed in Plaintiffs favor.  The motion to dismiss is devoid of all legal and factual basis and

should be denied for all of the reasons set forth herein and discovery should be compelled.

## II.     Plaintiff Helen Meimaris has standing to sue as an Individual

The Court has subject matter jurisdiction over Helen Meimaris.  Article III of the U.S. Constitution  confers on federal courts  the jurisdiction to resolve "cases" and "controversies". U.S. Const. art. III §2.  *Mahon v. Ticor Title Ins. Co., 683 F3rd 59,62 (2d Cir. 2012)*.  In order to have standing a plaintiff must demonstrate: (1) a personal injury in fact , (2) that the challenged conduct of the Defendant caused and (3) which a favorable decision will likely redress.  *Id.*  In this case, Plaintiff, Helen Meimaris suffered pecuniary and emotional injury at the hands of these Defendants.  These Defendants stole from her and her husbands livelihood.  Plaintiff and her husband were partners in every sense of the word.  They held bank accounts jointly, they held all of their real property jointly and there business' and various companies jointly.  They had reciprocal wills leaving all of their interests not to their children, but to the surviving spouse, each other.  As a beneficiary under Captain Meimaris' will, Helen Meimaris, certainly has standing to sue.  They even moved to Brazil together for a period of about 2 years when Captain Meimaris worked for TBSI, as he and the other founders decided that TBSI needed a company opened in Brazil.

The various illegal acts and wrongdoings of the Defendants, herein discussed, causes Mrs.Meimaris' injuries.   Such as the stealing of shares in TBSCG, the usurping of the Ecuadorian business opportunity, the mandate to Captain Meimaris not to sell his shares in TBSI , the list goes on and on. The Defendants conduct  not only caused Mrs. Meimaris to lose a substantial amount of money, but also, their conduct caused her emotional harm, as she watched

her beloved husband, suffer at the hands of the Defendants.  Rather than have peace at the time before his death, Captain Meimaris ruminated over thievery  of his interests by these Defendants and what this meant for his family, whom he worked all his life to provide for.   He did not die without regrets.  This was heartbreaking for all of his family, especially his wife.  They had worked side by side together building a life and establishing a legacy for their children and grandchildren.  Now it was all gone.  A favorable decision for Mrs. Meimaris could  redress the pecuniary losses she suffered, and it  would address the her emotional suffering.

**III.**       **PLAINTIFFS ALLEGATIONS OF FRAUD ARE SUPPORTED BY FACTUAL ASSERTIONS AND THE TAC SHOULD NOT BE DISMISSED**

**A.**    **The Fourth Cause of Action States a Claim of Fraud against  Mr, Prieto**

Under Section 3016(b) of the New York Civil Practice Laws and Rules ("C.P.L.R.") "a cause of action for breach of fiduciary duty must be plead with particularity."   Further, where a Plaintiff sounds breach of fiduciary duty action on fraud, Plaintiff must adequately plead the elements of fraud.  1) a false representation made as a statement of fact; (2) that was untrue and known to be untrue by the party making it; (3) made to the induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." *Datto Inc. v. Braband, 856 F. Supp. 2d 354, 360 (D. Conn 2012*). In *Kermanshah v. Kermanshah, 580 F. Supp. 2d 247 (S.D.N.Y. 2008)* Where a breach of fiduciary duty is premised on fraud, the court may also look into false representations or material omissions. *Henneberry v. Sumitomo Corp. of Am., 532 F. Supp. 2d 523, 555 (S.D.N.Y. 2007)*. Conduct may be considered fraud where a "*debtor engaged in actual fraud when it stole the plan's mail order business. Cost Controls v. Am. Preferred Prescription (In re Am. Preferred Prescription), 1997 Bankr. LEXIS 387, at \*64 (Bankr. E.D.N.Y. Mar. 21, 1997, Chapter 11, Case No.* 893-84170-478 *(FGC), Adv. Pro. No.* 895-8419-346 *(FGC).*

9

Mr. Prieto does not deny that he called Captain Meimaris with regard to his shares in TBSCG. Further, he does not deny that he prepared a document which purported to have Captain Meimaris relinquish all his rights and interests in TBSCG. Finally, he also does not deny that Ms. Tara Demakes was sent the document described above in order to give it Captain Meimaris' daughter, so that she couldn't give it to Captain Meimaris to sign. (ECF No. 73 pgs. 3-4)

As stated above, when judging a 12(b)(6) motion the Court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor". *Selvan, Supra.*   In this case Mr. Prieto prepared a document for Captain Meimaris to sign. The document was a document to induce Captain Meimaris to relinquish his shares in TBSCG. Mr. Prieto knew that this document would take away all of Captain Meimaris' shares, yet he prepared it and sent it to him. Mr, Prieto, has tremendous wherewithal. After all, as he himself states, he is an attorney with over 43 years experience. In what world would someone give up their shares for no compensation if there was not wrongdoing afoot? This conduct also amounts to fraud. That is, the preparation of the document and sending to Captain Meimaris to sign. *See Cost Controls Supra.*   Mr. Prieto knew that this document was a document that would defraud Captain Meimaris and steal from him  his share interest in TBSCG, nevertheless, he sent it to him, with the intent that Captain Meimaris sign the document and return it to him. (*See* Meimaris Aff. Ex. 6,7) The injury would have been Captain Meimaris no longer having shares in TBSCG.

Under F.R.C.P. 9(b) a "party must state with particularity the circumstances constituting fraud..." One cannot plead more particularly than asserted herein above. How is it not fraud if Mr. Prieto prepared the document, sent Captain Meimaris the document and expected him to sign the document, which would thereby cause Captain Meimaris to no longer have a 10% ownership in TBSCG?  Clearly it is fraud. Further, Mr. Prieto not only committed fraud but committed breach of fiduciary duty based on fraud.

Mr. Prieto was the Attorney for TBSI. Captain Meimaris was a founder of TBSI. Mr. Prieto owed Captain  Meimaris a fiduciary duty as the Company Attorney. Mr. Prieto breached that duty when he tried to have Captain Meimaris sign over his 10% ownership in TBSCG without compensation. All of these acts confer liability on Mr. Prieto and therefore, this claim should not be dismissed as a prima facie tort committed by Mr. Prieto has been established.

**B.**        **THE SIXTH CAUSE OF ACTION FOR CONSPIRACY TO COMMIT**
              <u>**FRAUD STATES A CAUSE OF ACTION AGAINST MR. PRIETO**</u>

*In Nadelson v. Zakharchenko, 2014 NY Slip Op. 32552(U)*   the Court stated that *"the allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives. Therefore, under New York law, in order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement."*

In this case, as alleged herein *Supra,* there is a cognizable tort, it is fraud.  Further, there was an agreement among Messrs. Royce, Blatte and Prieto regarding committing this fraud.  Mr. Prieto himself agrees that he had asked Captain Meimaris whether Mr, Royce had told him about the document and that he advised Captain Meimaris to speak with Mr. Royce.  (ECF No. 73 pgs. 3-4). This clearly indicates that Mr. Prieto and Mr. Royce had spoken about the document and its contents and the ramifications of this document.   Thus, creating the agreement among the conspirators.   Finally, the action of trying to fax the document to Captain Meimaris and then sending it to Ms. Demakes to give to Captain Meimaris' daughter to give to Captain Meimaris, is the overt action in furtherance of this conspiracy.  Ms. Demakes statement to Captain Meimaris' daughter that the document was "prepared by Mr. Prieto and that the Meimaris' are giving up all of their rights and interests in TBSCG for no compensation." (ECF No. 62). These are all hard facts to confer conspiracy liability on Mr. Prieto.  Facts which Mr. Prieto has not denied.  For the

foregoing reasons this claim should not be dismissed.

IV.         **PLAINTIFFS CLAIMS FOUR AND SIX ARE NOT TIME BARRED**

    A.     **Claim Four is Not Time Barred**

Defendants used TBSCG in the Bankruptcy proceeding.  The Bankruptcy proceeding concluded on June 29, 2012.  (See  Meimaris Aff. Ex. 8) This case commenced May 21, 2018.  Under N.Y.C.P.L.R. §213 (8) the statute of limitations for fraud is the "greater" of six years from when the fraud occurred or two years from when the Plaintiffs discovered it.  In this case, The fraud commenced in 2012.  The tolling of the statute could be either June 29, 2012, when the Bankruptcy case closed, or as recent as this year with the closing of some of TBSCG's companies.  Plaintiffs are within the statute of limitations.  If the date the Defendants actually used TBSCG for the Bankruptcy is used, Plaintiffs again are within the limitations period under the continuous wrong doctrine.   If this claim falls under the continuous wrongdoing doctrine, as such, Plaintiffs are   also within the statute of limitations period.   Under the "continuous wrong doctrine" the limitations period is tolled to the commission of the last wrongful act. *Nuss v. Salad, 2016 U.S. Dist. LEXIS 98529, at \*28-29 (N.D.N.Y. July 28, 2016, No. 7:10-cv-0279.  In New York, the Courts have applied this doctrine to cases of fraud.  Tiberi v. CIGNA Corp.89 F3rd 1423 (10th Cir 1996), Merine ex. Rel.-Util. Fund v. Prudential-Bache Util. Fund.m859 F.Supp 715, 725 (S.D.N.Y. 1994).   Affordable Hous. Assoc., Inc. v. Town of Brookhaven, 150 A.D.3d 800 (2d Dep't 2017). The Second Department has held it applicable in fraud cases. Lucchesi v. Perfetto, 72 A.D.3d 909, 910 (2d Dep't 2010); Sullivan v. Keyspan Corp., 155 A.D.3d 804, 807 (2d Dep't 2017) and Izzo v. Town of Smithtown, 151 A.D.3d 1035, 1035 (2d Dep't 2017).*

Defendants began their scheme of fraud in 2008, when they prevented Captain Meimaris from selling his shares in TBSI.  The last wrongful act could either be construed as the date the Bankruptcy case was concluded, June 29, 2012 or as recent as this year with the closing of the TBSCG companies. Finally, the question of when the statute tolls is a question of a triable issue of fact which is raised by the

Plaintiff for the jury to determine.   3rd & 6th, LLC v. Berg, 149 AD3d 794, 795-796 (2d Dep't 2017); McDermott v. Torre, 82 A.D.2d 152, 153 (1st Dep't 1981), Demchik v. Gen. Motors Corp., 821 F2d 102, 106 (2d Cir. 1987). In so being, the jury should decide the issue of the tolling of the statute of limitations. For the foregoing reasons, this claim should not be dismissed as these Defendants stole his 10% ownership in TBSCG.

**B.      Claim Six is Not Time Barred**

Claim Six for conspiracy is not time barrred.   The conspiracy began in 2008 with the mandate from Messrs. Royce and Blatte to  Captain Meimaris not to sell his shares in TBSI.  The last wrongful act could either be construed as the date the Bankruptcy case was concluded, June 29, 2012 or as recent as this year with the closing of the TBSCG companies.   This claim falls under the continuous wrongdoing doctrine, as such, Plaintiffs are within the statute of limitations period.   Under the "continuous wrong doctrine" the limitations period is tolled to the commission of the last wrongful act.   Nuss v. Salad, 2016 U.S. Dist. LEXIS 98529, at *28-29 (N.D.N.Y. July 28, 2016, No. 7:10-cv-0279.  In New York, the Courts have applied this doctrine to cases of fraud.  Tiberiv. CIGNA Corp.89 F3rd 1423 (10th Cir 1996), Merine ex. Rel.-Util. Fund v. Prudential-Bache Util. Fund.m859 F.Supp 715, 725 (S.D.N.Y. 1994).    Affordable Hous. Assoc., Inc. v. Town of Brookhaven, 150 A.D.3d 800 (2d Dep't 2017). The Second Department has held it applicable in fraud cases. Lucchesi v. Perfetto, 72 A.D.3d 909, 910 (2d Dep't 2010); Sullivan v. Keyspan Corp., 155 A.D.3d 804, 807 (2d Dep't 2017) and Izzo v. Town of Smithtown, 151 A.D.3d 1035, 1035 (2d Dep't 2017).

Finally, the question of when the statute tolls is a question of a triable issue of fact which is raised by the Plaintiff for the jury to determine.  3rd & 6th, LLC v. Berg, 149 AD3d 794, 795-796 (2d Dep't 2017); McDermott v. Torre, 82 A.D.2d 152, 153 (1st Dep't 1981), Demchik v. Gen. Motors Corp., 821 F2d 102, 106 (2d Cir. 1987). In so being, the jury should decide the issue of the tolling of the statute of limitations.

For the foregoing reasons, this claim should not be dismissed as these Defendants stole his 10% ownership in TBSCG. The conspiracy continued on through June 29, 2012, with the closing of the Bankruptcy Reorganization case.

## **CONCLUSION**

What is clear from the foregoing, is that these Defendants should not be allowed to steal from the Plaintiffs.  These Defendants should be made accountable for their actions to the fullest extent of the law, in Court, in front of a Jury.   Thus, the Plaintiffs' Third Amended Complaint should not be dismissed. Moreover, the Court should permit, Plaintiffs respectfully request that they be allowed to amend their complaint to conform with the evidence following discovery.

Based upon the foregoing,   Plaintiffs respectfully request  the Court to deny Defendants' motion dismiss, order that discovery proceed and grant any such other relief the Court may deem appropriate

.

Dated: New York, NY

October 15, 2018

ALKISTIS G. MEIMARIS, ESQ.

By:     /s/ Alkistis G. Meimaris
        Alkistis G. Meimaris, Esq.
        240 Fifth Avenue, M250
        New York, New York  10001
        Tel. No.: (201) 615-3220
        Fax No.: (201) 886-2810
        alkistism@aol.com

cc:     Counsel of record, via ECF

14