UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HELEN MEIMARIS AS EXECUTRIX AND LEGAL
REPRESENTATIVE OF THE ESTATE OF ALKIVIADES
MEIMARIS AND HELEN MEIMARIS

                 1:18-cv-4363 (GBD)(BCM)

         Plaintiffs,

   -against-

JOSEPH E. ROYCE, et al.,

         Defendants.
_____


**DEFENDANT PRIETO'S REPLY**
**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**
**THE THIRD AMENDED COMPLAINT**


            CARDILLO & CORBETT
            Attorneys for Defendant
            TULIO PRIETO
            145 Hudson Street, Suite 5C
            New York, New York 10013
            Tel. No. 212-344-0464
            Fax  No. 212-797-1212


Of Counsel
Tulio R. Prieto
James P. Rau

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT I

    PLAINTIFFS' ALLEGATIONS OF FRAUD ARE
    UNSUPPORTED BY ANY FACTUAL ASSERTIONS,
    AND THEREFORE, THE TAC SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    The Test Relied Upon by Plaintiffs to
              Judge the Sufficiency of The Complaint
              was Retired a Decade Ago by the Supreme Court. . . . . . . . . . . . . . . . . . . . . 4

        B.    The Fourth Cause of Action Fails to
              State a Claim Against Prieto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.    The Sixth Cause of Action for Conspiracy
              to Commit Fraud Fails to State a Claim
              Against Prieto.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II

    PLAINTIFFS' CLAIMS ALLEGING FRAUD
    AND CONSPIRACY TO COMMIT FRAUD
    ARE BARRED BY THE APPLICABLE STATUTE
    OF LIMITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

**CASES**

*Agostini v. Sobol*
304 A.D.2d 395 (1st Dep't 2003).......................................................... 7

*Ashcroft v. Iqbal*
556 U.S. 663 (2009)............................................................................ 4

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)............................................................................ 4

*Brownstone Inv. Group, LLC v. Levey*
468 F.Supp 2d 654 (S.D.N.Y 2007)..................................................... 7

*Chase v. Columbia Nat'l Corp.*
832 F. Supp. 654 (S.D.N.Y. 1993)....................................................... 8

*Conley v. Gibson*
355 U.S. 41 (1957).............................................................................. 4

*Cost Controls v. Am. Prefered Prescription*
1997 Bankr. LEXIS 387 (Bankr. E.D.N.Y. March 21, 1997)............. 5,6

*Eurycleia Partners, LP v. Seward & Kissel, LLP*
12 N.Y.3d 553 (2009).......................................................................... 7

*Green v. Bauvi*
792 F. Supp. 928 (S.D.N.Y 1992)....................................................... 6

*Murray v. Metro. Life Ins. Co.*
583 F.3d 173 (2d Cir. 2009)................................................................ 7

*Osby v. City of New York*
2016 U.S. Dist. LEXIS 108034 (S.D.N.Y. 2016)................................ 2

*Teamsters Allied Benefit Funds v. McGraw-Hill Companies, Inc.,*
2010 U.S. Dist. LEXIS 23052 (S.D.N.Y. March 10, 2010).................. 6

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*
687 F. Supp. 832 (S.D.N.Y. 1988)....................................................... 6

*Thome v. Alexander & Louisa Calder Found,*
70 A.D.3d 88 (1st Dep't 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wright v. Ernst & Young Llp*
152 F.3d 169 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yucyco, Ltd. v. Republic of Slovenia*
984 F. Supp. 209 (S.D.N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

*CPLR 206(8).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**RULES**

*Fed.R.Civ.P. 12(b)(6)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

**PRELIMINARY STATEMENT**

Defendant Tulio Prieto ("Prieto") respectfully submits this reply memorandum of law in response to Plaintiffs' opposition papers and in further support of his motion to dismiss the Third Amended Complaint ("TAC").

As shown in the Prieto moving memorandum of law [ECF Doc. 73], Plaintiffs have failed to state a claim for fraud (Claim 4) and conspiracy to commit fraud (Claim 6) because neither claim has stated a "plausible claim for relief" and both claims are also barred by the statute of limitations.

The TAC without any basis in law or fact alleges that Prieto took part in a fraud against Plaintiffs' decedent Captain Alkiviades Meimaris ("Meimaris"), wherein Meimaris lost his 10% interest in the privately owned TBS Commercial Group ("CG"), when his shares therein were allegedly used as part of a reorganization plan confirmed in March, 2012, of the publicly owned TBS Shipping companies ("TBS") without his knowledge or consent. The TAC's only purported factual allegations against Prieto, however, relate to a single telephone call made by him in October 2011 to Meimaris concerning a document that he allegedly prepared as an attorney for Meimaris' signature which stated that he was giving up his interest in the CG without compensation. The TAC makes clear that Prieto never discussed the document during that conversation (or at any other time) once Meimaris indicated that he was unfamiliar with it. In addition, the TAC specifically alleges that Meimaris never signed this document upon the advice of his daughter, Plaintiffs' counsel herein.

Accordingly, not a single necessary element of a fraud claim has been plausibly alleged against Prieto.  There is no alleged misrepresentation by Prieto that Meimaris relied upon relating to his CG stock which caused him damages.  Nor can there be any conspiracy by Prieto

to defraud him of his CG stock based on such threadbare allegations. As Prieto's only alleged involvement with Meimaris relating to this purported fraud claim took place in 2011, both it and the dependent conspiracy claim are also barred by the statute of limitations.

Although Plaintiffs submitted separate sets of opposition papers in response to each one of the three motion to dismiss, Plaintiffs' memorandum of law in opposition to Prieto's motion to dismiss [ECF Doc. 83] ("Op. Memo"), mainly consists of a hodgepodge of arguments and assertions directed to the other moving defendants. Indeed, nowhere in the first 9 pages of the 14 page Op. Memo. do Plaintiffs even refer to Prieto's grounds for dismissal, much less attempt to address them. This is not surprising given the specious and unfounded claims against him.

Nor do Plaintiffs' counsel's affirmation [ECF Doc. 84] and the 9 exhibits attached thereto [ECF Docs. 90-1, 90-2, 91-1, 91-2, 92-1, 93-1, 93-2, 94-1, 94-2] lend any support to the spurious fraud claims against Prieto. All of these exhibits should be disregarded by the Court, because they were not annexed to the TAC, incorporated by reference therein or made an integral part thereof. *See e.g., Osby v. City of New York, 2016 U.S. Dist. LEXIS 108034 *6 (S.D.N.Y. 2016).* Those exhibits also are totally irrelevant to Prieto's motion of dismiss. In any event, were the Court to consider any of those exhibits, Exhibit 1 to the affirmation, the affidavit of Meimaris (prepared in 2013 by Plaintiffs' counsel), actually supports Prieto's motion to dismiss. That is, the few sentences in that affidavit referring to Prieto do nothing more than describe the single phone call in 2011 (discussed above) and demonstrate conclusively the utter lack of any factual basis to support the alleged fraud claims against Prieto [ECF Doc. 90-1, ¶ 22].

In addition, in apparent recognition of the fatal flaws in the fraud claims alleged

-2-

against Prieto, Plaintiffs now improperly try to raise for the first time in their opposition papers a new claim against him for alleged breach of fiduciary duty, which claim is <u>not</u> alleged in the TAC. It is well settled that new allegations raised for the first time in opposition papers cannot be considered on a motion to dismiss under Rule 12(b)(6). It is also considered axiomatic that a party cannot amend its complaint through a brief in opposition to such a motion. Incredibly, Plaintiffs have filed 6 versions of the Complaint in this Court and the New York State Supreme Court [ECF Doc. 65], and never included this purported claim therein. Therefore, these new allegations must be rejected out of hand.

Moreover, the alleged breach of fiduciary duty claim is as baseless as the purported fraud claims. Plaintiffs argue in their brief without citation to any legal authority that as "Prieto was the attorney for TBSI" [the reorganized public company], he therefore owed Meimaris a fiduciary duty as "a founder of TBSI." (Op. Memo., p. 10). As shown below, this absurd contention is contrary to well established law that a corporation's attorney represents the corporate entity, not its shareholders or constituents, and the only fiduciary duty a lawyer owes is to his client, the corporation. Thus, the assertion that Prieto owed a fiduciary duty to Meimaris is without any legal foundation.[1] Any claim for breach of fiduciary duty would also be barred by the applicable three year statute of limitations (as shown in the briefs of the other moving defendants).

In short, Prieto a long practicing attorney should never have been joined as a party in this action where the TAC utterly fails to state any claim against him.

---

[1] It must also be noted that Meimaris in his affidavit (¶ 22) clearly understood that "Tulio Prieto ("Prieto") was TBS [sic] Maritime Attorney" and never claims therein that Prieto was his attorney, nor does the TAC.

## ARGUMENT

## POINT I

### PLAINTIFFS' ALLEGATIONS OF FRAUD ARE UNSUPPORTED BY ANY FACTUAL ASSERTIONS AND THEREFORE THE TAC SHOULD BE DISMISSED

**A.  The Test Relied Upon by Plaintiffs to Judge the Sufficiency of The Complaint was Retired a Decade Ago by the Supreme Court**

At page 6 of the Op. Memo, Plaintiffs cite *Conley v. Gibson, 355 U.S. 41 (1957)* for the proposition that "[a] complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". In *Ashcroft v. Iqbal, 556 U.S. 663, 670 (2009)*, the Supreme Court stated that in *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*, it had "retired the *Conley* no-set-of-facts test" when evaluating whether a complaint is sufficient to survive a motion to dismiss pursuant to *Fed.R.Civ.P. 12(b)(6)* motion to dismiss. Quoting *Twombly*, the Supreme Court further stated in *Iqbal* that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *556 U.S. 678*. *Twombly*, and its progeny, were extensively cited and discussed by Prieto and the other moving Defendants in their supporting memoranda, which cases are deliberately ignored by Plaintiffs.[2]

---

[2] Plaintiffs assert at pages 10 and 11 of their Op. Memo that Prieto "does not deny" or "agrees" with their allegations. Of course, that is not true. Issue has not been joined and for purposes of the present motion to dismiss, all factual allegations in the complaint are accepted as true.

**B.     The Fourth Cause of Action Fails to State a Claim for Fraud Against Prieto**

Plaintiffs acknowledge that a plaintiff "must adequately plead the elements of fraud. 1) a false representation made as a statement of fact; (2) that was untrue and known to be untrue by the party making it; (3) made to induce the other party to act upon; and (4) the other party did so act upon that false representation to his injury." (Op. Memo. p. 9). Claim 4 of the TAC, however, utterly fails to allege a single necessary element of a fraud claim against Prieto. The TAC does not allege that Prieto made any misrepresentation whatsoever, whether with respect to the document he is alleged to have prepared and sent to Meimaris in October 2011 by which Meimaris would relinquish his shares in CG without compensation, or as to anything else. According to the TAC, Meimaris also refused to sign this document, and therefore, could not have suffered any injury (even had there been any allegation of falsehood concerning the contents of the document or representations made concerning it).[3]

Rather, Plaintiffs simply assert the fraud claim against Prieto without any factual basis and in a purely conclusory, speculative and argumentative manner. No inference of fraud can be drawn from allegations that are insufficient to meet any of the elements of fraud.

Plaintiffs' citation of *Cost Controls v. Am. Prefered Prescription, 1997 Bankr. LEXIS 387 (Bankr. E.D.N.Y. March 21, 1997)* is totally inapposite. Plaintiffs rely on *Cost Controls* to attempt to support their argument that Prieto committed fraud by preparing and sending a document that provided that Meimaris was giving up his shares in CG without compensation. *Cost Controls* held that it is fraudulent for a defendant in a pending action to

---

[3] In fact, according to the TAC, Meimaris lost his interest in the CG as a result of the March 2012 reorganization plan and not as a result of the unsigned letter allegedly prepared by Prieto.

transfer its assets for no consideration to a related company. *1997 Bankr. LEXIS 387 \*71-83*. That holding is obviously irrelevant and does not in the least support Plaintiffs' contention that it is fraudulent for an attorney to allegedly prepare and send a document to a shareholder that provides that the shareholder is relinquishing his shares.

In an attempt to shore up their deficient complaint, Plaintiffs contend, for the first time at page 10 of the Op. Memo, that Prieto owed a fiduciary duty to Meimaris and that he violated that duty by allegedly preparing and sending a document that provided that Meimaris was relinquishing his shares in CG. According to Plaintiffs, Prieto owed a fiduciary duty to Meimaris, because Prieto represented TBS and Meimaris was a founder of TBS.

Such allegations should not be considered by the Court, because they were not made in the TAC. *Wright v. Ernst & Young Llp, 152 F.3d 169, 178 (2d Cir. 1998)*("In fact, an alleged duty...did not enter the case until Wright mentioned it for the first time in her opposition memoranda to the motion to dismiss."); *Teamsters Allied Benefit Funds v. McGraw-Hill Companies, Inc., 2010 U.S. Dist. LEXIS 23052 \*25 (S.D.N.Y. March 10, 2010)*("These alleged facts and this theory of liability are not pleaded in the Complaint, however, and '[i]t is well-settled that a 'claim for relief may not be amended by the briefs in opposition to a motion to dismiss.'" citing *Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 216-217 (S.D.N.Y. 1997)(quoting Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988))*; *Green v. Bauvi, 792 F. Supp. 928, 936 n. 11 (S.D.N.Y. 1992)*("The Court will not consider the allegations against [defendant] contained in Plaintiff's papers submitted in connection with this motion.").

Even if the Court were to consider Plaintiffs' new contention, the law is clear that

Prieto does not owe a fiduciary duty to Meimaris simply because he was an attorney for TBS. An attorney for a corporation owes no fiduciary duty to its shareholders or other constituents. *Murray v. Metro. Life Ins. Co., 583 F.3d 173, 177 (2d Cir. 2009)*("It is well-settled that outside counsel to a corporation represents the corporation, not its shareholders or other constituents."); *See also, Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 561-62 (2009)* (holding that a law firm that represented a limited partnership did not owe a fiduciary duty to the plaintiff limited partner, and therefore, had no duty to make affirmative disclosures to plaintiff).

      C.      **The Sixth Cause of Action for Conspiracy to Commit Fraud Fails to State a Claim Against Prieto**

The allegation in their Claim 6 that Prieto conspired to commit a fraud by depriving Meimaris of his shares in CG is also without merit. Plaintiffs repeat the same baseless contentions that Prieto committed a fraud by preparing and sending a document providing that Meimaris was giving up his shares, with the addition, in totally conclusory terms, that he must have conspired with the other individual defendants to do so.[4] As shown above, Prieto's alleged acts in 2011 do not satisfy any of the elements of a fraud claim, nor is such a claim timely.

Since there is no viable claim of fraud and the applicable law does not recognize a cause of action for conspiracy to commit a fraud, this claim and the TAC should be dismissed. *Agostini v. Sobol, 304 A.D.2d 395 (1st Dep't 2003)*("A mere conspiracy to commit a fraud is never of itself a cause of action")(internal quotes omitted) .

---

[4] To survive a motion to dismiss the complaint "must allege specific times, facts, and circumstances of the alleged conspiracy", which the TAC utterly fails to do with respect to the alleged conspiracy by Prieto. *Brownstone Inv. Group, LLC v. Levey, 468 F. Supp. 2d 654, 661 (S.D.N.Y. 2007)*.

## POINT II

### PLAINTIFFS' CLAIMS ALLEGING FRAUD AND CONSPIRACY TO COMMIT FRAUD ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

In an attempt to save their claim from being barred by the statute of limitations, Plaintiffs make the remarkable claim at page 12 of the Op. Memo that the alleged fraud in Claim 4 of the TAC "commenced in 2012", thereby admitting that Prieto's alleged actions in October 2011 did not amount to fraud and expressly contradicting their contention only two pages before on page 10 that those alleged actions did amount to fraud. Apparently Plaintiffs want to have it both ways, contending that Prieto committed a fraud in October 2011, but then arguing that for purposes of the statute of limitations the fraud commenced in 2012. Whether Plaintiffs' arguments are considered incoherent or cynical and malicious, they should be rejected.[5]

In any event, if, as Plaintiffs contend at page 10 of the Op. Memo, the "fraud" occurred in October 2011, the claim is time barred, because Plaintiffs did not file this action until May 17, 2018. The New York statute of limitations for fraud is six years from the date of commission, or two years from the date the plaintiff discovered, or should have discovered, the fraud, whichever is longer. *CPLR 206(8)*; *Chase v. Columbia Nat'l Corp., 832 F. Supp. 654, 659 (S.D.N.Y. 1993)*("An action for fraud must be commenced within six years of the commission of the fraud or within two years from its discovery, whichever is longer."). Since Plaintiffs assert

---

[5] Plaintiffs allege in the TAC at ¶ 124 that the reorganization of TBS ultimately caused Meimaris to lose his interests in CG. Any fraud claim based thereon is also beyond the six year statute of limitations because the reorganization was filed in February 2012, and resolved in March 2012, when the reorganization plan was confirmed, more than six years before the present action was filed in May 2018. [ECF Doc. 58, pp. 2-3].

that Meimaris discovered the alleged fraud in the summer of 2013 (TAC ¶ 13), whether measured from commission or discovery Plaintiffs' fraud claim alleged in Claim 4 against Prieto is now time barred.

In addition, when the underlying tort is time barred, as is the case here, it cannot form the basis of a conspiracy claim. *Thome v. Alexander & Louisa Calder Found, 70 A.D.3d 88, 110 (1st Dep't 2009)*("Since none of plaintiff's tort claims are viable and timely, those claims cannot form the basis for a civil conspiracy cause of action.")(internal citations omitted). Accordingly, Claim 6 alleging conspiracy should also be dismissed.

Finally, Plaintiffs' reliance on the "continuous wrong theory" is misplaced. The only "wrong" alleged by Plaintiffs against Prieto in the TAC is that he prepared and sent a document providing that Meimaris was relinquishing his shares in CG, which Meimaris refused to sign. As there was no initial tort or "wrong" by Prieto as shown above, there can be no "continuing wrong" by him. In addition, there are no allegations in the TAC with regard to Prieto beyond 2011, so there is absolutely no basis for this limited tolling doctrine to be applied to the claims asserted against him in the TAC.

## CONCLUSION

It is respectfully submitted that the Court should grant Defendant Prieto's motion to dismiss the TAC with prejudice as to Prieto and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 29, 2018

CARDILLO & CORBETT
Attorneys for Defendant
TULIO PRIETO

By: */s/ Tulio R. Prieto*
Tulio R. Prieto
Office and P.O. Address
145 Hudson Street, Suite 5C
New York, New York 10013
Tel: (212) 344-0464
Fax: (212) 797-1212
Email: tprieto@cardillocorbett.com

Of Counsel
James P. Rau
Email: jrau@cardillocorbett.com