UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN MEIMARIS, AS EXECUTRIX AND LEGAL REPRESENTATIVE OF THE ESTATE OF ALKIVIADES MEIMARIS, and HELEN MEIMARIS,<br><br>         Plaintiffs,<br><br>     vs.<br><br>JOSEPH E. ROYCE, LAWRENCE A. BLATTE, TULIO PRIETO, JAIME LEROUX, TBS Shipping Services Inc., Guardian Navigation, Services Inc., Gruposedei and Technisea,<br><br>         Defendants. | 18-cv-4363 (GBD) (BCM) |

**REPLY IN FURTHER SUPPORT OF MOTION
TO DISMISS THIRD AMENDED COMPLAINT AND FOR A STAY OF
DISCOVERY BY DEFENDANTS TBS SHIPPING SERVICES INC. AND
GUARDIAN NAVIGATION SERVICES INC.**

# TABLE OF CONTENTS

                                                                                               **Page**

Argument ............................................................................................................................. 1

I.     Plaintiffs' Claims Against the Company Defendants Are Not Timely Under Applicable Statutes of Limitations. ........................................................................... 1

II.    Plaintiffs Fail to Plead a Cognizable Claim Against the Company Defendants. ....... 5

        A.     The Individual Defendant Causes of Action Fail to Plead Cognizable Claims Against the Company Defendants. ....................................................... 6

        B.     The Seventh Cause of Action Sounding in Aiding and Abetting Fails to Plead a Cognizable Claim Against the Company Defendants. .......................... 9

III.   Helen Meimaris Lacks Standing to Assert the Claims in the Complaint. ............... 10

Conclusion ......................................................................................................................... 10

TABLE OF AUTHORITIES

**CASES**

*Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759 (S.D.N.Y. 2006)...................................................... 7

*Ashton v. Al Qaeda Islamic Army*,
    298 F. Supp. 3d 631 (S.D.N.Y. 2018)........................................................................................ 8

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2011) ................................................................................................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 7

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)....................................................................................................... 3

*Chapin Home for the Aging v. McKimm*,
    No. 11-CV-667, 2013 U.S. Dist. LEXIS 34305 (E.D.N.Y. Mar. 11, 2013)............................. 8

*Conley v. Gibson*,
    355 U.S. 41 (1957)...................................................................................................................... 7

*De La Fuente v. DCI Telecomms., Inc.*,
    259 F. Supp. 2d 250 (S.D.N.Y. 2003)................................................................................... 5, 6

*Ferro v. Ry. Express Agency, Inc.*,
    296 F.2d 847 (2d Cir. 1961)....................................................................................................... 6

*Gass v. Mamedova-Braz*,
    No. 15-CV-3799, 2017 U.S. Dist. LEXIS 132920 (S.D.N.Y. Aug. 18, 2017)..................... 10

*In re Take-Two Interactive Sec. Litig.*,
    551 F. Supp. 2d 247 (S.D.N.Y. 2008)................................................................................... 3, 7

*Izzo v. Town of Smithtown*,
    151 A.D.3d 1035, 58 N.Y.S.3d 106 (2d Dep't 2017)............................................................. 4

*Kwan v. Schlein*,
    441 F. Supp. 2d 491 (S.D.N.Y. 2006)....................................................................................... 2

*Lucchesi v. Perfetto*,
    72 A.D.3d 909, 899 N.Y.S.2d 341 (2d Dep't 2010) ............................................................... 4

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*,
    265 F.R.D. 106 (S.D.N.Y. 2010) ............................................................................................... 3

*Mangiafico v. Blumenthal,*
 471 F.3d 391 (2d Cir. 2006)...........................................................................................3

*Merine ex rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund,*
 859 F. Supp. 715 (S.D.N.Y. 1994) ................................................................................5

*Nuss v. Sabad,*
 No. 10-CV-0279, 2016 U.S. Dist. LEXIS 98529 (N.D.N.Y. July 28, 2016) .................5

*Ogbon v. Beneficial Credit Servs.,*
 No. 10-CV-03760, 2011 U.S. Dist. LEXIS 11615 (S.D.N.Y. Feb. 1, 2011)..................7

*Salahuddin v. Cuomo,*
 861 F.2d 40 (2d Cir. 1988).............................................................................................7

*SEC v. Yorkville Advisors, LLC,*
 305 F. Supp. 3d 486 (S.D.N.Y. 2018)............................................................................3

*Sullivan v. Keyspan Corp.,*
 155 A.D.3d 804, 64 N.Y.S.3d 82 (2d Dep't 2017) ........................................................4

*White v. Alkoutayni,*
 18 A.D.3d 540, 794 N.Y.S.2d 667 (2d Dep't 2005) ......................................................8

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.,*
 530 F. Supp. 2d 486 (S.D.N.Y. 2007)..........................................................................10

**RULES AND REGULATIONS**

Fed. R. Civ. P. 8 ......................................................................................................................6

The Company Defendants,[1] by and through their attorneys, respectfully submit this reply in further support of their motion to dismiss the Complaint (the "Motion") and in response to Plaintiffs' Memorandum of Law in Opposition to the Motion, filed October 16, 2018 [ECF Doc. No. 81] ("Plaintiffs' Opposition" or "Pl. Mem.").

## ARGUMENT

### I. Plaintiffs' Claims Against the Company Defendants Are Not Timely Under Applicable Statutes of Limitations.

Even if, *arguendo*, the longer six year statute of limitations applied to all of Plaintiffs' claims (*see* TBS Mem. at 18), Plaintiffs do not, and cannot, allege that any of the alleged misconduct occurred after May 21, 2012, *i.e.*, six years before this action was commenced. (*See* Pl. Mem. at 22-23).

***First***, Plaintiffs' claim that the third and fourth causes of action accrued on June 29, 2012, the date the TBS Bankruptcy was "closed" (Pl. Mem. at 22-23), is belied by the allegations in the Complaint. Specifically, the third cause of action (TAC ¶¶ 91-103) alleges that Royce and Blatte fraudulently prevented Meimaris from participating in the Preferred Stock Offering in 2010-11 (TAC ¶ 92; Pl. Mem. at 22). The fourth cause of action (TAC ¶¶ 104-27) alleges that Prieto and Royce defrauded Meimaris out of his interest in Commercial Group in late 2011 (TAC ¶¶ 44-46, 108, 124; Pl. Mem. at 22). Each of those fraud claims accrued at the time of the alleged misconduct, months before the TBS Bankruptcy was even filed.[2] *See Kwan v.*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Company Defendants' Memorandum of Law in Support of Motion to Dismiss Third Amended Complaint and For a Stay of Discovery, filed on October 1, 2018 [ECF Doc. No. 76] ("TBS Mem.").

[2] With respect of the fifth cause of action, while Plaintiffs' Opposition (at least in one place) asserts that Royce and Blatte defrauded Meimaris of his interest in "TBS Ecuador" in 2013-14 (Pl. Mem. at 23), the Complaint alleges that his interest was transferred, and

*Schlein*, 441 F. Supp. 2d 491, 505 (S.D.N.Y. 2006) ("fraud claim accrues at the time the fraud is committed[.]").

***Second***, even if the frauds alleged in the third and fourth causes of action somehow accrued in connection with the TBS Bankruptcy, they accrued no later than when the Plan of Reorganization was confirmed by the Bankruptcy Court on March 29, 2012. (*See* Kotwick Aff., Ex. 4 (Confirmation Order); *see also* Memorandum Decision and Order, filed August 22, 2018 at 2-3 [ECF Doc. No. 58] ("[t]he bankruptcy case was filed in this District on February 6, 2012, and was resolved on March 28, 2012, when the Bankruptcy Court confirmed the debtors' plan of reorganization, leaving defendant TBS Shipping and its subsidiaries as the reorganized debtors")).[3]

The fact that the bankruptcy proceedings were not "closed" until June 29, 2012 (*see* Pl. Mem. at 22) is irrelevant. The only post-confirmation activity that occurred in the bankruptcy case related to the final administration of the estate, *e.g.*, filing final operating reports of the debtors, the resolution of fee applications and the termination of the claims and noticing agent (*see* copy of Docket Report for the TBS Bankruptcy, attached as Exhibit 5 to the Second Affirmation of Mark D. Kotwick, dated October 29, 2018). Those activities have no nexus to Plaintiffs' allegations of fraud.

***Third***, Plaintiffs' new allegation in their Opposition that the Company Defendants were "managing" and "closing" unidentified Commercial Group companies as late as "earlier this year" (Pl. Mem. at 17, 20, 22) is misguided and otherwise irrelevant. In the first instance,

---

thus any claim accrued, in 2012 (TAC ¶¶ 129, 136) and only that Meimaris ***discovered*** the fraud in 2013 or 2014 (*See* TAC ¶¶ 130-31; *see also* Pl. Mem. at 12).

[3] Even if the claims did not accrue until April 12, 2012, the effective date of the TBS Plan of Reorganization (*see* Kotwick Aff., Ex. 3 (Notice of Effective Date)), the claims would still be untimely.

2

this is a new allegation not pled in the Complaint, and is thus not properly before the Court and considered in this motion. *See In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 305 (S.D.N.Y. 2008); *see also SEC v. Yorkville Advisors, LLC*, 305 F. Supp. 3d 486, 531 (S.D.N.Y. 2018) (Daniels) (citations omitted).[4]

Further, this new allegation is squarely contrary to the allegations in the Complaint that Commercial Group was at all times a privately-held company, separate and distinct from the TBS Companies. (TAC ¶¶ 4, 32, 111; *see* Kotwick Aff., Ex. 2 (TBS Disclosure Statement at 35 of 153); *see also* Pl. Mem. at 2). The allegations in the Complaint are judicial admissions that bind Plaintiffs, and Plaintiffs cannot survive a motion to dismiss by contradicting their own pleading. *See Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99-CV-10452 (GBD), 2004 U.S. Dist. LEXIS 25336, *20 (S.D.N.Y. Dec. 15, 2004) (citations omitted).

Even if the new allegation was true, there is no nexus between it and the alleged fraud. The Complaint alleges that Meimaris was defrauded out of his interests in Commercial Group prior to, or at the very latest in connection with, the TBS Bankruptcy in 2012 (TAC ¶¶ 44-46, 108, 124), and lost his equity stake in TBSI as a result of the bankruptcy proceeding (TAC ¶¶ 38, 87). Accordingly, Meimaris had no interests in the Commercial Group (or any TBS Company) following the conclusion of the bankruptcy proceedings. And the purported "closing" of unidentified Commercial Group companies "this year" (*see* Pl. Mem. at 22) has no

---

[4] Similarly, the exhibits filed in connection with Plaintiffs' Opposition [ECF Doc. Nos. 90-94], including the inadmissible hearsay affidavit of the deceased Meimaris [ECF Doc. No. 90-1], should not be treated as part of the pleadings in deciding this motion because the materials are neither incorporated into the Complaint by reference, nor integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 122 (S.D.N.Y. 2010). The Court, however, may take judicial notice of Exhibit 8 [ECF Doc. No. 94-2], which contains docket information from the TBS Bankruptcy case. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

3

relationship to Meimaris allegedly being defrauded out of various interests and opportunities many years ago.

And, *fourth*, the "continuous wrong" doctrine does not apply to save Plaintiffs' untimely claims. As an initial matter, Plaintiffs fail to articulate what they contend is the continuing nature of their causes of action, simply stating, without more, that their claims "fall under the continuous wrong doctrine." Pl. Mem. at 23. Further, the authority relied on by Plaintiffs that the "continuous wrong" doctrine applies to their fraud claims (*see* Pl. Mem. at 22) is inapposite. Contrary to Plaintiffs' assertion, the New York authority relied on does not deal with fraud claims, but rather certain types of "continuing torts," such as nuisance and trespass, which involve a continuing or repeated injury. In those cases, each new nuisance is viewed as an additional tortious act rather than a single act with continuing effects, and the new acts of nuisance can form the basis of new causes of action. *See Lucchesi v. Perfetto*, 72 A.D.3d 909, 899 N.Y.S.2d 341 (2d Dep't 2010); *Sullivan v. Keyspan Corp.*, 155 A.D.3d 804, 64 N.Y.S.3d 82 (2d Dep't 2017); *Izzo v. Town of Smithtown*, 151 A.D.3d 1035, 58 N.Y.S.3d 106 (2d Dep't 2017). However, that theory has no application here, where the Complaint alleges a series of distinct and independent wrongs against various individuals.

Moreover, although continuing torts can create recurring wrongs that can give rise to successive causes of action, only acts occurring within the applicable limitations period can support a claim for damages. *See, e.g., Lucchesi*, 72 A.D.3d at 912 (affirming lower court's dismissal of claims for damages relating to acts of nuisance and trespass occurring more than three years before action commenced); *Merine ex rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund*, 859 F. Supp. 715, 725 (S.D.N.Y. 1994) (although new causes of action arose each time defendant charged plaintiff excessive fees, only fees charged within the

4

three-year limitations period gave rise to a claim). Thus, even if this case involved a continuing tort, the doctrine of continuing wrong would not save Plaintiffs' claims because the Complaint does not allege any misconduct inside the limitations period, *i.e.*, after May 21, 2012.

Certain courts have described another theory of the continuing wrong doctrine "when a violation occurring outside the limitations period is so closely related to other violations which are not time barred as to be viewed as part of the continuing practice for which recovery should be had for all violations." *See De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 265 (S.D.N.Y. 2003). For instance, in *Nuss v. Sabad*, No. 10-CV-0279, 2016 U.S. Dist. LEXIS 98529, *29 (N.D.N.Y. July 28, 2016) (Pl. Mem. at 22), the Court viewed a series of related wrongs in connection with an ongoing and continuing fraudulent scheme concerning the development of a piece of property under the continuing wrong doctrine. However, this version of the continuing wrong doctrine is inapplicable here because the Complaint alleges temporally and factually distinct wrongs untethered to any continuing scheme. *See De La Fuente*, 259 F. Supp. 2d at 268 (rejecting application of the continuing wrong doctrine because "[w]hile all . . . of [the] plaintiff's claims allege[d] a type of 'fraud,' there [was] no . . . continuing scheme or plan that connected the[m] . . . other than 'defendants are bad guys.'"). Additionally, even if the Complaint had alleged a continuous scheme, the continuing wrong doctrine would still not salvage Plaintiffs' claims because, as noted *supra*, no actionable misconduct is alleged to have occurred within the limitations period.

## II. Plaintiffs Fail to Plead a Cognizable Claim Against the Company Defendants.

Although on the face of the Complaint only one cause of action is asserted against the Company Defendants (the seventh cause of action sounding in aiding and abetting) (*see* TBS Mem. at 8-11), incredibly, Plaintiffs now assert in their Opposition that the Company Defendants

5

are included in causes of action three, four, five and six (together, the "Individual Defendant Causes of Action"). (Pl. Mem. at 3, 8-15).[5]

### A. The Individual Defendant Causes of Action Fail to Plead Cognizable Claims Against the Company Defendants.

***First***, Plaintiffs are wrong that the Complaint puts the Company Defendants on fair notice that the Individual Defendant Causes of Action are asserted against them. (*See* Pl. Mem. at 6, 11, 13, 15). "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2011) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)).

In their Opposition, Plaintiffs fail to identify a single allegation in the Complaint (now in its sixth iteration) connecting the Company Defendants to the wrongs alleged in the Individual Defendant Causes of Action. (*See* TBS Mem. at 9-11). In fact, after TBS Shipping is identified as a party to the action (TAC ¶ 24), neither of the Company Defendants are mentioned in the following 18 pages and 134 paragraphs of the Complaint, until TBS Shipping is referenced in the bare bone paragraphs consisting of the seventh cause of action (TAC ¶¶ 158-61).

Where, as here, a complaint is "devoid of specific factual allegations regarding the wrongful conduct of [a defendant]" and fails to "allege[] individual conduct that, if proven, would demonstrate that a law was violated or would otherwise state a claim for relief against any particular [d]efendant" the complaint must be dismissed as insufficient. *See Ogbon v. Beneficial Credit Servs.*, No. 10-CV-03760 (GBD), 2011 U.S. Dist. LEXIS 11615, at *5 (S.D.N.Y. Feb. 1,

---

[5] Troublingly, Plaintiffs in their Opposition continue to fail to distinguish between the different "Defendants" (*see* TBS Mem. at 10-11) and confuse or conflate TBS Shipping, TBSI and Commercial Group.

6

2011) (Daniels); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a complaint should be dismissed if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").[6]

      ***Second***, Plaintiffs cannot salvage the Complaint by raising new allegations (many of which are inconsistent and unintelligible) and theories in their Opposition. *See Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d at 305; *Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006) (citation omitted). For instance, notwithstanding that the Complaint alleges that Commercial Group was at all times a privately held company, separate and distinct from the TBS Companies (TAC ¶¶ 4, 32, 111), Plaintiffs now contradictorily state in their Opposition that the "Company Defendants exclusively ran and operated the [Commercial Group] companies" (Pl. Mem. at 12) and similarly that they "operated" "TBS Ecuador" (Pl. Mem. at 4), a company owned and controlled by Commercial Group (TAC ¶ 50; *see* Plaintiffs' Memorandum in Opposition to Blatte/Royce Motion to Dismiss [ECF Doc. 79] ("Pl. Opp. to Blatte Mot.") at 18).

      The Complaint, moreover, is silent with respect to the purported vicarious liability of the Company Defendants for the alleged wrongdoing of Royce and Blatte, which is raised for the first time in Plaintiffs' Opposition by way of the boilerplate recitation of a handful of inapposite cases (*see* Pl. Mem. at 9, 10-11, 12, 14) and a host of new allegations, including that Royce and Blatte were officers of TBS Shipping (Pl. Mem. at 9) and that various of the alleged misconduct was done for the benefit of TBS Shipping (Pl. Mem. at 10). Because a complaint cannot be amended with new fact and theories raised for the first time in opposition to a motion

---

[6] Plaintiffs' reliance on *Conley v. Gibson*, 355 U.S. 41 (1957), for the standard on a motion to dismiss (*see* Pl. Mem. at 6) is misplaced. That standard was "retired" by the Supreme Court in its *Bell Atlantic Corp. v. Twombly* decision. 550 U.S. 544, 562-63 (2007); *see* TBS Mem. at 7-8.

to dismiss (*see supra* at 7), Plaintiffs' new allegations should not be considered in resolving the Motion.

Finally, ***third***, even if the Court were to consider the new claim of vicarious liability, Plaintiffs still fail to state a cognizable claim against the Company Defendants. "An employer [may be] vicariously liable for the torts of an employee . . . if done while the employee was acting within the scope of employment . . . [but] liability will not attach if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business." *White v. Alkoutayni*, 18 A.D.3d 540, 541, 794 N.Y.S.2d 667, 668 (2d Dep't 2005) (citations omitted); *see also Ashton v. Al Qaeda Islamic Army*, 298 F. Supp. 3d 631, 644 (S.D.N.Y. 2018) (Daniels); *Chapin Home for the Aging v. McKimm*, No. 11-CV-667, 2013 U.S. Dist. LEXIS 34305, *13-14 (E.D.N.Y. Mar. 11, 2013).

Here, the facts alleged in the Complaint make clear that, in purportedly defrauding Meimaris, Royce and Blatte were acting solely to further their personal interests (*see* TAC ¶¶ 69, 84, 86, 94, 100, 131), and not to benefit the Company Defendants. Plaintiffs do not and cannot explain how Royce and Blatte purportedly defrauding Meimaris out of his interests in Commercial Group (*see* Pl. Mem. at 10) or "TBS Ecuador" (*see* Pl. Mem. at 12) -- companies separate and distinct from the TBS Companies -- or precluding him from participating in the offering of Preferred Stock (*see* Pl. Mem. at 9), furthered the Company Defendants' business, or was within the scope of their employment with TBS Shipping. Plaintiffs puzzlingly now suggest, without support, that TBS Shipping "allowed" Royce and Blatte to allegedly defraud Meimaris out of his interest in Commercial Group to "effectuate [non-debtor Commercial Group's] essential role in the Bankruptcy Reorganization" (Pl. Mem. at 10), while at the same time maintaining that Meimaris supported the TBS Plan of Reorganization and wanted to

participate in it (TAC ¶ 95; *see* Pl. Opp. to Blatte Mot. at 15). Simply put, Plaintiffs have not and cannot identify any benefit to the Company Defendants derived from Royce and Blatte allegedly "stealing" Meimaris' interests in Commercial Group (or "TBS Ecuador") or preventing him from "participating" in the TBS Bankruptcy, thus the suggestion that the Company Defendants are vicariously liable for their acts in those regards fails.

B. **The Seventh Cause of Action Sounding in Aiding and Abetting Fails to Plead a Cognizable Claim Against the Company Defendants.**

Plaintiffs' Opposition (Pl. Mem. at 15-21) does nothing to salvage the infirmities of the one cause of action actually pled against the Company Defendants (the seventh cause of action alleging aiding and abetting). (*See* TBS Mem. at 11-17).

*First*, Plaintiffs' allegation that TBS Shipping was aware that Meimaris was a shareholder in TBSI and a partner in the privately-held Commercial Group (TAC ¶ 159; Pl. Mem. at 15-16, 19) is irrelevant (and not disputed). What is relevant, however, and what is lacking in the Complaint, are allegations sufficient to give rise to a strong inference that it had actual knowledge of the purported fraud of the Individual Defendants in connection with depriving Meimaris of those interests. (*See* TBS Mem. at 13-14).

Moreover, *second*, even had the Company Defendants known of the alleged misconduct, Plaintiffs' theory of substantial assistance through inaction requires a fiduciary duty flowing from TBS Shipping to Meimaris. (*See* TBS Mem. at 15-16). Such a duty, however, did not exist as a matter of law with respect to TBS Shipping, or with respect to any other TBS Company (*see* TBS Mem. at 14-17), and Plaintiffs do not allege facts suggesting otherwise. *See World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 504 (S.D.N.Y. 2007) (under Rule 9(b) plaintiff must plead facts that, if true, could give rise to a fiduciary relationship).

### III. Helen Meimaris Lacks Standing to Assert the Claims in the Complaint.

Helen Meimaris should be dismissed as a Plaintiff in her personal capacity. (*See* TBS Mem. at 20-21). Plaintiffs' argument that she has standing to sue in her individual capacity by virtue of her status as a beneficiary of Meimaris' estate (Pl. Mem. at 8) is incorrect. *See Gass v. Mamedova-Braz*, No. 15-CV-3799, 2017 U.S. Dist. LEXIS 132920, *17 (S.D.N.Y. Aug. 18, 2017).

### CONCLUSION

For the reasons set forth above and in the Company Defendants' moving papers, the Company Defendants respectfully request that the Court grant their motion to dismiss the claims against them in the Complaint,[7] stay discovery pending the ruling on Defendants' motions to dismiss and grant such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
October 29, 2018

SEWARD & KISSEL LLP

By /s/ Mark D. Kotwick
Mark D. Kotwick
Noah S. Czarny

One Battery Park Plaza
New York, NY 10004
(212) 574-1200

*Attorneys for Defendant TBS Shipping Inc. and Guardian Navigation Services Inc.*

SK 27991 0005 8087650

---

[7] Because Plaintiffs have already filed six versions of the Complaint (*see* Memo Endorsed Order, dated Sept. 25, 2018 [ECF Doc. No. 65]), and the defects in the pleading are incurable, the Company Defendants respectfully request that the Complaint be dismissed with prejudice.