```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN MEIMARIS, as Executrix and Legal Representative of the Estate of Alkiviades Meimaris, and HELEN MEIMARIS,

Plaintiffs,

-against-

JOSEPH E. ROYCE, et al.,

Defendants.

18-CV-4363 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's "Motion to Appointment [sic] John Pierceall as Special Process Server to Serve Jamie Leroux, Gruposedei ans [sic] Tecnisea by Mail in Ecuador" (Motion to Appoint) (Dkt. No. 74) is DENIED.

On September 18, 2018, plaintiff Helen Meimaris, who seeks to pursue this action on behalf of the estate of her late husband Alkiviades Meimaris and on her own behalf, filed a letter-application (Dkt. No. 59) requesting (a) an extension of time pursuant to Fed. R. Civ. P. 4(m) to effect service on defendants Jaime Leroux, Gruposedei and Tecnisea; and (b) permission to serve these defendants, in Ecuador, either by registered mail or by serving attorney Adam Rodriguez, who is counsel of record for two other defendants in this action. Leroux was named as a defendant in plaintiff's original Complaint, dated May 17, 2018 (Dkt. No. 1), but had never been served. Gruposedei and Tecnisea were named for the first time in the Third Amended Complaint, dated September 20, 2018 (Dkt. No. 60), but appear only in the caption of that pleading, which does not contain a single factual allegation about or against these entities.

On September 21, 2018, the Court denied the letter-application without prejudice to "renewal in the form of a noticed motion in accordance with Local Civil Rule 7.1(a)." Order dated

Sept. 21, 2018 (Sept. 21 Order) (Dkt. No. 61), at 1. The Court instructed plaintiff that if she refiled she "must make a factual showing as to the methods she has used and the reasons she cannot successfully serve the foreign defendants without judicial assistance." *Id.* at 2; *see also Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) ("district courts in this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary"). As to defendant Leroux – for whom the 90-day period specified in Rule 4(m) had already run – the Court instructed plaintiff to "show what efforts she made to serve" during that period. Sept. 21 Order at 2 n.1 Finally, as to Gruposedei and Tecnisea, the Court directed plaintiff to "address whether serving them – by any means – would be a futile act." *Id.*

On October 1, 2018, plaintiff filed her Motion to Appoint, supported only by an unsigned and unsworn Affidavit in the name of John Pierceall (Dkt. No. 74-1), proposing to serve the Ecuadoran defendants "by USPO International Mail pursuant to Fed. R. Civ. P. 4(f)(3)." Pierceall Aff. ¶ 6. The affidavit describes "USPO International Mail" a "new form of mail provided by the United States Post Office," which "provides proof of delivery to the person signing for the documents." *Id.*[1]

---

[1] The affidavit does not provide any further detail concerning the method of service proposed. According to the website of the United States Postal Service (USPS), there are several international mail options available, none of them named "USPO International Mail." USPS, "International Mail Services," https://www.usps.com/international/mail-shipping-services.htm (last visited November 5, 2018). Proof of delivery is available for some of these methods, including "Electronic USPS Delivery Confirmation International" for "lightweight packages," but "[a]vailability varies by country." USPS, "International Shipping Insurance and Extra Services," https://www.usps.com/international/insurance-extra-services.htm (last visited Nov. 5, 2018). Ecuador does not appear to be on the list of countries where that service is available. USPS, "Postal Explorer," https://.pe.usps.com/text/imm/immc2_022.htm#ep2899642 (last visited Nov. 5, 2018).

The Pierceall Affidavit notes that Ecuador is a party to two international service-of-process treaties – the Hague Convention and the InterAmerican Convention on Letters Rogatory – but asserts that service under the Hague Convention "usually takes as long as six months," while service under the InterAmerican Convention "can take up to a year." Pierceall Aff. ¶ 4. No support is provided for either figure. The bulk of the affidavit is taken up by a list of "similar cases" in which – it is implied, though never actually stated – courts permitted international service by the method proposed by plaintiff here. *Id.* ¶ 7. Plaintiff did not submit any other affidavits or declarations in support of her motion. Nor did she submit a memorandum of law, as required by Local Civil Rule 7.1(a).

The Court cannot rely on the contents of an unsigned and unsworn affidavit. *See, e.g., Star Ins. Co. v. A&J Constr. of New York, Inc.*, 2017 WL 6568061, at *6 (S.D.N.Y. Dec. 22, 2017) (granting plaintiff's summary judgment motion where, *inter alia*, defendants supported one of their arguments "only with an unsigned affidavit . . . which is inadmissible"); *Romero v. H.B. Auto. Grp., Inc.*, 2012 WL 1514810, at *2 (S.D.N.Y. May 1, 2012) (unsigned affidavit "is inadmissible" and court "will not consider it"); *Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, 2010 WL 2670847, at *3 (S.D.N.Y. July 2, 2010) (unsworn affirmations "are inadmissible"); *Grant v. Cornell Univ.*, 87 F. Supp. 2d 153, 161 (N.D.N.Y. 2000) (unsigned affidavit is "of no evidentiary value"). Even if the Pierceall Affidavit were signed and sworn, it would not entitle plaintiff to the relief she seeks, because it does not mention, much less satisfy the Court's concerns, regarding three issues that she was expressly directed to address: "the methods she has used and the reasons she cannot successfully serve the foreign defendants without judicial assistance"[2]; "what efforts

---

[2] To the extent plaintiff impliedly contends that she "cannot successfully serve" the Ecuadorian defendants because service under the Hague Convention takes "as long as six months," Pierceall Aff. ¶ 4, the Court disagrees. It has already been five and a half months since plaintiff filed her

she made to serve" Leroux during the 90-day period following the filing of her original Complaint; and whether serving Gruposedei and Tecnisea, by any means, "would be a futile act," since plaintiff does not allege *any* facts about them (much less facts that could give rise to liability on their part) in her Third Amended Complaint. Sept. 21. Order at 2 n.1 & 2. The Motion to Appoint is therefore DENIED.

Dated: New York, New York
November 5, 2018

                                      SO ORDERED.

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**

---

initial Complaint in this action. Had she promptly utilized the Hague Convention, she would likely have completed such service by now.