UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTATE OF ALKIVIADES MEIMARIS, et al.,

        18-cv-4363 (GBD) (BCM)

   Plaintiffs,

        -against-

JOSEPH E. ROYCE, et al.,

   Defendants.
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE MOSES' AUGUST 20, 2019 REPORT & RECOMMENDATION


BLEAKLEY PLATT & SCHMIDT, LLP
*Attorneys for Defendants Royce & Blatte*
One North Lexington Avenue
White Plains, NY 10601
(914) 949-2700

## **Table of Contents**

Page

Preliminary Statement ...........................................................................................................................1

Summary of the Third Amended Complaint....................................................................................2

Argument .................................................................................................................................................3

    I.    Plaintiff Helen Meimaris Does Not Have Standing as an Individual...........................3

    II.    Claim 5 Should Be Dismissed ..............................................................................................4

    III.    Claims 1-4 & 6 Are Untimely................................................................................................5

    IV.    Claims 1-4 & 6 Should Also Be Dismissed For Failure To State A Claim...............7

    V.    Damages ..................................................................................................................................10

    VI.    Dismissal Should be with Prejudice ................................................................................10

Conclusion .............................................................................................................................................11

## Table of Authorities

Page

**Cases**

*AHW Inv. P'ship v. CitiGroup Inc.*, 980 F. Supp. 2d 510 (S.D.N.Y. 2013) .................................. 8

*Bradley v. National R.R. Passenger Corp. ("Amtrak")*, 797 F. Supp. 286 (S.D.N.Y. 1992) ........................... 10

*Butler v. Gibbons*, 173 A.D.2d 352 (1st Dep't 1991) ........................................................... 6

*City of Sterling Heights v. Vodafone Grp. Pub. Co.*, 2010 WL 309009 (S.D.N.Y. Jan. 22, 2010) ................. 10

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411 (2d Cir. 2015) ...................... 3

*De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250 (S.D.N.Y. 2003) ..................................... 6

*Forrest v. Unifund Fin. Grp., Inc.*, 2005 U.S. Dist. LEXIS 8392 (S.D.N.Y. May 5, 2005) ....................... 10

*Gass v. Mamedova-Braz*, 2017 WL 3588944 (S.D.N.Y. Aug. 18, 2017) ............................................... 3

*Henry v. Bank of Am.*, 147 A.D.3d 599 (1st Dep't 2017) ......................................................... 6

*Iandoli v. Asiatic Petroleum Corp.*, 57 A.D.2d 815 (1st Dep't 1977) ............................................ 6

*In re Lawrence*, 293 F.3d 615 (2d Cir. 2002) ................................................................... 9

*Kounitz v. Slaatten*, 901 F. Supp. 650 (S.D.N.Y. 1995) ......................................................... 3

*Lefkowitz v. Bank of N.Y.*, 676 F. Supp. 2d 229 (S.D.N.Y. 2009) ................................................. 7

*Manning v. Utilities Mutual Ins. Co., Inc.*, 254 F.3d 387 (2d Cir. 2001) ...................................... 10

*McDonald v. Elkholy*, 2017 U.S. Dist. LEXIS 119030 (E.D.N.Y. July 27, 2017) .................................... 7

*Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817 (N.Y. 2016) ........................................... 9

*Powers Mercantile Corp. v. Feinberg*, 109 A.D.2d 117 (1st Dep't 1985) .......................................... 6

*Q China Holdings v. TZG Capital*, 2018 N.Y. Misc. LEXIS 1554 (N.Y. Sup. Ct. 2018) ............................. 8

*Rivera v. Greenberg*, 663 N.Y.S.2d 628 (2d Dep't 1997) ......................................................... 9

*Rocanova v. Equitable Life Assurance Society*, 634 N.E.2d 940 (N.Y. 1994) .................................... 10

*Rut v. Young Adult Inst., Inc.*, 74 A.D.3d 776 (2d Dep't 2010) ................................................. 7

*Sirohi v. Lee*, 222 A.D.2d 222 (2d Dep't 1995) ................................................................. 8

*Tarazi v. Truehope Inc.*, 2017 WL 5957665 (S.D.N.Y. July 28, 2017) ............................................. 5

*Thome v. Alexander & Louisa Calder Found*, 70 A.D.3d 88 (1st Dep't 2009) ...................................... 9

*Transit Mgmt., LLC v. Watson Indus., Inc.*, 23 A.D.3d 1152 (4th Dep't 2005) .................................. 10

*Varga v. McGraw Hill Fin., Inc.*, 147 A.D.3d 480 (1st Dep't 2017) .............................................. 8

*Warth v. Seldin*, 422 U.S. 490 (1975) .......................................................................... 3

**Statutes**

F.R.C.P. 12(b)(6) .............................................................................................. 7

F.R.C.P. 9(b) .................................................................................................. 7

N.Y. C.P.L.R. § 213(8) ......................................................................................... 5

N.Y. C.P.L.R. § 214(4) ......................................................................................... 5

**Preliminary Statement**

This Memorandum of Law is respectfully submitted on behalf of Defendants Joseph E. Royce and Lawrence A. Blatte in response to the Objections filed by Plaintiff Helen Meimaris, as an individual and as Executrix of the Estate of Alkiviades Meimaris (collectively "Plaintiffs"), to Magistrate Judge Barbara Moses' August 20, 2019 Report & Recommendation ("R&R"), which recommended dismissal of the Third Amended Complaint ("TAC") *in its entirety*.

The claims in the TAC purport to arise out of the parties' long-standing business dealings in connection with the operation and 2012 "pre-packaged" bankruptcy reorganization of Defendant TBS Shipping Services, Inc. and its affiliates, a group of companies that owned and operated a fleet of cargo ships. Essentially, the TAC uses inflammatory rhetoric and fanciful accusations of fraudulent conduct (against licensed attorneys, amongst others), to improperly thrust the responsibility upon the Defendants for the decedent's retrospective regret in holding valuable TBS stock (which he was free to sell) until the infamous 2008 financial crisis which decimated the worldwide shipping sector in general and TBS and its stock value in particular.

Among other reasons, Judge Moses recommended dismissal under the statute of limitations because: (1) all the alleged misconduct by Messrs. Royce or Blatte occurred more than six years ago; and (2) the pleadings and documentary evidence clearly demonstrate that Plaintiffs "discovered" all of the alleged "fraud" well-over five years ago. (R&R at 26-35.) The Magistrate Judge property found these and other defects in the TAC to be "fatal," and recommended dismissal *with prejudice*.

Plaintiffs refused to take stock of the R&R and the well-settled principles of law it relies on, filing Objections on August 31, 2019 (ECF No. 116). Plaintiffs' Objections effectively rehash the baseless arguments submitted to Judge Moses.[1]

---

[1] In their Objections, Plaintiffs appear to accuse Judge Moses and Defendants of engaging in some sort of improper *ex parte* communications vis-à-vis the R&R. (ECF No. 116 at 8.) That clearly did not happen.

1

Accordingly, the Magistrate's recommendation should be adopted in full and the case dismissed, *with prejudice*.

## Summary of the Third Amended Complaint

In 1993, Captain Meimaris, Mr. Royce and Mr. Gregg McNelis[2] formed TBS Shipping International ("TBSI") and TBS Commercial Group ("CG"). Before starting these companies, Captain Meimaris was a very savvy and successful businessman, having held many high-level executive positions at major international shipping organizations. (TAC ¶ 26.) Later, Mr. Blatte became a partner of TBSI and CG. TBSI's headquarters was in Westchester County, New York. (TAC ¶ 3.) The parties grew the business, and ultimately, in 2005, TBSI went public and was listed on the Nasdaq stock market. Captain Meimaris' participation in the companies was essential to their steep ascent and growth. (TAC ¶ 26-32, TAC ¶ 34.) Although TBSI went "public," CG remained a private entity held by the four shareholders. (TAC ¶ 4.) In February of 2006, Captain Meimaris retired from the companies, but he continued to attend yearly meetings held at the TBSI headquarters and elsewhere. (TAC ¶ 5.) At some point, Captain Meimaris had approximately 1,000,000 shares of Class A and Class B shares in TBSI and a ten percent interest in CG. (TAC ¶ 29, 33.)

The success of TBSI was short lived, however, and by 2010-2011, Messrs. Royce and Blatte had allegedly run TBSI into the ground. (TAC ¶ 37.) In February 2012, a "pre-packaged" bankruptcy reorganization plan ("Reorganization Plan") of TBSI and its affiliates was introduced to the U.S. Bankruptcy Court for the Southern District of New York.[3] (ECF No. 70-1.) Captain Meimaris (and his attorney herein) had notice of the Bankruptcy proceeding and an opportunity to file objections to the confirmation of the (then proposed) Reorganization Plan, but failed to do so. (*See generally*, *In re:*

---

[2] Mr. McNelis was never a party herein.
[3] The bankruptcy matters were jointly administered in the White Plains Division under Case No. 12-22224 (RDD).

2

*TBS Shipping Services Inc., et al.*, 12-22224 (S.D.N.Y.) (RDD)). Indeed, only two objections to the confirmation of the Reorganization Plan were filed, which were overruled by the Court. (ECF No. 70-2.) The Bankruptcy Court (Hon. Robert D. Drain) confirmed the Reorganization Plan on March 29, 2012 (over *six years* before this action was initiated). (ECF No. 70-3.) Although equity shareholders of TBSI (like Captain Meimaris) received no recovery under the court-approved Reorganization Plan, the Bankruptcy Court record makes it abundantly clear that equity shareholders would not have received any recovery under a liquidation scenario either. (ECF No. 70-2.)

The TAC asserts seven causes of action, essentially alleging that Messrs. Royce and Blatte, along with the other defendants, fraudulently squeezed Captain Meimaris out of his stock in TBSI and his ownership interest in CG, all in connection with the 2012 bankruptcy reorganization.

## Argument

### I. Plaintiff Helen Meimaris Does Not Have Standing as an Individual

Magistrate Judge Moses correctly recommended dismissal of Helen Meimaris' individual capacity claims. "To have . . . Article III standing, the plaintiff [must have] alleged such a personal stake in the outcome of the controversy as to warrant [its] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [its] behalf." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).

Even if the TAC had alleged joint bank accounts, reciprocal wills, beneficiary status and joint title to real property between Captain Meimaris and Helen Meimaris—which it does not—it would still be insufficient as a matter of law to confer standing on Helen Meimaris in her individual capacity. *See Kounitz v. Slaatten*, 901 F. Supp. 650, 654 (S.D.N.Y. 1995); *Gass v. Mamedova-Braz*, 2017 WL 3588944, at *7, n.13 (S.D.N.Y. Aug. 18, 2017). The simple reality is that the TAC and the documentary evidence demonstrate that all of the allegedly invaded interests belonged to Captain Meimaris.

Thus, the Magistrate Judge's recommendation should be adopted.

3

### II. *Claim 5 Should Be Dismissed*

Claim 5 alleges that former-Defendant Jaime Leroux fraudulently transferred Captain Meimaris' shares in a vaguely identified affiliate company called "TBS Ecuador" to Messrs. Royce and Blatte. (TAC ¶ 129.)

As an initial matter, Claim 5 was only asserted against former-Defendant Leroux by its plain terms. Indeed, the claim is unequivocally entitled "Fraudulent transfer of Captain Meimaris' interests in TBS Ecuador *by Jaime Leroux*." (ECF No. 62 (emphasis added).) Therefore, Claim 5 was completely dismissed by Plaintiffs on May 13, 2019 when they dismissed their claims against former-Defendant Leroux (ECF No. 109), as Judge Moses correctly recognized. (R&R at 26.) Plaintiffs' efforts to parlay this claim into something it is not were properly rejected by Judge Moses.

In any event, even if Claim 5 was asserted against Messrs. Royce and Blatte—which it was not—the claim would still be subject to dismissal for failing to adequately plead the necessary elements, as Judge Moses correctly concluded:

> Other than the vague and entirely conclusory assertion that "Captain Meimaris'[s] shares [were] stolen from him by Mr. Royce and Mr. Blatt," TAC ¶ 135, making all defendants liable for "statutory fraud and common law fraud," TAC ¶ 138, the misconduct described in the Fifth Cause of action was all allegedly committed by Leroux. There is no allegation that Royce or Blatte made any representation with regard to Captain Meimaris's shares in TBS Ecuador, much less that they promised, but failed, to protect those shares. If and to the extent the Fifth Cause of Action was not dismissed by plaintiffs themselves, therefore, is should now be dismissed as against the remaining defendants, pursuant to Rule 12(b)(6), for failure to state any cognizable claim against them.

(R&R at 26-27.)

In addition, Claim 5 is time-barred. N.Y. C.P.L.R. § 213(8) states that "an action based upon fraud" must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." The TAC alleges that the "fraud" was committed in connection with the 2012 Bankruptcy proceeding, when Mr. Leroux allegedly "requested

4

the documents from Captain Meimaris to use to transfer [his] shares to Defendants." (TAC ¶¶ 129, 136.) And Plaintiffs concede that they became aware of the alleged misappropriation in 2014, at the very latest. (TAC ¶ 131.) This action was initiated on May 21, 2018—over six years after the fraud and over two years after Plaintiffs discovered it, making it untimely.

In addition, as Judge Moses noted, the conclusory allegation that Royce and Blatte somehow "stole" Captain Meimaris's TBS Ecuador shares were utterly insufficient to state a claim within the applicable limitations period. (R&R at 34 n.27 (citing *Tarazi v. Truehope Inc.*, 2017 WL 5957665, at *14 (S.D.N.Y. July 28, 2017) (allegations that defendants' "breaches are ongoing" are "too conclusory to stand on their own and do not make the 2012 claim timely")).) Thus, even assuming N.Y. C.P.L.R. § 213(8) applies to this claim, it should be dismissed as time-barred.[4]

### III.   *Claims 1-4 & 6 Are Untimely*

As Judge Moses recognized, claims 1-4 and 6 involve alleged conduct that took place prior to or in connection with the Bankruptcy "Plan of Reorganization, which was approved by the Bankruptcy Court on March 29 and became effective April 12, 2012." (R&R at 27.) In addition, it is not disputed that "Captain Meimaris discovered the [alleged] misconduct before his death in December 2013, and described it, in detail, in his November 30, 2013 affidavit." (R&R at 27.) Notwithstanding that, this action was not filed until "May 17, 2018—more than six years after the approval of the Plan of Reorganization and approximately four and a half years after Captain Meimaris executed the affidavit upon which the TAC is largely based." (R&R at 27.) The claims are clearly time barred.

In addition, although Judge Moses did not decide this issue (R&R at 27 n.25), Claims 1, 3 and 4-5 (which allege fraudulent breaches of a fiduciary duty) are actually subject to the three-year limitations period set forth in N.Y. C.P.L.R. § 214(4), not § 213(8). *See, e.g., Powers Mercantile Corp. v.*

---

[4] As discussed in part III below, the three-year limitations period set forth in N.Y. C.P.L.R. § 214(4) actually applies to this fraudulent breach of fiduciary duty claim, not the six-year period set forth in N.Y. C.P.L.R. § 213(8). Judge Moses found it unnecessary to decide this issue.

*Feinberg*, 109 A.D.2d 117, 120 (1st Dep't 1985), *aff'd*, 67 N.Y.2d 981 (N.Y. 1986) ("Where the alleged fraud is merely 'the means of accomplishing the breach and adds nothing to the causes of action,' the statute of limitations applicable to fraud claims will not control."). Plaintiffs' allegations of fraud are incidental to the fiduciary duty claims: (1) they seek monetary, not equitable relief; and (2) the injury claimed by the fraud is the same injury that allegedly arose from the alleged breach of the alleged fiduciary duty. Accordingly, even if Claims 1, 3 and 4-5 were not untimely under § 213(8)—which they are—they would still be untimely under § 214(4).

Plaintiffs do not appear to actually dispute that the claims are untimely under the foregoing statutes. Instead, they rely upon the continuing wrong doctrine, which Judge Moses properly found does not salvage these claims.

As an initial matter, the TAC alleges a number of discrete "wrongs" that involve different corporate entities, engaged in different types of business ventures on different continents. These "wrongs" were allegedly perpetrated in differing manners, at different times, by different sets of people. Simply put, they are, at best, discrete and independent torts, which is clearly why the TAC pleads them as separate causes of action. *See De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 267 (S.D.N.Y. 2003) ("While all thirteen of plaintiff's claims allege a type of 'fraud,' there is no plausible continuing common scheme or plan that connected the plaintiff's time-barred allegations with his one timely allegation, other than 'defendants are bad guys.'").

In addition, "[w]here applicable, the doctrine will save all claims for recovery of damages but only to the extent of wrongs committed within the applicable statute of limitations." *Henry v. Bank of Am.*, 147 A.D.3d 599, 601 (1st Dep't 2017). As Judge Moses properly found, none of the alleged misconduct occurred within the six-year limitations period. (R&R at 33-35 (citing *Butler v. Gibbons*, 173 A.D.2d 352, 353 (1st Dep't 1991)).) Plaintiffs argue, for the first time in their objections, that whether the doctrine applies presents a question of fact for a jury, but that is clearly incorrect. The cases

6

Plaintiffs cite for this proposition concern either the "continuous representation" doctrine in malpractice actions, or whether fraudulent concealment tolls the statute of limitations (which is clearly not at issue here because Plaintiffs were aware of all the alleged "wrongs" by 2013, at the latest, but somehow failed to file this action for another *five* years).

IV.     *Claims 1-4 & 6 Should Also Be Dismissed For Failure To State A Claim*

In our motion to dismiss, we also argued that Claims 1-4 and 6 should be dismissed under F.R.C.P. 9(b) and 12(b)(6). Ultimately, Judge Moses found it unnecessary to address most of these arguments because the claims were clearly barred by the applicable statute of limitations. For the sake of completeness, and to guard against the unlikely event that this Court concludes that a particular claim is not time barred, we renew those arguments below. For the sake of brevity, however, we present those arguments in summary fashion and respectfully refer the Court to our memoranda submitted in support of our motion to dismiss for a more fulsome discussion of the TAC's numerous elemental pleading deficiencies.[5]

Claim 1 alleges that Messrs. Royce and Blatte fraudulently breached their fiduciary duty to Captain Meimaris when they allegedly convinced him that he could not invest in a vaguely-pled Ecuadorian real estate venture because it would be in "conflict" with his interests in TBSI and CG. (TAC ¶¶ 63-65.)[6] But the TAC merely asserts a fiduciary duty arising from the parties' relationship as "friends" and "business partners" in the TBS companies (TAC ¶¶ 2, 64), which is insufficient as a matter of law. *See McDonald v. Elkholy*, 2017 U.S. Dist. LEXIS 119030, at *17 (E.D.N.Y. July 27, 2017).

---

[5] *See* ECF Nos. 71 and 95, incorporated herein by reference and attached as Exhibit 1.

[6] "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Rut v. Young Adult Inst., Inc.*, 74 A.D.3d 776, 777 (2d Dep't 2010). "Moreover, to the extent that the fiduciary-breach allegations rest on assertions of fraudulent conduct by the fiduciary, plaintiff must adequately plead the required elements for a claim of fraud, which includes '(1) a false representation (2) of a material fact with (3) intent to defraud and (4) reasonable reliance on the representation (5) causing damage to the plaintiff.'" *Lefkowitz v. Bank of N.Y.*, 676 F. Supp. 2d 229, 250 (S.D.N.Y. 2009).

In addition, any alleged reliance on the non-actionable statement of opinion that Mr. Meimaris' involvement in the Ecuadorian real estate venture would be in "conflict" with his "interests" in TBSI was not justified. Finally, Plaintiffs failed to plead how Mr. Meimaris was damaged by failing to invest in the undescribed Ecuadorian real estate venture.

Claim 2 alleges that Messrs. Royce and Blatte fraudulently convinced Captain Meimaris to refrain from selling his shares in TBSI when they allegedly told him that "if a major shareholder of the company sold [a lot of] shares it would not look good to the public and jeopardize the company." (TAC ¶ 79.) As an initial matter, Judge Moses properly held that is a non-cognizable "holder claim." (R&R at 29-30 (citing *Varga v. McGraw Hill Fin., Inc.*, 147 A.D.3d 480 (1st Dep't 2017), *leave to appeal denied*, 29 N.Y.3d 908 (2017)). The cases cited by Plaintiffs on this point support dismissal. *See, e.g., AHW Inv. v. CitiGroup Inc.*, 980 F. Supp. 2d 510, 525-27 (S.D.N.Y. 2013) (holder claim not cognizable).

In addition, the fraudulent predicate of Claim 2, that Messrs. Royce and Blatte told Captain Meimaris that "if a major shareholder of the company sold [a lot of] shares it would not look good to the public and jeopardize the company" (TAC ¶ 79), is a non-actionable statement of opinion. *See, e.g., Sirohi v. Lee*, 222 A.D.2d 222 (2d Dep't 1995). But even if the statement could be considered a material misrepresentation of fact, the business-savvy Captain Meimaris was not justified in allegedly relying on such a vague and speculative statement to forego selling his publicly-traded shares. And finally, the TAC and the exhibits relied upon by Plaintiffs demonstrate that the proximate cause of the price drop was alleged bad business decisions made by TBSI and its management, not any statements made by Messrs. Royce or Blatte. (TAC ¶ 37; ECF No. 90-1 ¶ 19.)

Claim 3 alleges that, in 2010-2011, Mr. Royce told Mr. Meimaris that he did not need to participate in the Reorganization Plan to push him out of an unidentified ownership interest in the post-reorganization successor company. First, this claim is an impermissible collateral attack on the Reorganization Plan that the Bankruptcy Court approved. *In re Lawrence*, 293 F.3d 615, 621 (2d Cir.

8

2002) (collecting cases). Second, there is no misconduct alleged against Mr. Blatte vis-à-vis the Reorganization Plan. Third, the TAC does not adequately plead a fiduciary duty or that Captain Meimaris was justified in relying on the alleged statements of Mr. Royce. And fourth, because the Captain concededly had ample notice of the Reorganization Plan, but took no action to object to it, Mr. Royce's alleged statements cannot be the proximate cause of any damages that allegedly resulted.

Claim 4 alleges that Messrs. Royce and Blatte fraudulently used CG as a condition of the Reorganization Plan, without Mr. Meimaris' consent as a ten percent shareholder, causing his interests in the company to disappear. (TAC ¶¶ 105-123.) Neither the TAC, nor the belatedly-introduced exhibits, demonstrate that Messrs. Royce or Blatte made any material misstatement or omission about CG, upon which the Captain reasonably relied, that amounts to fraud upon the Captain. Plaintiffs were reduced to the spurious and vague allegation that Royce and Blatte defrauded the banks in the reorganization process. (TAC ¶¶ 47-48.) Regardless, whether Messrs. Royce or Blatte gave the *banks* a misimpression about CG or not, it is simply insufficient to create a cognizable claim of fraud for Captain Meimaris. *See Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 829 (N.Y. 2016).

Claim 6 alleges that Messrs. Royce, Blatte and Prieto "conspired" to commit all of the torts alleged in the TAC. As an initial matter, New York law does not recognize an independent substantive claim of civil conspiracy. *See, e.g., Rivera v. Greenberg*, 663 N.Y.S.2d 628, 629 (2d Dep't 1997). And because the underlying torts are not viable, they cannot form the basis of a conspiracy. *See Thome v. Alexander & Louisa Calder Found*, 70 A.D.3d 88, 110 (1st Dep't 2009). In addition, as Judge Moses recognized, the claim "rests almost entirely on the liberal use of the words 'conspired' and 'conspiracy,' *see* TAC ¶¶ 142, 146, 147, 148, 149, 150, 151, 152, 154, 155, 156, in place of any concrete factual allegations demonstrating, as to each underlying primary tort, a 'corrupt agreement between two or more persons,' an 'overt act,' and all parties' 'intentional participation' in the agreed-upon plan, as

9

required for civil conspiracy under New York law. *See Transit Mgmt., LLC v. Watson Indus., Inc.*, 23 A.D.3d 1152, 1155-56 (4th Dep't 2005)." (R&R at 32 n. 26).

V. *Damages*

Although Judge Moses did not reach these issues, the claims for punitive and exemplary damages should be dismissed because Plaintiffs failed to allege any conduct aimed at the public generally. *See Rocanova v. Equitable Life Assurance Society*, 634 N.E.2d 940, 943 (N.Y. 1994). The claim for special damages should be dismissed for lack of particularity. *See Bradley v. National R.R. Passenger Corp. ("Amtrak")*, 797 F. Supp. 286, 295 (S.D.N.Y. 1992). And the demand for attorneys' fees should be dismissed because the TAC alleges no basis upon which they could be awarded. *See Forrest v. Unifund Fin. Grp., Inc.*, 2005 U.S. Dist. LEXIS 8392, at *16 (S.D.N.Y. May 5, 2005).

VI. *Dismissal Should be with Prejudice*

As Judge Moses found, the deficiencies in the TAC are "fatal." (R&R at 35 n. 28.) Indeed, Plaintiffs have already had *six* opportunities to amend the pleadings to state valid claims, filing *seven* pleadings, across two separate courts, but have still failed to state a viable claim. In fact, Plaintiffs filed their most recent amendment *after* we previewed our own motion to dismiss, but they were unable to address the deficiencies. (*Id.* (citing *City of Sterling Heights Police & Fire Ret. Sys. v. Vodafone Grp. Pub. Co.*, 2010 WL 309009, at *2-3 (S.D.N.Y. Jan. 22, 2010)).) Thus, leave to amend should be denied and the TAC should be dismissed as against Messrs. Royce and Blatte *with prejudice*.

## **Conclusion**

For the reasons set forth above, Judge Moses' R&R should be adopted in full, and the Third Amended Complaint should be dismissed, as asserted against Messrs. Royce and Blatte, *with prejudice*.

Dated: White Plains, NY
September 12, 2019

                                BLEAKLEY PLATT & SCHMIDT, LLP

BY:   */s/ Adam Rodriguez*
           William P. Harrington, Esq.
           Adam Rodriguez, Esq.
           One North Lexington Avenue
           White Plains, NY  10601
           Tel. No.: (914) 287-6145
           Fax No.: (914) 683-6956
           *wpharrington@bpslaw.com*
           *arodriguez@bpslaw.com*

cc: Counsel of record, via ECF