UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HELEN MEIMARIS AS EXECUTRIX AND LEGAL
REPRESENTATIVE OF THE ESTATE OF ALKIVIADES
MEIMARIS AND HELEN MEIMARIS

                                                    1:18-cv-4363 (GBD)(BCM)

                        Plaintiffs,


           -against-

JOSEPH E. ROYCE, et al.,           Defendants.
_____


**DEFENDANT PRIETO'S MEMORANDUM OF
LAW IN RESPONSE TO THE OBJECTIONS
BY PLAINTIFFS TO THE REPORT AND
RECOMMENDATION BY MAGISTRATE
JUDGE MOSES**_____


                                     CARDILLO & CORBETT
                                     Attorneys for Defendant
                                     TULIO PRIETO
                                     145 Hudson Street, Suite 5C
                                     New York, New York 10013
                                     Tel. No. 212-344-0464
                                     Fax  No. 212-797-1212


Of Counsel
Tulio R. Prieto
James P. Rau

## TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I       Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II      The Fourth Cause of Action Should be Dismissed with Prejudice. . . . . . . . . . . . . . . . . . 6

III     The Sixth Cause of Action Should be Dismissed with Prejudice. . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Henry v. Bank of Am.*
147 A.D.3d 599, 48 N.Y.S.3d 67 (1st Dep't 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Feliciano v. Comm'r of Soc. Sec.*
2011 U.S. Dist. LEXIS 147071 (S.D.N.Y. Dec. 20, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kriss v. Bayrock Grp, LLC*
2015 U.S. Dist. LEXIS 36029. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McDonaugh v. Astrue*
672 F. Supp.2d 542 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Renaissance Search Partners v. Renaissance Ltd. L.L.C.*
 2013 U.S. Dist. LEXIS 174744 (S.D.N.Y. Dec. 13, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*
2013 U.S. Dist. LEXIS 120508 (S.D.N.Y. Aug. 23, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*U.S. v. Raddatz*
447 U.S. 667, 100 S.Ct. 2406, 65 L. Ed. 2d 424 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Snow*
462 F.3d 55 (2d Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### STATUTES

 28 U.S.C. § 636(b)(1)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

### RULES

Fed.R.Civ.P. 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.P. 12(b)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.P. 72(b)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Defendant Tulio Prieto ("Prieto") in response to the objections by Plaintiff Helen Meimaris as Executrix of the Estate of Alkiviades Meimaris (the "Estate") and individually (jointly "Plaintiffs"), to the Report and Recommendation filed on August 20, 2019, by Magistrate Judge Moses (the "Report", cited as "R&R") (Plaintiffs' Objections to the Report cited as "Plaintiffs' Objections").

The Report concluded that the Plaintiff had no standing to sue as an individual, that the Fifth Cause of Action which had been dismissed as against defendant Jamie Leroux should be dismissed also as against the remaining defendants and that all of the remaining claims asserted by the Estate in the Third Amended Complaint ("TAC") are time-barred (R&R, 3, 22-26, 27-36). Since Judge Moses determined that the Estate's claims were time-barred, Judge Moses found it unnecessary to decide those parts of defendants' motions to dismiss based upon the insufficiency of the factual allegations, pursuant to Fed.R.Civ.P. Rules 12(b)(6) and 9(b) (R&R, 35).

The TAC alleged in conclusory fashion in the Fourth and Sixth Causes of Action that Prieto committed fraud and engaged in a conspiracy to commit fraud with the other defendants. These two causes of action were the only claims alleged against Prieto, both of which are utterly lacking in substance. The Report pointed out that the allegations against Prieto claiming fraud were limited to his sending a document to Captain Alkiviades Meimaris in October, 2011 (TAC ¶¶ 6, 44, 106, 143), which stated that Captain Meimaris was giving up all of his right and interest in TBS Commercial Group, which document Captain Meimaris did not sign:

> The Fourth Cause of Action names Royce, Blatte, and Prieto,
> accusing them of "fraudulently stealing Captain Meimaris'[s]
> shares and interest in TBS Commercial Group." TAC ¶¶ 104-127.
> Prieto's liability, according to plaintiffs, stems from his having
> "sent Captain Meimaris a document to sign" that "stated that [he]
> was giving up all of his rights and interests in TBS Commercial
> Group." *Id.* ¶ 106. Captain Meimaris did not sign that document.
> *Id.* Prieto is not alleged to have done or said anything else in
> furtherance of the alleged fraud.
>
> (R&R, 11-12)

The other claim against Prieto in the Sixth Cause of Action alleges in conclusory

fashion that Prieto "conspired" with Defendants Royce and Blatte to deprive Captain Meimaris

of his interest in TBS Commercial Group, repeating the same allegation that Prieto tried

unsuccessfully to get Captain Meimaris to sign over his shares in writing. (TAC, 141-146). The

Report noted at page 32 that the claims asserted in this cause of action were "somewhat difficult

to decipher" and did not appear "to plead a cognizable cause of action" stating on the same page,

at fn. 26, as follows:

> Among other things, the Sixth Cause of Action rests almost
> entirely on the liberal use of the words "conspired" and
> "conspiracy," see TAC ¶¶ 142, 146, 147, 148, 149, 150, 151, 152,
> 154, 155, 156, in place of any concrete factual allegations
> demonstrating, as to each underlying primary tort, a "corrupt
> agreement between two or more persons," an "overt act," and all
> parties' "intentional participation" in the agreed-upon plan, as
> required for civil conspiracy under New York law. *See Transit
> Mgmt., LLC v. Watson Indus., Inc.*, 23 A.D.3d 1152, 1155-56 (4th
> Dep't 2005).

As found by Judge Moses in the Report, whether or not Plaintiffs stated any

"cognizable" causes of action against Prieto and the rest of the defendants, Plaintiffs' claims

against Prieto are time-barred and cannot be remedied by further amendments.

Specifically, Judge Moses found that the "gravamen of the Fourth Cause of

Action… cannot be fraud; rather the claim is that defendants violated their fiduciary duties to

Captain Meimaris" (R&R, at 31).  It is important to note in this regard that as Prieto was not

alleged in the TAC to owe any fiduciary duty to Captain Meimaris, the Fourth Cause of Action

against him also fails because it is without any legal basis.[1]  In any event, Judge Moses found that

whether a claim for fraud or a claim for breach of fiduciary duty ("[a]ssuming *arguendo* that such

duties existed"), both the three-year period under the statute of limitations for breach of fiduciary

duty and the six-year period prescribed by the statute of limitations for fraud expired before

Plaintiffs commenced this action on May 17, 2018 (R&R, 31).

Judge Moses determined that the alleged torts were completed on March 29, 2012,

when the Bankruptcy Court approved the Plan of Reorganization for TBS International which

according to Plaintiffs provided for the "use of TBS Commercial Group as part of the TBS

International Reorganization without the knowledge or consent of Captain Meimaris" (R&R, 31).

Judge Moses noted that even if the date for the accrual of the cause of action were deemed to be

the effective date of the Plan of Reorganization, April 12, 2012, the claim would still be

time-barred (*Id.*).

Plaintiffs' contention that the relevant date to start the running of the statute of

limitations was June 29, 2012, when the TBS Reorganization proceedings were closed, was

properly rejected by Judge Moses, because all allegedly wrongful acts by Defendants had

occurred and were completed well prior to that date:

> The Estate's fallback position – that the "last wrongful act" could
> be "construed as the date the Bankruptcy case was concluded, June

---

[1]Prieto was "TBS International's attorney" (R&R 8). There is no allegation in the TAC that
Prieto was Captain Meimaris's attorney or that he owed him any fiduciary duty.

29, 2012" – does not appear to be grounded in anything other than
the calendar. March 29, 2012, was the date on which the
Bankruptcy Court approved the Plan of Reorganization, and April
12, 2012, was the date on which the Plan became effective, thereby
binding debtors and creditors alike. The administrative close of the
bankruptcy docket on June 29, 2012, did not constitute an "act" by
any defendant and is not otherwise relevant to thepending motions
to dismiss.

(R&R, 34-35)

With respect to the Sixth Cause of Action, Judge Moses found that since the

primary tort, whether fraud or breach of fiduciary duty, was not viable, the conspiracy claim must

fail (R&R, 32).

The Estate's main objection to the Report's recommended dismissal based on

time-bar is to simply repeat the misguided arguments made to Judge Moses that the claims are

timely based on the "continuous wrong doctrine".  Plaintiffs made the exact same arguments in

opposition to defendants' motions and they were soundly and correctly rejected by Judge Moses.

As such, the Court need only review the Estate's objections for clear error (*See below*, p. 6).

Judge Moses found that each of the Estate's claims "is predicated upon distinct

conduct that occurred more than six years before this action was filed." (R&R, 34).  The Fourth

Cause of Action arises out of the defendants' alleged unsuccessful attempts to induce Captain

Meimaris to hand over his shares in TBS Commercial Group in 2011 and in the use of such

shares in the TBS reorganization proceedings in early 2012.  Those alleged torts were complete

more than six years before suit (R&R, 34).  The TAC fails to allege any cognizable "bad acts"

after the TBS reorganization plan's approval or effective dates of March 29, 2012 and April 12,

-4-

2012, respectively (*Id.*)[2].   As pointed out by Judge Moses, the continuing wrong doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct." (R&R, at 33).  Therefore, the objections to the dismissal of the Fourth Cause of Action lack any merit.

Judge Moses recommended that Plaintiffs not be given yet another opportunity to amend their complaint, stating that there is no "set of facts - consistent with those already pleaded - that would render the Estate's claim timely."  (R&R, at 35, n. 28).  It is respectfully submitted, therefore, that the Court should adopt in full the Report and Recommendation and dismiss Plaintiffs' claims with prejudice.

## ARGUMENT

### I   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "must determine 'de novo' any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Renaissance Search Partners v. Renaissance Ltd. L.L.C.*, 2013 U.S. Dist. LEXIS 174744, at *2-3 (S.D.N.Y. Dec. 13, 2013) (internal citation omitted).  A decision is only "clearly erroneous" when the Court, upon review of the entire record, is "left with the definite and firm conviction that a

---

[2]In fact, as found by Judge Moses, after 2011 "Prieto is not alleged to have done or said anything else in furtherance of the alleged fraud" asserted in the Fourth and Sixth Causes of Action against him (R&R, 12).

mistake has been committed." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, 2013 U.S. Dist. LEXIS 120508, at *3 (S.D.N.Y. Aug. 23, 2013) (citing *U.S. v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted).

    To invoke "de novo" review of the magistrate judge's recommendations, a party's objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp.2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks omitted). De novo review of a magistrate judge's report does not require the Court to conduct a de novo hearing on the underlying issues. *See, e.g.*, *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, 2013 U.S. Dist. LEXIS 120508 at *3 (citing *U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L. Ed. 2d 424 (1980)).  Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (*Id.*).  If a party merely rehashes the same arguments made below, then the court will review the report strictly for clear errors. *See, e.g.*, *Kriss v. Bayrock Grp, LLC*, 2015 U.S. Dist. LEXIS 36029, at *3 (S.D.N.Y. Mar. 23, 2015)("When a party….simply reiterates the original arguments made below, a court will review the report strictly for clear error.")(citing *Feliciano v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 147071 , at *6 (S.D.N.Y. Dec. 20, 2011).

## II  The Fourth Cause of Action Should Be Dismissed With Prejudice

    Plaintiffs' primary basis for objecting to the recommendation by Judge Moses that the Fourth Cause of Action be dismissed is that the statute of limitations was tolled under the continuing wrong doctrine, because the shares from which Captain Meimaris was allegedly fraudulently deprived, would now be part of the Estate but for Defendants' alleged fraudulent

acts more than six years before this action was commenced (Plaintiffs' Objections, pp. 17-18). Apparently, Plaintiffs are arguing that the continuing effect of the alleged fraud allowed them to have commenced this action after the six years statute of limitations applicable to fraud had expired. This argument is ridiculous on its face.

As correctly found by Judge Moses, the "Estate misconstrues the theory upon which it relies." (R&R, at 33). The continuing wrong doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct." *Henry v. Bank of Am.,* 147 A.D.3d 599, 601, 48 N.Y.S.3d 67, 70 (1st Dep't 2017)(internal quotations omitted).

It is respectfully submitted, therefore, that the Court should adopt Judge Moses' findings and recommendation and dismiss the Fourth Cause of Action with prejudice on the ground that it is time-barred.[3]

## III    The Sixth Cause of Action Should Be Dismissed With Prejudice

The TAC alleges that Prieto conspired with Defendants Royce and Blatte to deprive Captain Meimaris of his interest in TBS Commercial Group (TAC, 141-146). Plaintiffs make no new factual allegations in this cause of action other than the conclusory allegation the defendants engaged in a conspiracy.

---

[3]Although Plaintiffs contend that they should be allowed to amend, they have failed to explain what facts they might allege, consistent with their previously filed complaints, that would render their claims timely. As noted by Judge Moses, Plaintiffs' amended their complaint after Prieto moved to dismiss the Second Amended Complaint on the grounds that Plaintiffs' claims against him were time-barred, and failed to address that deficiency in the TAC (R&R, 14, 35, n. 28). Moreover, Plaintiffs have had several opportunities to indicate what facts they could allege that would render their claims timely, but have failed to do so. Therefore, the Fourth Cause of Action should be dismissed with prejudice.

Judge Moses recommended that this cause of action be dismissed on the ground that "there can be no liability for conspiracy to commit a civil tort, nor for aiding and abetting a tort, unless the plaintiff has pleaded a 'viable' primary tort." (R&R, at 32-33). Plaintiffs do not object to the correctness of Judge Moses' statement of the law. Instead, they object to Judge Moses' recommendation solely on the ground that Plaintiffs pleaded viable and timely claims for fraud and breach of fiduciary duty (Plaintiffs' Objections, 20).

As explained by Judge Moses, Plaintiffs' claims against Prieto and the other two individual defendants alleged in the Fourth Cause of Action are time-barred, because they were completed more than six years before this action was commenced. Therefore, Plaintiffs' objection to Judge Moses' recommendation is without merit.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Court should adopt the Report in full and dismiss the TAC with prejudice as to Prieto and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 16, 2019

CARDILLO & CORBETT
Attorneys for Defendant
TULIO PRIETO

By:    */s/ Tulio R. Prieto*
Tulio R. Prieto
Office and P.O. Address
145 Hudson Street, Suite 5C
New York, New York 10013
Tel: (212) 344-0464
Fax: (212) 797-1212
Email: tprieto@cardillocorbett.com

Of Counsel
James P. Rau
Email: jrau@cardillocorbett.com

-8-