UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN MEIMARIS, AS EXECUTRIX AND LEGAL REPRESENTATIVE OF THE ESTATE OF ALKIVIADES MEIMARIS, and HELEN MEIMARIS,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH E. ROYCE, LAWRENCE A. BLATTE, TULIO PRIETO, JAIME LEROUX, TBS Shipping Services Inc., Guardian Navigation, Services Inc., Gruposedei and Technisea,<br><br>Defendants. | 18-cv-4363 (GBD) (BCM) |

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 116]**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)....................................................................................................7

*Barnes v. Carolan,*
  No. 16 Civ. 6044, 2019 U.S. Dist. LEXIS 130317
  (S.D.N.Y. Aug. 5, 2019) ...................................................................5, 12, 16, 19

*Barton v. SmartStream Techs.,*
  No. 16 Civ. 1718, 2016 U.S. Dist. LEXIS 61485 (S.D.N.Y. May 9, 2016).........................9

*Berman v. Morgan Keegan & Co.,*
  No. 10 Civ. 5866, 2011 U.S. Dist. LEXIS 27867 (S.D.N.Y Mar. 14, 2011) ..................6, 8

*Betz v. Blatt,*
  74 N.Y.S.3d 75, 160 A.D.3d 696 (2d Dep't 2018) ................................................9

*Butler v. Gibbons,*
  173 A.D.2d 352, 569 N.Y.S.2d 722 (1st Dep't 1991) .........................................15

*City of Sterling Heights Police & Fire Ret. Sys. v. Vodaphone Grp. Pub. Co.,*
  No. 07 Civ. 9921, 2010 U.S. Dist. LEXIS 6269 (S.D.N.Y. Jan. 22, 2010).........................19

*Coleman v. Brokersxpress, LLC,*
  375 F. App'x 136 (2d Cir. 2010) ........................................................................20

*Comm Trade USA, Inc. v. INTL FCStone, Inc.,*
  No. 13 Civ. 3998, 2014 U.S. Dist. LEXIS 26112 (S.D.N.Y. Feb 27, 2014) ......................14

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l.,*
  790 F.3d 411 (2d Cir. 2015)..............................................................................17

*De La Fuente v. DCI Telecomms., Inc.,*
  259 F. Supp. 2d 250 (S.D.N.Y. 2003)..............................................................14

*Demchik v. General Motors Corp.,*
  821 F.2d 102 (2d Cir. 1987)..............................................................................16

*Design Strategy, Inc. v. Davis,*
  469 F.3d 284 (2d Cir. 2006)................................................................................6

*Devaney v. Chester,*
  813 F.2d 566 (2d Cir. 1987)................................................................................7

*Dimuro v. Clinique Labs., LLC,*
  572 F. App'x 27 (2d Cir. 2014) .........................................................................19

*Filler v. Hanvit Bank,*
    156 F. App'x 413 (2d Cir. 2005) ........................................................6

*Foman v. Davis,*
    371 U.S. 178 (1962) ........................................................................19

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC,*
    479 F. Supp. 2d 349 (S.D.N.Y. 2007) .............................................7

*Henry v. Bank of Am.,*
    48 N.Y.S.3d 67, 147 A.D.3d 599 (1st Dep't 2017) .........................15

*Hernandez v. Calber Home Loans,*
    No. 16 Civ. 3755, 2016 U.S. Dist. LEXIS 111797 (S.D.N.Y. Aug. 19, 2016) .................17

*In re Sanofi-Aventis Sec. Litig.,*
    774 F. Supp. 2d 549 (S.D.N.Y. 2011) .............................................18

*Izzo v. Town of Smithtown,*
    151 A.D.3d 1035, 58 N.Y.S.3d 106 (2d Dep't 2017) .....................14

*Kaufman v. Cohen,*
    760 N.Y.S.2d 157, 307 A.D.2d 113 (1st Dep't 2003) .....................12

*Kirschner v. Bennett,*
    648 F. Supp. 2d 525 (S.D.N.Y. 2009) .............................................6

*Kolbeck v. LIT Am., Inc.,*
    939 F. Supp. 240 (S.D.N.Y. 1996) ..................................................7

*Kounitz v. Slaateen,*
    901 F. Supp. 650 (S.D.N.Y. 1995) ..................................................17

*Krys v. Pigott,*
    749 F.3d 117 (2d Cir. 2014) ............................................................7

*Kwan v. Schlein,*
    441 F. Supp. 2d 491 (S.D.N.Y. 2006) .............................................12

*Leonelli v. Pennwalt Corp.,*
    887 F.2d 1195 (2d Cir. 1989) ..........................................................20

*Lerner v. Fleet Bank, N.A.,*
    459 F.3d 273 (2d Cir. 2006) ............................................................7

*Long Island Lighting Co. v. IMO Indus.,*
    6 F.3d 876 (2d Cir. 1993) ................................................................12

*Lucchesi v. Perfetto,*
    72 A.D.3d 909, 899 N.Y.S.2d 341 (2d Dep't 2010) .......................14

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.,*
    693 F. Supp. 2d 387 (S.D.N.Y. 2010) .............................................10, 12

*McDermott v. Torre,*
    441 N.Y.S.2d 152, 82 A.D.2d 152 (1st Dep't 1981) .......................16

*Merine ex rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund,*
     859 F. Supp. 715 (S.D.N.Y. 1994) ..................................................................................15

*Molefo v. KLM Royal Dutch Airlines,*
     602 F. Supp. 2d 485 (S.D.N.Y. 2009) ..............................................................................5

*Nuss v. Sabad,*
     No. 10-CV-0279, 2016 U.S. Dist. LEXIS 98529 (N.D.N.Y. July 28, 2016) ....................15

*Rather v. CBS Corp.,*
     886 N.Y.S.2d 121, 68 A.D.3d 49 (1st Dep't 2009) ..........................................................9

*Smallberg v. Raich Ende Malter & Co., LLP,*
     35 N.Y.S.3d 134, 140 A.D.3d 942 (2d Dep't 2016) ........................................................10

*Smith v. Corizon Health Services,*
     No. 14-cv-08839, 2016 U.S. Dist. LEXIS 78621 (S.D.N.Y. June 15, 2016) ....................6

*Sullivan v. Keyspan Corp.,*
     155 A.D.3d 804, 64 N.Y.S.3d 82 (2d Dep't 2017) ..........................................................14

*Thome v. Alexander & Louisa Calder Found.,*
     70 A.D.3d 88, 890 N.Y.S.2d 16 (1st Dep't 2009) ...........................................................10

*UniCredito Italiano SPA v. JP Morgan Chase Bank,*
     288 F. Supp. 2d 485 (S.D.N.Y. 2003) ..............................................................................8

*United States v. Snow,*
     462 F.3d 55 (2d Cir. 2006) ................................................................................................5

*Vtech Holdings Ltd. v. PriceWaterhouseCoopers LLP,*
     348 F. Supp. 2d 255 (S.D.N.Y. 2004) ..............................................................................9

*Warth v. Seldin,*
     422 U.S. 490 (1975) ........................................................................................................17

*Wight v. BankAmerica Corp.,*
     219 F.3d 79 (2d Cir. 2000) ................................................................................................6

**Statutory Authorities**

28 U.S.C. § 636(b)(1)(C) ...................................................................................................... 4
Time-Barred Under New York Law ....................................................................................... 11

**Rules and Regulations**

Fed. R. Civ. P. 9(b) ............................................................................................................... 6
Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 4
Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 4
Fed. R. Civ. P. 15 ................................................................................................................. 19
Fed. R. Civ. P. 15(a)(2) ........................................................................................................ 19

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 4

LEGAL STANDARD ............................................................................................. 5

ARGUMENT ........................................................................................................ 6

I.    THE REPORT CORRECTLY FOUND THAT THE SOLE CLAIM AGAINST
      THE COMPANY DEFENDANTS SHOULD BE DISMISSED .................................. 6

      A.    Plaintiffs Fail to Adequately Plead the Elements of an Aiding and
            Abetting Claim Against the Company Defendants.......................................... 6

            1.    Plaintiffs Do Not Adequately Allege That the Company
                  Defendants Had Actual Knowledge of the Individual Defendants'
                  Alleged Misconduct. ........................................................................ 7

            2.    Plaintiffs Do Not Allege Facts Demonstrating That the Company
                  Defendants Substantially Assisted the Individual Defendants'
                  Purported Wrongdoing....................................................................... 9

            3.    Plaintiffs Fail to Allege Facts Establishing the Commission of a
                  Primary Tort by the Individual Defendants. ......................................... 11

      B.    The Sole Claim Against the Company Defendants is Time-Barred Under
            New York Law.................................................................................... 11

II.   THE REPORT CORRECTLY FOUND THAT MS. MEIMARIS LACKED
      STANDING TO BRING THE CLAIMS ALLEGED IN HER INDIVIDUAL
      CAPACITY......................................................................................... 17

III.  THE REPORT CORRECTLY FOUND THAT PLAINTIFFS SHOULD  NOT
      BE GRANTED LEAVE TO FURTHER AMEND THE TAC ............................... 19

CONCLUSION.................................................................................................. 21

Defendant TBS Shipping Services Inc. ("TBS Shipping"), n/k/a Defendant

Guardian Navigation Services Inc. ("Guardian Navigation Services," collectively, with TBS

Shipping, the "Company Defendants")[1], by and through their attorneys, respectfully submit this

memorandum of law (a) in support of the Report and Recommendation to the Hon. George B.

Daniels, dated August 20, 2019 [ECF No. 113] (the "Report" or "R&R"), recommending that the

Company Defendants' motions to dismiss be granted, that the claims of plaintiff Helen Meimaris

("Ms. Meimaris") brought in her individual capacity be dismissed without prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(1), and that the claims of Ms. Meimaris, as Executrix and

Legal Representative of the Estate of Alkiviades Meimaris ("Captain Meimaris") (the "Estate,"

together with Ms. Meimaris, the "Plaintiffs"), be dismissed with prejudice pursuant to Federal

Rule of Civil Procedure 12(b)(6), and (b) in response to Plaintiffs' Objections to Magistrate

Judge's Report and Recommendation, dated August 31, 2019 [ECF No. 116] (the "Objection").

## PRELIMINARY STATEMENT

The Court should accept the recommendations in Magistrate Judge Barbara

Moses' August 20, 2019 Report to dismiss the TAC in its entirety with prejudice and, as the

recommendations relate to the Company Defendants, grant the Company Defendants' motion to

dismiss, and dismiss with prejudice the sole cause of action pleaded against them.  The detailed

and well-reasoned Report correctly found, *inter alia*, that:

---

[1]     As of May 18, 2018, or thereabouts, TBS Shipping was renamed Guardian Navigation
Services.  Guardian Navigation Services is named in the caption of the Third Amended
Complaint ("TAC") [ECF No. 62] and then referenced as "Guardian Navigation" (which
is a trade name or branding name) in the introduction and Preliminary Statement (TAC ¶
1), but is not thereafter referenced in the TAC.  The Company Defendants, together with
defendants Joseph Royce, Lawrence Blatte and Tulio Prieto (the three, collectively, the
"Individual Defendants") shall be referred to herein as the "Defendants."  Jamie Leroux
was a named defendant, but was never served and voluntarily dismissed from this action
in May 2019. [ECF No. 109].

- Plaintiffs fail to plead any of the elements necessary to make out the sole claim in the TAC alleged against the Company Defendants, sounding in aiding and abetting, in the Seventh Cause of Action;

- Plaintiffs' claims are all otherwise time-barred under the applicable statutes of limitations;

- Ms. Meimaris lacks standing to bring the claims alleged in the TAC in her individual capacity; and

- Plaintiffs should not be granted leave to further amend the TAC.

The Objection largely rehashes the unavailing and misplaced arguments made in opposition to Defendants' motions to dismiss, and for the reasons set out below, the Company Defendants respectfully submit that the Court should accept the recommendations in the Report and dismiss the TAC with prejudice.

## <u>LEGAL STANDARD</u>

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When a party has filed objections to a report, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See id.*; *Barnes v. Carolan,* No. 16 Civ. 6044, 2019 U.S. Dist. LEXIS 130317, *4 (S.D.N.Y. Aug. 5, 2019) (Daniels, J.). Though portions of a report to which a party objects are reviewed *de novo,* "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Id.* (quoting *Molefo v. KLM Royal Dutch Airlines,* 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Barnes,* 2019 U.S. Dist. LEXIS 130317 at *4 (quoting *U.S. v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006) (citations and quotation marks omitted)).

# ARGUMENT

## I.   THE REPORT CORRECTLY FOUND THAT THE SOLE CLAIM AGAINST THE COMPANY DEFENDANTS SHOULD BE DISMISSED

The Report correctly found that the sole claim against the Company Defendants (the Seventh Cause of Action sounding in aiding and abetting the alleged fraud of the Individual Defendants) fails for two independent reasons.[2]  First, the TAC fails to adequately plead the elements of aiding and abetting liability against the Company Defendants.  R&R at 32, n. 26. Second, even if the TAC adequately pleaded a claim for aiding and abetting, that claim, like the others pleaded against the Individual Defendants, is time-barred under New York law.  *Id.* at 27- 35.  For the reasons set out below, these findings in the Report should be accepted by the Court.

### A.   Plaintiffs Fail to Adequately Plead the Elements of an Aiding and Abetting Claim Against the Company Defendants.

The Report correctly finds that the Seventh Cause of Action fails to plead a cognizable aiding and abetting claim against the Company Defendants.  R&R at 32, n. 26. Because Plaintiffs did not object to this finding, the Court may accept it "so long as 'there is no clear error on the face of the record.'"  *See Smith v. Corizon Health Servs.*, No. 14-cv-08839, 2016 U.S. Dist. LEXIS 78621, *4 (S.D.N.Y. June 15, 2016) (J. Daniels) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

Under New York law, the elements for aiding and abetting fraud and aiding and for abetting a breach of fiduciary duty are "substantially similar" and consist of: (1) the

---

[2]   Despite Plaintiffs' propensity for collective pleading and frequent reference in both the TAC and the Objection to "defendants," there is not a single factual allegation in the TAC connecting the Company Defendants to the purported misconduct alleged in the first six causes of action, and the Report correctly found that only one Cause of Action in the TAC -- the Seventh Cause of Action sounding in aiding and abetting -- is pleaded against the Company Defendants.  R&R at 12

commission of a primary tort, (2) actual knowledge on the part of the alleged aider and abettor and (3) the aider and abettor providing substantial assistance in the commission of the underlying tort. *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 533 (S.D.N.Y. 2009); *see, e.g., Berman v. Morgan Keegan & Co.*, No. 10 Civ. 5866, 2011 U.S. Dist. LEXIS 27867, *26 (S.D.N.Y Mar. 14, 2011) (aiding and abetting fraud); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 303 (2d Cir. 2006) (aiding and abetting breach of fiduciary duty).  Because the underlying primary torts sound in fraud, the allegations of aiding and abetting are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which provides that in all averments of fraud, the circumstances constituting the alleged fraud shall be stated with particularity.  *See Filler v. Hanvit Bank*, 156 F. App'x 413, 416 (2d Cir. 2005); *Berman*, 2011 U.S. Dist. LEXIS 27867 at *20 (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000)).  The Report correctly finds that Plaintiffs fail to adequately allege any of the three elements of an aiding and abetting claim against the Company Defendants.

    1.    Plaintiffs Do Not Adequately Allege That the Company Defendants Had Actual Knowledge of <u>the Individual Defendants' Alleged Misconduct.</u>

The Report correctly found that the conclusory allegation that Defendant TBS Shipping was "well aware of all of the actions of the other Defendants" (TAC ¶ 161) fails to adequately plead the strong inference of actual knowledge of the underlying misconduct necessary to make out the "actual knowledge" prong of an aiding and abetting claim against the Company Defendants.  R&R at 32, n. 26.

Under New York law, actual knowledge of the alleged underlying misconduct is required to impose aiding and abetting liability.  *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (citing *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996)).  To

survive a motion to dismiss, Plaintiffs must allege facts giving rise to a "strong inference" that Defendant TBS Shipping had actual knowledge of the underlying misconduct. *See Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 367 (S.D.N.Y. 2007) (citing *Lerner*, 459 F.3d at 293). Although Rule 9(b) permits a plaintiff to plead knowledge "generally," as the Supreme Court noted in *Iqbal*, "generally" is a "relative term" that merely allows knowledge to be pleaded with less particularity than is required for the pleading of fraud. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). As the Second Circuit noted in *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014), "'generally' is not the equivalent of conclusorily." Thus, "[a]lthough Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge." *Id.* (quoting *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir. 1987)).

Plaintiffs' unsupported allegation that Defendant TBS Shipping was "well aware" of the Individual Defendants' alleged misconduct (TAC ¶ 161) -- the only allegation that avers TBS Shipping's knowledge of the Individual Defendants' purported fraud -- falls well short of pleading the strong inference of actual knowledge of the underlying misconduct required to state a claim for aiding and abetting. The allegation, moreover, that TBS Shipping "had knowledge of Meimaris' ownership in TBS Commercial Group"[3] (TAC ¶ 159) is irrelevant to whether it had actual knowledge of the Individual Defendants allegedly defrauding Captain Meimaris. Accordingly, the Report was correct in finding that Plaintiffs failed to plead Defendant TBS Shipping's requisite actual knowledge of the alleged underlying misconduct of the Individual Defendants necessary to state a claim for aiding and abetting. R&R at 32, n. 26.

---

[3]     Although similarly named, TBS Commercial Group ("Commercial Group") was always a privately held company, legally separate and distinct from TBS Shipping. R&R at 3-4; *see also* TAC ¶¶ 4, 32, 111.

2.  Plaintiffs Do Not Allege Facts Demonstrating
    That the Company Defendants Substantially Assisted
    <u>the Individual Defendants' Purported Wrongdoing.</u>

The Report also correctly found that Plaintiffs fail to demonstrate that Defendant

TBS Shipping "substantially assisted"[4] the Individual Defendants' misconduct alleged in the first

five causes of action. R&R at 32, n. 26.

The extent of Plaintiffs' allegation of Defendant TBS Shipping's assistance to the

Individual Defendants is the stand alone, unsupported allegation that it "participated" in the

"wrongdoings and illegal actions" of the Individual Defendants.  (TAC ¶ 163).  Plaintiffs provide

no supporting allegations concerning how and when TBS Shipping purportedly "participated" in

the Individual Defendants' alleged misconduct, which consisted of disparate acts over a number

of years, primarily involving Commercial Group, a company separate and distinct from TBS

Shipping.  In that regard, there is no reference whatsoever to TBS Shipping in the allegations in

the first six causes of action in the TAC.  (TAC ¶¶ 62-157).  The conclusory allegation that TBS

Shipping participated in the alleged underlying misconduct of the Individual Defendants is

wholly inadequate to state an aiding and abetting claim against the Company Defendants.  *See*

*Vtech Holdings Ltd. v. PriceWaterhouseCoopers LLP*, 348 F. Supp. 2d 255, 269 (S.D.N.Y.

2004) (elements of aiding and abetting fraud, including substantial assistance, must be pleaded

with particularity).

Further, as evidenced by the title of the Seventh Cause of Action (*i.e.*,

"Knowledge of Fraud" (TAC, p. 23)), it appears that Plaintiffs posit that Defendant TBS

---

[4]  Substantial assistance occurs where "'a defendant affirmatively assists, helps conceal, or
by virtue of failing to act when required to do so enables the fraud to proceed, and [] the
actions of the aider/abettor proximately caused the harm on which the primary liability is
predicated.'" *Berman*, 2011 U.S. Dist. LEXIS 27867 at *27-28 (quoting *UniCredito
Italiano SPA v. JP Morgan Chase Bank*, 288 F. Supp. 2d 485, 502 (S.D.N.Y. 2003)).

Shipping's purported "knowledge" of the underlying alleged misconduct of the Individual

Defendants is sufficient to state a claim against it. Plaintiffs are incorrect. First, Plaintiffs do not

plead facts adequately averring that TBS Shipping had any knowledge, let alone actual

knowledge, of the underlying alleged misconduct of the Individual Defendants. Regardless, it is

well-established that a party's mere knowledge of another's fraud, in the absence of a fiduciary

duty running to the victim of the fraud, which does not exist here,[5] is not actionable. *See Betz v.

Blatt*, 74 N.Y.S.3d 75, 81, 160 A.D.3d 696, 700 (2d Dep't 2018) ("Mere inaction of an alleged

aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty

directly to the plaintiff.") (citing *Smallberg v. Raich Ende Malter & Co., LLP*, 35 N.Y.S.3d 134,

137, 140 A.D.3d 942, 944 (2d Dep't 2016)).

   The other allegations against TBS Shipping in the Seventh Cause of Action are of

no import. The conclusory allegation that TBS Shipping "failed to question Captain Meimaris'

exclusion from new agreements involving [Commercial Group]" (TAC ¶ 160) lacks any context

and, in any event, TBS Shipping was legally separate and distinct from the privately-held

Commercial Group (TAC ¶¶ 4, 32, 111). Regardless, as discussed above, inaction can amount to

substantial assistance only if TBS Shipping owed Captain Meimaris an independent duty to act,

---

[5]    Plaintiffs do not and cannot allege that Defendant TBS Shipping owed a fiduciary duty to
Captain Meimaris. In fact, they do not allege any relationship between Captain Meimaris
and TBS Shipping, much less a relationship giving rise to a fiduciary duty. Even if one
were one to assume that Captain Meimaris was an employee of TBS Shipping, the
company, as a matter of law, would not owe him a fiduciary duty. *See Barton v.
SmartStream Techs.*, No. 16 Civ. 1718, 2016 U.S. Dist. LEXIS 61485, at *19-20
(S.D.N.Y. May 9, 2016) ("[A]n employer does not owe a fiduciary duty to its employees
simply by virtue of the employment relationship.") (citing *Rather v. CBS Corp.*, 886
N.Y.S.2d 121, 125, 68 A.D.3d 49, (1st Dep't 2009) ("The law . . . in every reported
appellate-division-level case[] is that employment relationships do not create fiduciary
relationships. Simply put, [the employer] did not owe plaintiff, as employee, a fiduciary
duty.")).

which, as a matter of law, it did not.  Further, the allegation that TBS Shipping "had the opportunity to opt out of the wrongdoings and illegal actions of the Defendants" (TAC ¶ 162) is similarly unavailing.  It presupposes that the TAC alleges that TBS Shipping was involved in the purported misconduct of the Individual Defendants -- which it does not.

        3.        Plaintiffs Fail to Allege Facts Establishing the
                     Commission of a Primary Tort by the Individual Defendants.

As the Report correctly finds, and as explained below and in the Responses filed by the Individual Defendants (*see, e.g.*, Memorandum of Law in Response to Plaintiffs' Objections to Magistrate Judge Moses' August 20, 2019 Report & Recommendation [ECF No. 118]), even if, *arguendo*, actual knowledge and substantial assistance were adequately pleaded, the aiding and abetting claim against the Company Defendants would fail because "none of [Plaintiffs' primary] tort claims [are] 'viable and timely.'"  R&R at 32 (quoting *Thome v. Alexander & Louisa Calder Found.*, 70 A.D.3d 88, 110, 890 N.Y.S.2d 16, 31 (1st Dep't 2009)); *see also Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393 (S.D.N.Y. 2010) ("Under New York law, a plaintiff must adequately allege three elements in order to make out a claim for aiding and abetting tortious conduct [including] . . . 'the existence of a primary violation[.]'").

In sum, the TAC does not plead any of the requisite elements of an aiding and abetting claim against the Company Defendants, and for that reason the Seventh Cause of Action should be dismissed.

        B.        The Sole Claim Against the Company
                    Defendants is Time-Barred Under New York Law.

The Report correctly rejected Plaintiffs' argument that the claims in the TAC, including the Seventh Cause of Action alleging aiding and abetting liability against the Company

Defendants, were timely.[6]  R&R at 33-35.  The Report correctly found that Plaintiffs' claims are

"predicated upon distinct conduct that occurred more than six years before the action was filed"

and that the TAC does not allege any "bad acts" that occurred after TBS Shipping International[7]

emerged from bankruptcy in April 2012 (*id.* at 34), and that the continuing wrong doctrine does

not save Plaintiffs' claims (*id.* at 35).  In the Objection, Plaintiffs raise no new arguments.  They

continue to argue unavailingly that all their claims are timely under the "continuous wrong

doctrine" and that the purported fraud was "related and continuous," and continued until last

year.  Objection at 10-11.  Because the Objection is simply a restatement of Plaintiffs' original

argument on this point (*see* Plaintiffs' Opposition ("Pl. Opp.") [ECF No. 81] at 21-23), the Court

reviews the Report's findings for clear error.  *See Barnes*, 2019 U.S. Dist. LEXIS 130317 at *6

(when a party "simply reiterates the original arguments, the Court will review the Report strictly

for clear error").

       The statute of limitations for an aiding and abetting claim is determined by the

period of limitations for the underlying tort.  *Marketxt Holdings Corp.*, 693 F. Supp. 2d at 393.

Under New York law, to the extent the underlying claim sounds in fraud, the statute of

limitations for aiding and abetting is six years from the date of the fraudulent act or two years

from the time the fraud could have been discovered with reasonable diligence, whichever is

---

[6]     The Report dismissed the Fifth Cause of Action on alternative grounds (R&R at 26-27) and did not specifically find that it was time-barred.  The Report did, however, correctly find that any specific allegations of wrongdoing within the period of limitations with respect to that claim were attributable to dismissed defendant Leroux, and not the Individual Defendants.  R&R at 34, n. 27.  Accordingly, the Fifth Cause of Action is likewise time-barred.

[7]     TBS Shipping International was the parent company of a group of affiliated companies (not including Commercial Group) that owned and operated a fleet of cargo vessels (TAC ¶¶ 4, 30).  Defendant TBS Shipping was a wholly-owned subsidiary of TBS Shipping International that operated that pool of vessels.

longer. *See* N.Y. C.P.L.R. § 213(8), § 203(g); *Long Island Lighting Co. v. IMO Indus.*, 6 F.3d

876, 887 (2d Cir. 1993). To the extent the underlying claim sounds in breach of fiduciary duty,

the applicable statute of limitations is three or six years, depending on the substantive remedy

sought. *See Kaufman v. Cohen*, 760 N.Y.S.2d 157, 164, 307 A.D.2d 113, 118 (1st Dep't 2003)

(citations omitted).[8] "A fraud claim accrues at the time the fraud is committed, i.e. at the time

the defendant makes a knowingly false statement of fact with the intent to induce reliance on that

statement." *Kwan v. Schlein*, 441 F. Supp. 2d 491, 504 (S.D.N.Y. 2006) (citation omitted).

Regardless of whether the applicable statute of limitations is three or six years,

none of the claims to which Plaintiffs' aiding and abetting cause of action could be anchored is

timely.[9] Plaintiffs' initial complaint was filed on May 21, 2018 [ECF No. 12]. Thus, under the

longer six-year statute of limitation, Plaintiffs' claims would have had to have accrued no earlier

than May 21, 2012. All the claims alleged, however, accrued prior to that date, some well prior.

The Report correctly finds that claims alleged in the TAC accrued in 2008 (in the case of the

Second Cause of Action with respect to the thwarted stock sale by Captain Meimaris) (R&R at

29-30), at some point between 2009 and 2011 (with respect to the usurped business opportunity

in the First Cause of Action) (*id.* at 29), and in no event later than in connection with the TBS

Shipping International bankruptcy, which was filed on February 6, 2012, and resulting

---

[8]    Where equitable relief is sought, the period of limitations is six years. *Kaufman*, 760
        N.Y.S.2d at 166; N.Y. C.P.L.R. § 213(1). However, where a suit seeks monetary
        damages, a three-year period of limitations is applied. *Kaufman*, 760 N.Y.S.2d at 164
        (citations omitted); N.Y. C.P.L.R. § 214(4). To the extent, however, allegations of fraud
        are essential to a claim for breach of fiduciary duty, the claim is subject to a six-year
        statute of limitations, even when the relief sought is money damages. *Kaufman*, 760
        N.Y.S.2d at 164-65 (citations omitted).

[9]    Because the Report found that all the claims in the TAC were untimely under the longer
        six-year statute of limitations, it did not determine whether the shorter three-year period
        of limitations was applicable. R&R at 28, n. 25.

reorganization, which was approved by the bankruptcy court on March 29, 2012 and became effective April 12, 2012 (with regard to the Third Cause of Action concerning Captain Meimaris being precluded from any interest in the reorganized TBS Shipping International companies (*id.* 30-31) or the Fourth Cause of Action regarding the use of Commercial Group in the bankruptcy proceedings (*id.* at 31)). In sum, the Report correctly finds that the TAC does not allege any "bad acts" after the TBS Shipping International companies emerged from bankruptcy, effective April 12, 2012.[10] And, moreover, the Report correctly finds that all the purported fraud was discovered by Captain Meimaris prior to his death in December 2013. R&R at 27.

The Report correctly found that Plaintiffs "misconstrue[]" the continuing wrong doctrine (R&R at 33) and that it has no application here. As the Report states "certain wrongs are considered to be continuing wrongs, and the statute of limitations, therefore, runs from the commission of the last wrongful act." *Id.* (quoting No. 13 Civ. 3998, 2014 U.S. Dist. LEXIS 26112, *26 (S.D.N.Y. Feb 27, 2014) (internal quotation omitted)). The claims most commonly associated with the continuing wrong doctrine are "continuing torts," such as nuisance and trespass, where each new nuisance is viewed as an additional tortious act rather than a single act with continuing effects, and the new acts of nuisance can form the basis of a new cause of action.

---

[10]     Plaintiffs' conclusory allegations concerning companies associated with the privately-held Commercial Group being "opened and closed" "as recently as 2018" (Objection at 4) is misguided and irrelevant. The allegation does not appear in the TAC or incorporated materials, and is not properly before the Court. R&R at 34, n. 27; *see Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 305 (S.D.N.Y. 2008). More importantly, Plaintiffs specifically acknowledge in the Objection that Captain Meimaris' ownership in "every one of those companies" was *extinguished* "when his shares were stolen from the Commercial Group." Objection at 4. That theft allegedly occurred prior to, or in connection with, the TBS Shipping International bankruptcy in the spring of 2012 (R&R at 31), thus any alleged restructuring of Commercial Group companies in 2018 did not, and could not, have any effect on Captain Meimaris' interests in the companies.

14

*Lucchesi v. Perfetto*, 72 A.D.3d 909, 899 N.Y.S.2d 341 (2d Dep't 2010); *Sullivan v. Keyspan Corp.*, 155 A.D.3d 804, 64 N.Y.S.3d 82 (2d Dep't 2017); *Izzo v. Town of Smithtown*, 151 A.D.3d 1035, 58 N.Y.S.3d 106 (2d Dep't 2017).[11]

The continuing wrong doctrine, however, has no application here because the each of the claims in the TAC is "predicated upon distinct conduct that occurred more than six years before the action was filed." R&R at 34. While all the alleged misconduct involves fraud or breach of fiduciary duty, there is no continuing scheme or plan that connects them, other than the suggestion that the "defendants are bad guys." *See De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 268 (S.D.N.Y. 2003) ("While all … of plaintiff's claims allege[d] a type of 'fraud,' there [was] no … continuing scheme or plan that connected the[m] … other than 'defendants are bad guys.'"). The continuing wrong doctrine thus has no application to the claims alleged in the TAC.

Moreover, as the Report found, "the continuing wrong doctrine 'may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct.'" R&R at 33 (quoting *Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 147 A.D.3d 599, 601 (1st Dep't 2017) (citations omitted)). Even where the continuing wrong doctrine is applicable, the doctrine will save claims only to the extent of wrongs committed within the applicable limitations period. R&R at 33-34 (citing *Butler v. Gibbons*, 173 A.D.2d 352, 353, 569 N.Y.S.2d 722, 723 (1st Dep't 1991)); *see also Merine ex rel. Prudential-Bache Util. Fund v. Prudential-Bache Util. Fund*, 859 F. Supp. 715, 725 (S.D.N.Y. 1994) (although new causes of action arose each time defendant charged plaintiff excessive fees, only fees charged within the three-year

---

[11]     Plaintiffs rely on these three cases in their Objection, although they mischaracterize them as "fraud cases." Objection at 11.

limitations period gave rise to a claim).  Indeed, in *Butler*, a case to which Plaintiffs cite in support of their continuing wrong theory (*see* Objection at 11), the court applied the doctrine where the defendant repeatedly failed to turn over rental proceeds, but only "as to any such proceeds which were retained by [the] defendant during the six years preceding the commencement of the action." 173 A.D.2d at 253.  Plaintiffs' reliance on *Nuss v. Sabad*, No. 10-CV-0279, 2016 U.S. Dist. LEXIS 98529 (N.D.N.Y. July 28, 2016) (*see* Objection at 12), is similarly unavailing. In that case, unlike here, there was new fraudulent conduct alleged to have occurred within the period of limitations.  Here, the Report correctly finds that the TAC does not allege any misconduct inside the limitations period, *i.e.*, after May 21, 2012, and thus the continuing wrong doctrine, even if applicable, would not save Plaintiffs' claims.  R&R at 34.

Finally, Plaintiffs erroneously contend for the first time in the Objection that it is improper to dismiss the TAC based on the statute of limitations because whether the continuing wrong doctrine is applicable "is a question of a triable issue of fact which is raised at trial for the jury to determine." Objection at 12.  In the first instance, as described above, the Report correctly found that the continuing wrong is inapplicable here.  Second, the authority on which Plaintiffs rely for the proposition that whether their claims are timely is a question of fact is either inapposite or misplaced, and does not even involve the doctrine of continuing wrongdoing.[12]  And finally, as the Report correctly notes, the applicability of the statute of

---

[12]    Plaintiffs cite to *McDermott v. Torre*, 441 N.Y.S.2d 152, 82 A.D.2d 152, 153 (1st Dep't 1981), which is a *continuous treatment* case and involves a factual dispute concerning when plaintiff's relationship with his physician ended; *Demchik v. Gen. Motors Corp.*, 821 F.2d 102, 106 (2d Cir. 1987), involving a question of fact concerning *fraudulent concealment*; and *3rd & 6th, LLC v. Berg*, 53 N.Y.S.3d 78, 149 A.D.3d 794, 795-96 (2d Dep't 2017), concerning the dismissal of a legal malpractice claim because plaintiff failed to raise a question of fact concerning whether *continuous representation* tolled the statute of limitations.

limitations is properly before a court on a motion to dismiss where, as here, it "appears on the face of the complaint . . . [or] [,] is apparent from the documents attached to or integral to the complaint, or arises from 'matter of which judicial notice may properly be taken.'"  R&R at 28 (internal citations and quotations omitted).

The Report properly considered whether Plaintiffs' claims were timely and its recommendation that they be dismissed as time-barred should be accepted by the Court.

## II.   THE REPORT CORRECTLY FOUND THAT MS. MEIMARIS LACKED STANDING TO BRING THE CLAIMS ALLEGED IN HER INDIVIDUAL CAPACITY

Plaintiffs object to the Report's finding that Ms. Meimaris lacks standing to sue in her individual capacity.  *See* Objection at 22-24.  Again, Plaintiffs objections are largely a restatement of arguments made in their prior brief (*see* Pl. Opp. at 8), thus, the Court need only review the Report's conclusions on these issues for clear error.  *See Barnes*, 2019 U.S. Dist. LEXIS 130317 at *4.

The Report correctly states that for individual standing to exist, the TAC must adequately plead that Ms. Meimaris has a "personal stake in the outcome of the controversy," *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975), due to an invasion of her own "legally-protected interest." *Kounitz v. Slaateen*, 901 F. Supp. 650, 654 (S.D.N.Y. 1995) (internal quotation omitted).[13]  R&R at 22.  The Report also correctly (and exhaustively) notes that "[a]ll of the

---

[13]    Absent injury, a party does not have standing to bring suit.  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).  "To have standing to maintain a lawsuit, a plaintiff 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Hernandez v. Calber Home Loans*, No. 16 Civ. 3755, 2016 U.S. Dist. LEXIS 111797, *3 (S.D.N.Y. Aug. 19, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).  "'[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1547).

interests that defendants allegedly invaded belonged to Captain Meimaris," not Ms. Meimaris. R&R at 23.

While the TAC alleges that Captain Meimaris was defrauded of his interest in Commercial Group and TBS Ecuador and was fraudulently induced to not sell his TBS Shipping International stock, there is no allegation that Ms. Meimaris had any interest in Commercial Group, TBS Ecuador or Captain Meimaris' TBS Shipping International stock. Thus, only Captain Meimaris, and not his wife, could have suffered any direct injury from the alleged misconduct. Ms. Meimaris' status as Captain Meimaris' spouse does not, by itself, grant her standing to sue for economic injuries allegedly suffered by her husband. R&R at 24-25. Similarly, Ms. Meimaris' status as a beneficiary of Captain Meimaris' estate does not confer standing upon her to sue in her individual capacity. R&R at 25.

As they did in their Opposition, Plaintiffs argue that a joint bank account and a reciprocal will between Captain Meimaris and Ms. Meimaris (facts not alleged in the TAC) somehow confers standing upon Ms. Meimaris to sue in her individual capacity.[14] Objection at 23. Plaintiffs object to the Report's statement that Plaintiffs cannot cure the deficiencies of a complaint by alleging additional facts in their memorandum of law. That objection is mistaken as a matter of law. R&R 24, n. 22; *see also In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011) (J. Daniels) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (internal citations and quotations omitted). It is also irrelevant. Plaintiffs ignore that the Report concludes that "[e]ven assuming, *arguendo*, that

---

[14]     The new conclusory suggestion in the Objection that Ms. Meimaris and Captain Meimaris "owned their business' jointly" [sic] (Objection at 23) is squarely contrary to the TAC, which alleges that Captain Meimaris owned stock in TBS Shipping International and an interest in Commercial Group. R&R at 23.

[Plaintiffs allegations of a joint bank account and reciprocal will] appeared in the Complaint, they would not suffice to confer standing upon Ms. Meimaris to sue individually for the harms allegedly inflicted on her late husband by his former business associates." R&R at 24.

For these reasons, the Report's recommendation that the claims brought by Ms. Meimaris in her individual capacity should be dismissed should be accepted by the Court.

## III.   THE REPORT CORRECTLY FOUND THAT PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO FURTHER AMEND THE TAC

The Report correctly found that the TAC should be dismissed without leave to further amend on three separate and independent bases, that: (1) Plaintiffs have already filed multiple amended complaints (R&R at 13-16), including filing the TAC *after* the Defendants identified the deficiencies upon which they ultimately moved to dismiss and upon which the Report recommended the TAC be dismissed; (2) Plaintiffs have failed to provide any detail with respect to how the TAC might be amended to cure the pleading deficiencies identified in the Report; and (3) granting leave to further amend is futile because the pleading deficiencies are incurable. R&R at 35, n. 28.  In response to the Report, Plaintiffs muster only the boilerplate objection that under Rule 15 of the Federal Rules of Civil Procedure "leave shall be freely given when justice so requires."  Objection at 21-22 (citations omitted).  Because of the conclusory nature of this objection, the Court reviews the Report on this issue strictly for clear error.  *See Barnes*, 219 U.S. Dist. LEXIS 130317 at *4.

While "[t]he court should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to grant leave in a particular case is within the sound discretion of the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  And any one of the three bases for denying leave to further amend identified in the Report, standing alone, justifies denying leave to further amend the TAC.  First, Plaintiffs have filed multiple amended

complaints, including filing the operative TAC [ECF No. 62] after Individual Defendant Prieto

had moved to dismiss a prior version of the complaint [ECF No. 39] and after the other

Individual Defendants [ECF No. 49] and the Company Defendants [ECF No. 52] had previewed

what would be their motions to dismiss. R&R at 15. Notwithstanding the opportunity to

preview what would be the Defendants' motions to discuss, Plaintiffs did not (and could not)

plead facts stating viable claims in the TAC. *See City of Sterling Heights Police & Fire Ret. Sys.*

*v. Vodaphone Grp. Pub. Co.*, No. 07 Civ. 9921, 2010 U.S. Dist. LEXIS 6269, *4 (S.D.N.Y. Jan.

22, 2010) (denial of leave to amend appropriate where plaintiff had previously declined to amend

complaint after having had the opportunity to review pre-motion letter).

        Second, Plaintiffs fail to explain, either in their opposition to the motions to

dismiss or in the Objection, how they could cure the pleading defects identified in the Report in

any further amended pleading. *See Dimuro v. Clinique Labs., LLC*, 572 F. App'x 27, 33 (2d Cir.

2014) (affirming district court's decision to deny leave to amend when plaintiff failed to identify

how deficient complaint could be amended); *Coleman v. Brokersxpress, LLC*, 375 F. App'x 136,

137 (2d Cir. 2010) (affirming decision to deny leave to amend because plaintiff "made no

specific showing as to how he would cure the defects that persisted if given a second opportunity

to amend."). The deficiencies in the TAC, to be clear, include not only the untimeliness of all

the claims, but with respect to the Company Defendants, the failure to otherwise plead the

elements of an aiding and abetting claim against the Company Defendants. *See supra* at 4-9.

        And finally, as the Report correctly observes, the deficiencies in the TAC are fatal

and incurable. R&R at 35, n. 28. In particular, as the Report correctly observes, "[there is no]

set of facts -- consistent with those pleaded already -- that would render the Estate's claims

timely." R&R at 35, n. 28. *See Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198 (2d Cir. 1989) (leave to amend properly denied when further amendment would be futile).

For the foregoing reasons, the Report's recommendation that Plaintiffs not be granted leave to further amend the TAC should be accepted by the Court.

## **CONCLUSION**

For the reasons set forth above, the Company Defendants respectfully request that the Court accept the Report, grant the Company Defendants' motion to dismiss the TAC, dismiss with prejudice the sole claim asserted against the Company Defendants, deny Plaintiffs leave to further amend the complaint, and grant such other, further and different relief as the Court deems just and proper.

Dated:  New York, New York
        September 16, 2019

                                    SEWARD & KISSEL LLP

                                    By _____
                                        Mark D. Kotwick
                                        Noah S. Czarny

                                    One Battery Park Plaza
                                    New York, NY  10004
                                    (212) 574-1200

                                    *Attorneys for Defendant TBS Shipping Inc. and*
                                    *Guardian Navigation Services Inc.*

SK 27991 0005 8369017