UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
                                                 )
HELEN MEIMARIS AS EXECUTRIX and LEGAL            )
REPRESENTATIVE OF THE ESTATE OF ALKIVIADES       )
MEIMARIS AND HELEN MEIMARIS,                     )          1:18-cv-4363 (GBD)(BCM)
                        Plaintiffs,              )
                                                 )
                                                 )
        -against-                                )
                                                 )
                                                 )
JOSEPH E. ROYCE, LAWRENCE A. BLATTE,             )
TULIO PRIETO ,                                   )
TBS Shipping Services Inc., and Guardian Navigation )
Services Inc.,                                   )
                        Defendants.              )
_____X

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
RECONSIDERATION PURSUANT TO LOCAL RULE 6.3 AND F.R.C.P. 59(e)**

---

**ALKISTIS G. MEIMARIS,ESQ.**
**240 FIFTH AVENUE**
**SUITE M250**
**NEW YORK, NEW YORK 10001**
**(201) 615-3220**
**Alkistism@aol.com**

**TABLE OF CONTENTS**

**Table of Authorities**............................................................................................................ii

I.       **INTRODUCTION**............................................................................................1

II.     **PROCEDURAL BACKGROUND**...............................................................1

III.   **FACTUAL BACKGROUND**..........................................................................2

IV.   **ARGUMENT**....................................................................................................3

         A.      **LEGAL STANDARDS FOR RECONSIDERATION**......................................3

         B.      **The Court Should Reconsider its Dismissal of Plaintiffs Claims Based Upon The Statute of Limitations As Plaintiffs Are Within The Statute Of And Their Claims Are Not Time Barred Because The Court Erroneously Chose The Wrong Date For The Statute's Commencement** ........................................................................5

         C.      **The Courts Refusal To Allow Plaintiffs To Amend Their Complaint Is Manifestly Unjust  Because Amendment Would Not Be Futile And Therefore Not Subject To The F.R.C.P. 12 (b)(6) Reasons For Dismissal**...............................................................7

         D.      **The Court Should Reconsider The Dismissal Of Plaintiffs' Fifth Cause Of Action As The Court Based Their Judgement on Manifest Error of Fact**..................................9

         E.      **Plaintiffs Request That The Court Grant Plaintiffs Motion To Reconsider Permitting New Information To Be Added To Plaintiffs Case**....................................10

V.      **CONCLUSION**...............................................................................................10

i

# TABLE OF AUTHORITIES

**Case Law**

*Affordable Hous. Assoc., Inc. v. Town of Brookhaven,*
    150 A.D.3d 800 (2d Dep't 2017)..............................................................................................6

*Berg v. Kelly,*
    No. 12-3391, 2018 WL 6252383, at *3(S.D.N.Y. Nov. 30, 2018)......................................4

*Brass v. American Film Technologies, Inc.,*
    987 F.2d 142, 150 (2d Cir.1993)..........................................................................................4

*Coleman v. Brokers Xpress, LLC,*
    375 F.App'x 136, 137 (2d Cir. 2010)...................................................................................4

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).............................................3

*Cortes Indus., Inc. v. Sum Holding L.P.,*
    949 F.2d 42, 48 (2D Cir. 1991).........................................................................................4,7

*Easton v. Sundram,*
    947 F.2d 1011, 1014-15 (2d Cir.1991), cert. denied, ___ U.S. ___, 112 S. Ct. 1943, 118 L. Ed. 2d
    548 (1992).............................................................................................................................3

*Gottwald v. Sebert,*
    2018 NY Slip Op. 32141 (U)................................................................................................8

*Izzo v. Town of Smithtown,*
    151 A.D.3d 1035, 1035 (2d Dep't 2017)..............................................................................6

*Kolel Bet Techiel Mechil v YLL Irrevoc. Tr.,*
    729 F.3d 99,104 (2d Cir. 2013)......................................................................................4,7,9

*Leaseamerica Corp. V. Eckel,*
    710 F.2d 1470, 1473-1473 (10th Cir. 1983)........................................................................4

*Leonelli v. Pennwalt Corp.,*
    887 F,2d 1195, 1198 (2d Cir. 1989)......................................................................................4

*Lucchesi v. Perfetto,*
    72 A.D.3d 909, 910 (2d Dep't 2010).....................................................................................6

*Merine ex. Rel.-Util. Fund v. Prudential-Bache Util. Fund.*
    859 F.Supp 715, 725 (S.D.N.Y. 1994)..................................................................................6

*Nuss v. Salad,* 2016
U.S. Dist. LEXIS 98529, at *28-29 (N.D.N.Y. July 28, 2016, No. 7:10-cv-0279........................6

*Ortiz v. Corvetta,*
    867 F.2d. 146,149 (2d Cir. 1989)..........................................................................................3

*Olaf Soot Design LLc v. Daktronics,*
15 Civ. 5024 (RWS) 299 F.Supp 3d 395 (S.D.N.Y. 2017),.........................................................6

*PAC. Ins. Co. V. Am. Nat'l Fire In's. Co.,*
    148 F.3d 396,403 (4th Cir 1998)...............................................................................5

*Ricciuti v. N.Y.C. Tr. Auth.,*
    941 F.2d 119, 123 (2D Cir. 1991)............................................................................4

*Ronzani v. Sanofi S.A.,*
    899 F.2d 195, 198 (2d Cir. 1990)............................................................................4

*RST (2005) Inc. v. Research in Motion Ltd.,*
    No. 07 Civil. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009)..................5

*Russel v. Delco Remy Div. of Gen. Motors Corp.,*
    51 F.3d 746,749 (7th Cir. 1995)..............................................................................5

*Schroeder v. CSX Transp.,Inc.,*
    70 F.3d 255,257 (2d Cir. 1995)...............................................................................4

*Schoolcraft v. City of N.Y.,*
    298  F.R.D. 134,136 (S.D.N.Y. 2014.......................................................................4

*Sullivan v. Keyspan Corp.,*
    155 A.D.3d 804, 807 (2d Dep't 2017) .....................................................................6

*The American Medical Association et al. v. United Healthcare Corporation et al,*
    Docket Number 00 Civ 588 F.Supp 2d 432 (S.D.N.Y. 2008)................................7

*Tiberiv. CIGNA Corp.*
    89 F3rd 1423 (10th Cir 1996)..................................................................................6

*Virgin Atl. Airways, Ltd. v. Nat'l Médiation Bd.,*
    9567 F.2d 1245, 1255 (2d Cir. 1992).......................................................................4

**Statutes**
Local Rule 6.3.......................................................................................................................3,4

C.P.L.R. 213 (8)(b)...................................................................................................................6

F.R.C.P. 12(b)(6)...................................................................................................................3,5

F.R.C.P. 15(a)............................................................................................................................
3,4,5,7,8,9

F.RC.P. 59(e)....................................................................................................................3,4,9,10

**Scholarly Texts**
11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure sec.
    2810.1 (2d ed. 1995).............................................................................................

## I.      INTRODUCTION

Plaintiffs, Helen Meimaris as Executrix and Legal Representative of the Estate of Alkiviades Meimaris, and Helen Meimaris ("Plaintiffs") respectfully request that this Court reconsider and amend its decision to dismiss Plaintiffs' claims with prejudice in its Memorandum and Decision and Order dated September 25, 2019 (Docket Number 121).   The Court should reconsider its dismissal and amend its decision and order on three grounds:    First, the Court erroneously used the incorrect dates for the commencement of the statute of limitations.   There are several dates, as all of Plaintiffs documents indicate, which could be used to commence the statute of limitations which the Court erroneously overlooked. Second, Plaintiffs amending their complaint would not be futile, as their Amendment would better describe the facts which included the Defendants Royce and Blatte in the fifth cause of action of their Third Amended Complaint ("TAC") (ECF 62). The Court misread the facts in the fifth cause of action of Plaintiffs' TAC to be as against only former Defendant Jaime Leroux, when The fifth cause of action is primarily against Defendants Royce and Blatte with Mr. Leroux aiding and abetting their theft of decedent's shares in TBS Ecuador.    Hence, amending the Complaint would better show that the fifth cause of action is indeed against Defendants Royce and Blatte thereby establishing the trigger date for the statute of limitations as 2014 with the theft Captain Meimaris' Ecuador shares by Defendants Royce and Blatte.   Third, Plaintiffs ask the court to recognize, that the Estate, a Plaintiff in this case, only learned of the wrongdoings of these Defendants in December of  2017, thus commencing the statute of limitations for the Estate Plaintiff.

## II.      PROCEDURAL BACKGROUND

On April 3, 2018, Plaintiffs commenced this case in New York Supreme Court, New York, County.  (Comp. and Demand for Jury Trial ECF 33-1) Defendants filed a motion to transfer this case to Westchester County.  Plaintiffs discontinued the case in State Court and commenced this action in Federal Court, as the more appropriate venue for this case. (ECF 12).   Plaintiffs filed two amendments to their complaint. (Am. Complaint and Demand for Jury Trial ECF 18 & ECF 25).   On August 22, 2018, Plaintiffs were granted leave to file a third amended complaint ("TAC"). (ECF 58).  Plaintiffs did

1

not file the TAC until September 24, 2018, as Plaintiffs Attorney was in Greece due to the death of two close family members. [ECF 62] Plaintiffs also made a motion to amend their complaint again in order to more clearly state and explain factual issues allegations in the TAC, however the Court denied this request pending Defendants' responses.  [Magistrates Order ECF 65].  On October 1, 2019, all Defendants filed Motions to Dismiss. (ECF Numbers 69, 72 & 75). In the Report and Recommendation the Magistrate urged the Court to grant Defendants' Motions to Dismiss with prejudice under Rule 12(b)(6) with regard to the Estate and grant Defendants' Motions to Dismiss without prejudice under Rule 12(b)(1) with regard to the individual Plaintiff.  On August 31, 2019, Plaintiffs filed their objections to the Magistrates report. (Plaintiffs' Objections ECF 116). The Magistrate's Report is riddled with factual errors, as well as, misstatements of facts misquoting Plaintiffs' documents.   On September 25, 2019, the Court in its Memorandum, Decision and Order adopted the Magistrate's recommendations. (Memorandum, Decision and Order ECF 121).  Plaintiffs respectfully request that the Court reconsider and amend its Decision and Order as the Court erroneously used the incorrect date for the commencing of the statute of limitations, as there are several trigger dates which can be used to commence the statute of limitations.  Plaintiffs also request that the Court reconsider its Decision and Order to allow them to amend their complaint as to do so would not be futile. Further, Plaintiffs request that the Court reconsider its Decision and Order regarding the fifth cause of action  of Plaintiffs' TAC as the Court misinterpreted its facts to apply as against only the dismissed Defendants.  Finally,  Plaintiffs request that the Court reconsider its Decision to permit consider review of new information.

## III.    FACTUAL BACKGROUND

In 2008, Defendants' began a long scheme of conspiracy, including but not limited to commit fraud, theft of decedent's shares in TBS Commercial Group, theft of his shares in TBS Ecuador, usurpation of corporate opportunities, breach of fiduciary duties owed to decedent, preventing decedent from selling his  shares and from participating in a newly reorganized company.  Defendants squeezed decedent out of many opportunities including the retention of shares he owned.  In this respect, decedent had tried on many occasions to sell his shares in TBS International, but was persuaded not to do so by Defendants Royce and Blatte so that they could sell their own shares. (TAC ECF 62 at pars. 77-79).

While in May 2008 decedent was again refrained from selling his TBS shares by Defendants Royce and

Blatte, however, at the same time those Defendants sold over $150,000,000 worth of their own shares.

(TAC ECF 62 at pars. 81-84).   On or about Royce and Blatte caused TBS International to reorganize.

(ECF TAC pars. 92-97). Royce and Blatte  prevented decedent from participating in the benefits of this

reorganization. (ECF 62 pars. 91-98) In 2011, Royce, Blatte and Prieto tried to persuade Captain

Meimaris relinquish his 10% share ownership in TBS Commercial Group for no compensation.  When

Captain Meimaris refused, they simply seized his shares. (TAC ECF 62 pars. 104-124).  In the same year,

Royce and Blatte prevented Captain Meimaris from participating and investing in an opportunity in

Ecuador by falsely stating a conflict of interest. Yet Royce and Blatte later usurped that opportunity for

themselves (TAC ECF 62 pars. 63-69). In 2014, Defendants Royce and Blatte, with the help of Jaime

Leroux, stole Captain Meimaris' interest and shares in TBS Ecuador.  (TAC ECF pars. 131-136)    The

Bankruptcy proceeding was closed on June 29, 2012. Plaintiffs have shown in their TAC and their

Opposition Memorandum of Law (ECF 62,79,81,83) that they are well within the statute of limitations to

pursue their allegations.  Plaintiffs respectfully request that this Court reconsider its Decision and Order

to prevent manifest injustice.

## IV.      ARGUMENT

**A.      LEGAL STANDARDS FOR RECONSIDERATION**

Plaintiffs move for reconsideration under Local Rule 6.3 and F.R.C.P. 59 (e). Plaintiffs bring this

motion for the Court to reconsider its ruling on Defendants' 12(b)(6) motions and under F.R.C.P. 15(a).

The Federal Rules of Civil Procedure ("F.R.C.P.") provide that a complaint will only be dismissed

if plaintiff fails "to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In judging the

sufficiency of a complaint under a F.R.C.P. 12(b)(6) motion to dismiss, the Court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Ortiz v.*

*Corvetta,* 867 F.2d. 146,149 (2d Cir. 1989) A complaint should not be dismissed "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); see also *Easton v.*

*Sundram,* 947 F.2d 1011, 1014-15 (2d Cir.1991), cert. denied, ___ U.S. ___, 112 S. Ct. 1943, 118 L. Ed.

2d 548 (1992). The consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice maybe taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Technologies, Inc*., 987 F.2d 142, 150 (2d Cir.1993).

Under F.R.C.P. Rule 15(a), Plaintiffs have a right to amend their complaint and by which "leave shall be freely given when justice so requires." *Cortes Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2D Cir. 1991); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990); *Ricciuti v. N.Y.C. Tr. Auth*., 941 F.2d 119, 123 (2D Cir. 1991). Further, in absence of '"undue delay, bad faith or dilatory motive on the part of the movant..." leave to amend should be, as the rules require "freely given"' *Leonelli v. Pennwalt Corp.,* 887 F,2d 1195, 1198 (2d Cir. 1989); *Coleman v. Brokers Xpress, LLC,* 375 F.App'x 136, 137 (2d Cir. 2010). The general policy favoring amendment is to be applied liberally, even where a plaintiff seeks to amend to plead new legal theories. Under this liberal policy, leave to amend is generally granted absent undue delay and bad motive. *Leaseamerica Corp. V. Eckel,* 710 F.2d 1470, 1473-1473 (10th Cir. 1983)

Under F.R.C.P. Rule 59(e) a motion to amend or alter a judgment may be granted if the moving party demonstrates one of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice or (4) there is an intervening change in controlling law. See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure sec. 2810.1 (2d ed. 1995) Under Local Rule 6.3 and F.R.C.P. 59(e), motions for reconsideration should be granted if "the moving party can point to...*data* that the Court overlooked-matters in other words that might reasonable be expected to alter the conclusion reached by the Court," *Berg v. Kelly,* No. 12-3391, 2018 WL 6252383, at *3 (S.D.N.Y. Nov. 30, 2018)(quoting *Schroeder v. CSX Transp.,Inc.,* 70 F.3d 255,257 (2d Cir. 1995)(emphasis added)); *see also Schoolcraft v. City of N.Y.,* 298 F.R.D. 134,136 (S.D.N.Y. 2014)(holding that the "burden is on the movant to demonstrate that the Court overlooked...material facts that were before it on the original motion, and that might materially have influenced its earlier decision"(internal quotation marks omitted). Likewise, a motion for reconsideration should be granted based upon "the need to correct clear error or prevent manifest injustice." *Kolel Bet Techiel Mechil v YLL Irrevoc. Tr.,* 729 F.3d 99,104 (2d Cir. 2013)(quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

*Médiation Bd.,* 9567 F.2d 1245, 1255 (2d Cir. 1992). *RST (2005) Inc. v. Research in Motion Ltd.,* No.07 Civ.3737,2009 WL 274467, at *1(S.D.N.Y. Feb. 4, 2009)(quoting *Virgin Atl. Airways , Ltd. v. National Mediation Bd. Id. Supra).*

The purpose of Rule 59(e) is to permit a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *PAC. Ins. Co. V. Am. Nat'l Fire In's. Co.,* 148 F.3d 396,403 (4th Cir 1998)(quoting *Russel v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746,749 (7th Cir. 1995). In light of the foregoing, Plaintiffs move for reconsideration of the Court's ruling on Defendants' 12(b)(6) motions, the Court's ruling on Plaintiffs' right to amend their complaint under F.R.C.P. 15(a), the Court's ruling on Plaintiffs' fifth cause of action and consideration of new information. Plaintiffs respectfully submit that the Court should "correct a clear error" and "prevent manifest injustice" as the Court's order was based upon a manifest error of fact, as in overlooking the record its Order constitutes manifest error as hereinafter demonstrated.

**B.      The Court Should Reconsider its Dismissal of Plaintiffs Claims Based Upon The Statute of Limitations As Plaintiffs Are Within The Statute And Their Claims Are Not Time Barred Because The Court Erroneously Chose The Wrong Date For Commencement Of The Statute's Commencement**

As explained in *Berg v. Kelly supra,* reconsideration of a Court's prior order is appropriate and should be granted if "the moving party can point to...*data* that the Court overlooked-matters in other words that might reasonable be expected to alter the conclusion reached by the Court,". This is precisely the circumstance here. The Court dismissed Plaintiffs' claims based upon "data" which the Court overlooked. The Court states that the TAC's causes of action took place more than 6 years after the plan for the Approval of Reorganization, which was April 12, 2012. (ECF at 13,14)

The Court wrongly selected that date, because as set forth in Plaintiffs' submissions, Defendants' wrongful acts took place on June 29, 2012 with the closing of the Bankruptcy case, 2014 with the fraudulent and unlawful theft of Captain Meimaris TBS Ecuador shares by Defendants Royce and Blatte and as recent as 2018 with the closing of other TBS Commercial Group companies in which Captain Meimaris had a 10% interest. [ECF 79 at 7,9,11,14,16 & ECF 81 at 21, 22, 23 ECF 83 at 12,13 & ECF 116 at 10,12,12,17,19, 20). In each instance, using any or all of these dates, the Plaintiffs are well within

5

the statute of limitations for fraud.  Under N.Y.C.P.L.R. §213 (8) the statute of limitations for fraud is the

"greater" of six years from when the fraud occurred or two years from when the Plaintiffs discovered it.

The commencement of the statute could be either June 29, 2012, when the Bankruptcy case closed, 2014

or as recent as 2018 with the closing of some of TBS Commercial Group companies. Therefore,  Plaintiffs

are well within the statute of limitations on their fraud claims.

Even using the earlier 2012 date, which signified when Defendants Royce and Blatte actually

used the Commercial Group for leverage for the Bankruptcy without decedent's consent, Plaintiffs again

are within the limitations period under the continuous wrong doctrine, this was a scheme of wrongdoings,

a concept here the Court has ignored.   Under the "continuous wrong doctrine" the limitations period is

tolled to the commission of the last wrongful act.  *Nuss v. Salad*, 2016 U.S. Dist. LEXIS 98529, at *28-29

(N.D.N.Y. July 28, 2016, No. 7:10-cv-0279.   The Courts have applied this doctrine to cases of fraud.

*Tiberiv. CIGNA Corp*.89 F3rd 1423 (10th Cir 1996), *Merine ex. Rel.-Util. Fund v. Prudential-Bache Util.*

*Fund. 859* F.Supp 715, 725 (S.D.N.Y. 1994). *Affordable Hous. Assoc., Inc. v. Town of Brookhaven,* 150

A.D.3d 800 (2d Dep't 2017). The 2d Department upheld the continuous wrong doctrine as viable in many

cases. *Lucchesi v. Perfetto*, 72 A.D.3d 909, 910 (2d Dep't 2010); *Sullivan v. Keyspan Corp.*, 155 A.D.3d

804, 807 (2d Dep't 2017) and *Izzo v. Town of Smithtown*, 151 A.D.3d 1035, 1035 (2d Dep't 2017).

Accordingly, April 12, 2012 as the trigger date for the statute of limitations is irrelevant. The

Bankruptcy Reorganization Plan went into effect on April 12, 2012, however that date had no receptible

affect on decedent  as  a  "general unsecured claim holder" under the Bankruptcy Plan. Because this was a

"prepackaged" bankruptcy reorganization,  resolved in a record 43 days, a "NO BAR DATE" was never

established for the filing of claims against the Debtor; indeed very limited notice was sent to creditors

whose claims were not being affected by the Plan. Claims of General Unsecured Creditors, including

Plaintiffs' claim, under section 4.8 of the Plan were unimpaired in the bankruptcy – meaning that they

would be paid 100% when and if the claim became allowed.  [ECF No. 70-1 at pg 45 C(11)(Ii)] Further, a

plan of reorganization is essentially a new contract between the creditor and the debtor.  The Bankruptcy

Court's discharge injunction only prevented creditors from seeking to collect or enforce their debts in a

manner that is inconsistent with the Plan. Here, because the Plan provided for full payment of claims, the

6

discharge injunction did NOT prevent the Plaintiffs from seeking to liquidate and enforce their claims. Therefore, April 12, 2012 is irrelevant to trigger the statute of limitations. The relevant date would be June 29, 2012, when the Bankruptcy proceeding actually closed. This is because until June 29, 2012, claims could still be made as the proceeding was open. Plaintiffs as stated above initially were unaffected by the Plan going into effect in April 2012 and able to make claims until the closing of the proceeding in June 29, 2012.

The Court in its Order also turned a blind eye to the 2014 date when Captain Meimaris' shares were stolen by Defendants Royce and Blatte. Further, The Court also overlooked the fact that TBS Commercial Group Companies were not closed until as recently as 2018. These were the same companies in which decedent had a 10% shareholder interest in. These dates were mentioned in the record at length. See ECF 79 at 7,9,11,14,16 & ECF 81 at 21, 22, 23 ECF 83 at 12,13 & ECF 116 at 10,12,12,17,19, 20.

These are clear facts which were before the Court, "data" which the Court overlooked, such that should alter the Court's conclusion. *See Berg v. Kelly and Schoolcraft v. City of N.Y. Supra.* Discovery will confirm the accuracy of these dates. As such, Plaintiffs' motion for reconsideration should be granted to correct clear error and prevent manifest injustice. *See Kolel Bet Techiel Mechil v. YLL Irrevoc. TR.*

**C.    The Courts Refusal To Allow Plaintiffs To Amend Their Complaint Is Manifestly Unjust Because Amendment Would Not Be Futile And Therefore Not Subject to the F.R.C.P. 12(b)(6) Reasons For Dismissal**

In *The American Medical Association et al. v. United Healthcare Corporation et al,* Docket Number 00 Civ 2800, 588 F.Supp 2d 432 (S.D.N.Y. 2008) the Court held in its Memorandum Decision and Order that amending Plaintiffs' Third Amended Complaint was not futile. In that case, the Plaintiffs were granted leave to amend their complaint to add additional claims, facts and legal theories. The Court in that case freely granted Plaintiff's request based upon F.R.C.P. 15 (a) which allows a Plaintiff freely to amend their complaint when justice so requires. *See Cortes supra.* Further, a Plaintiff is allowed to amend even if is to plead new legal theories and facts. *See Leaseamerica supra.*

In this case, the Court denied Plaintiffs their right to amend the TAC. The Court stated that amendment would be futile. (ECF 121 at 16). The Court in this respect was erroneous.

The Court mistakenly states that "no additional factual allegations would cure the deficiencies present...and the untimeliness of her claims brought on behalf of the Estate." (ECF 121 at 16). This statement of the Court is patently incorrect. Plaintiff could certainly include additional factual allegations in the fifth cause of action of their TAC which would not only cure any defects, but also more explicitly prove that Defendants Royce and Blatte were not passive participants in the theft of Captain Meimaris' shares, but at its proverbial "helm" spearheading the theft. The Plaintiffs can state additional facts to satisfy the Court that Defendants Royce and Blatte required Mr. Jaime Leroux to give them Captain Meimaris' shares in TBS Ecuador. The Plaintiffs can also show how Mr. Leroux was directly under the authority of Royce and Blatte. Plaintiffs can show that Royce and Blatte's theft of Captain Meimaris' shares were part of the continuous scheme to defraud Captain Meimaris, a scheme which did not end until recently. These facts also support Plaintiffs' claim that the statute of limitations did not begin to run until 2014 since it would prove to the Court that the fifth cause of action included Royce and Blatte not just of the dismissed Defendant Leroux thereby proving 12(b)(6) concerns are moot. *See Point D infra.*

Plaintiffs would also include more factual allegations which would better explain the Company Defendants' role in the wrongdoings in which they were complicit. Including but not limited to, that they had knowledge of all of the  wrongdoings and were complicit.

Cases have been amended even up to trial. In <u>Olaf Soot Design LLC v. Daktronics,</u> 15 Civ. 5024 (RWS) 299 F.Supp 3d 395 (S.D.N.Y. 2017), the Court in its opinion granted Plaintiffs the right to amend, even after the parties had agreed to a particular scheduling order. That Court held that absent undue prejudice and significant delay, Plaintiffs have the right to amend. See *Olaf Opinion supra* relying on *Fresh Del Monte Produce Inc., 304 F.R.D. At 175*. In *The American Medical Association et al. supra,* the Plaintiffs were allowed to amend their third amended complaint to add new legal theories and new counts. In the instant case Plaintiffs simply would like better to describe their factual allegations. Such amendment would not be fatal, rather just the opposite. It would serve the Court better to evaluate the TAC while enabling justice to done. Amendment under 15(a), absent delay or bad motive is permissible even when new theories are plead. *See Leaseamerica supra.* In <u>Gottwald v. Sebert,</u> 2018 NY Slip Op. 32141 (U) the Court granted Plaintiff's request to amend even after the case had been going on for years

on the basis that under F.R.C.P. 15(a)  amendment is liberally given.  Therefore, amendment would not be futile.  It would be unjust in this case to not allow Plaintiffs to amend their complaint as justice would be served without undue delay or prejudice to the Defendants.

For the foregoing reasons, Plaintiffs' motion for reconsideration should be granted to correct clear error and prevent manifest injustice.  See *Kolel Bet Techiel Mechil v. YLL Irrevoc. TR.*

**D.     The Court Should Reconsider The Dismissal Of Plaintiffs' Fifth Cause Of Action As The Court Based Their Judgement on Manifest Error of Fact**

Under F.R.C.P. Rule 59(e) a motion to amend or alter a judgment may be granted if the moving party demonstrates the judgment was based upon a manifest error of law or fact and to prevent manifest injustice.   In the Courts' Memorandum Decision and Order, the Court mistakenly found that the fifth cause of action of Plaintiffs' TAC was only against the dismissed Defendant.   This is patently incorrect.  The TAC clearly explains how dismissed Defendant Leroux transferred the shares to Defendants Royce and Blatte "Mr. Leroux facilitated the transfer of Captain Meimaris' shares to Mr. Royce and Mr. Blatte" (ECF 62 par 132). The TAC goes on further to state "Mr. Leroux not only knew about Captain Meimaris' shares being stoles from him by Mr, Royce and Mr. Blatte, but Mr. Leroux helped to effectuate the transfer" (ECF 62 par. 135). The TAC further names all of the Defendants liable for fraud and breach of fiduciary duty. (ECF at pars.138,139). These points must be deemed true for the purposes of the Motion as they are clearly stated in the TAC.

Plaintiffs have been contending that this cause of action is against Defendants Royce and Blatte in all of their Court submissions. The theft of decedents' Ecuador shares was a major act by these Defendants.   It is an act which hurt Plaintiffs even more than other acts as it happened after Captain Meimaris died.   The greed, deception and mean spiritedness of these Defendants was unbounded. The fifth cause of action obviously involved these two Defendants, as well as dismissed Defendant Leroux.

In this case, the criteria are  met to grant the within motion for reconsideration.  The fifth cause of action was always intended to be against Defendants Royce and Blatte  making them liable for the theft of the shares, however, the court erroneously overlooked these facts.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for

reconsideration in order to correct error and prevent manifest injustice.

**E.      Plaintiffs Request That The Court Grant Plaintiffs Motion To Reconsider Permitting New Information To Be Added To Plaintiffs Case**

In granting a motion for reconsideration, the Court may consider newly discovered evidence or information under F.R.C.P. 59(e).   Plaintiffs respectfully request that the Court consider that the Estate only learned of the wrongdoings in December of 2017.  That is, when Plaintiff Helen Meimaris learned of the theft of her husband Captain Meimaris' TBS Ecuador shares she was not previously aware of all of the other wrongdoings of the Defendants.  As Executor of her husbands Estate, she only came to know of his Affidavit in December of 2017. (Exhibit A) Having found it when she was going through his belongings. Plaintiffs are aware that the Court has broad discretion when viewing new information and evidence.  It is Plaintiffs' hope that the Court will favorably consider this new information in favor of Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that the Court grants their motion for reconsideration and also requests that the Court considers  new information to be added to Plaintiffs case. Plaintiffs do not want another bite of the "proverbial" apple, they only want that justice to be served.

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for reconsideration of the issues of statute of limitations, amendment of their complaint, recognition of Defendants Royce and Blatte as being named in their fifth cause of action as part of that cause of action and the new information regarding when the Estate learned of most of the wrongdoings.

Plaintiffs have presented many errors of interpretation of facts as well as facts which the court overlooked, such that would compel and bring about a different result. As such, and in the interest of preventing manifest injustice, Plaintiffs respectfully request that this Court should grant Plaintiffs' motion for reconsideration.

Dated:        October 9, 2019

Respectfully submitted,
/s/ Alkistis G. Meimaris___
Alkistis G. Meimaris
Admitted pro hac vice
240 Fifth Avenue, Suite M250
New York, New York 10001
(201) 615 3220
Email:  **alkistism@aol.com**