**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

HELEN MEIMARIS, *on behalf of herself and as Executrix and Legal Representative of the Estate of Alkiviades Meimaris*,

                        Plaintiff,

      -against-

JOSEPH E. ROYCE, TULIO PRIETO, LAWRENCE A. BLATTE, TBS SHIPPING SERVICES INC., and GUARDIAN NAVIGATION,

                        Defendants.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 5 2021

MEMORANDUM DECISION AND ORDER

18 Civ. 4363 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Helen Meimaris, on behalf of herself and as executrix and legal representative of the Estate of her late husband Alkiviades Meimaris ("Decedent"), moves for reconsideration of this Court's decision adopting Magistrate Judge Barbara C. Moses's August 20, 2019 Report and Recommendation and granting Defendants' motion to dismiss Plaintiff's third amended complaint in its entirety. (Notice of Mot. for Recons. Pursuant to Local Rule 6.3 and Fed. R. Civ. P. 59(e), ECF No. 123.) Specifically, this Court determined that (1) Plaintiff lacks standing to sue in her individual capacity; (2) the fifth cause of action charges only a previously dismissed defendant; and (3) the remaining claims that Plaintiff asserts as executrix of the Estate are all time-barred under New York's six-year statute of limitations. (Mem. Decision and Order, ECF 121, at 9.)

      Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Plaintiff raises no matter that this Court overlooked. Instead, Plaintiff simply argues that this Court incorrectly determined the date of accrual for the claims at issue and improperly found that the fifth cause of action was only brought against a previously dismissed defendant. Plaintiff inappropriately attempts a so-called third bite at the apple, recycling the same arguments presented to Magistrate Judge Moses and this Court twice before. Plaintiff also requests that this Court consider "newly discovered evidence" that Plaintiff only learned of the relevant wrongdoings in 2017, in an apparent attempt to salvage her untimely claims. Such evidence, on its face, is not "newly discovered." It is also irrelevant. Plaintiff, as this Court determined, has no standing to pursue her individual claims and, as to her claims brought as executrix of the Decedent's Estate, the relevant inquiry is when the Decedent discovered the claims, which this Court already determined to be November 2013, at the latest. Finally, Plaintiff's contention that this Court erred in denying her yet another opportunity to amend her complaint is unsubstantiated and unavailing.

Plaintiff's motion for reconsideration, (ECF No. 123), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
April 5, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge